**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| ASBESTOS CORPORATION LIMITED,[1] | ) | Case No. 25-10934(mg) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

## TEMPORARY RESTRAINING ORDER

Upon the *Motion for (I) Ex Parte Emergency Relief and (II) Provisional Relief Pursuant to 11 U.S.C. §§ 1519, 362 and 105(a)* (the "**Motion**")[2] filed on behalf of Raymond Chabot Inc., in its capacity as the duly appointed monitor and authorized foreign representative (in such capacities, the "**Monitor**" or "**Petitioner**") of the above-captioned debtor, Asbestos Corporation Limited (the "**Debtor**" or "**ACL**") which is the subject of the proceeding (the "**CCAA Proceeding**") commenced under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "**CCAA**") currently pending before the Québec Superior Court of Justice (Commercial List) (the "**Canadian Court**"); and upon consideration of the Verified Petition, the Chaaban Declaration, and the Tardif Declaration; and the Court having found cause for *ex parte* action and for the relief requested in the Motion pursuant to Rule 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York; it is **HEREBY FOUND AND DETERMINED THAT**:[3]

A.     The Petitioner has demonstrated a reasonable probability that the CCAA Proceeding will be recognized as a foreign main proceeding pursuant to sections 1502(4) and 1517(b)(1) of the

---

[1] The Debtor in this chapter 15 case, along with its unique identifier, is Asbestos Corporation Limited (Canadian Federal Business Number: 104903273RC0001). The Debtor has a registered and business address in Canada of 840 Boul. Ouellet, Thetford Mines, QC G6G 7A5, Canada.

[2] Capitalized terms not otherwise defined herein shall carry the meanings ascribed to them in the Motion.

[3] To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

Bankruptcy Code, or, in the alternative, as a foreign nonmain proceeding under sections 1502(5) and 1517(b)(2) of the Bankruptcy Code.

B.      The Petitioner has demonstrated that, in the absence of the Requested Relief, the Petitioner, the Debtor, its creditors, and other parties in interest will suffer immediate and irreparable harm for which they will have no adequate remedy at law, and therefore it is necessary that the Court grant the relief requested without prior notice to parties in interest or their counsel.

C.      The Petitioner has demonstrated that the Requested Relief is urgently needed and will neither cause an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of this restraining order.

D.      The interest of the public will be served by this Court's granting of the Requested Relief.

E.      The Requested Relief is in the best interests of the Debtor, its creditors, and other parties in interest.

F.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, as well as the *Amended Standing Order of Reference dated January 31, 2012*, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

G.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

H.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1409 and 1410.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      Section 362 of the Bankruptcy Code applies with respect to the Stay Parties and their U.S. Interests; for the avoidance of doubt, the stay will operate to stay and restrain all persons

and entities, other than the Petitioner and its representative and agents, from, to the extent related to the Debtor:

(i)   commencing or continuing any suit, action, or proceeding against the Stay Parties or their U.S. Interests;

(ii)  seizing, attaching, enforcing, or executing any judicial, quasi-judicial, administrative or monetary judgment, assessment or order or arbitration award against the Petitioner (in its capacity as the Monitor or Foreign Representative of the Debtor), the Stay Parties or their U.S. Interests;

(iii) commencing or continuing any action or proceeding in the United States to create, perfect or enforce any lien, setoff or other claim against the Petitioner (in its capacity as the Monitor or Foreign Representative of the Debtor), the Stay Parties or their U.S. Interests unless otherwise expressly permitted by the Canadian Orders;

(iv) seeking the issuance of or issuing any restraining notice or other process of encumbrance with respect to the Petitioner (in its capacity as the Monitor or Foreign Representative of the Debtor), the Stay Parties or their U.S. Interests unless otherwise expressly permitted by the Canadian Orders; and

(v)  administering, exercising control over, transferring, encumbering, relinquishing or otherwise using, disposing of, or interfering with any of the Stay Parties' U.S. Interests or agreements in the United

States (if any) without the express consent of the Petitioner or as permitted by the Canadian Orders.

2.      The Petitioner is hereby recognized as the Foreign Representative of the Debtor and shall have the rights and protections to which the Foreign Representative is entitled under chapter 15 of the Bankruptcy Code, including, but not limited to, the protections limiting the jurisdiction of United States Courts over the Foreign Representative in accordance with section 1510 of the Bankruptcy Code and the granting of additional relief in accordance with section 1519 of the Bankruptcy Code.

3.      Pursuant to Bankruptcy Code section 1519(a)(2), the Foreign Representative, on behalf of the Debtor, is authorized to possess and control, and be entrusted with the exclusive control and administration of, the Debtor's U.S. Interests.

4.      All rights and remedies of any person or entity, whether judicial or extrajudicial, statutory or non-statutory, against or in respect of any or all of the Stay Parties or the Petitioner or affecting the Stay Parties' U.S. Interests are hereby stayed and suspended except with the written consent of the applicable Stay Party and Petitioner, or leave of this Court; provided that nothing in this Order shall: (i) enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding; (ii) empower the Stay Parties to carry on any business for which they are not lawfully entitled to carry on; or (iii) exempt the Stay Parties from compliance with statutory or regulatory provisions relating to health, safety, or the environment.

5.      No person or entity shall discontinue, fail to honor, alter, interfere with, suspend, withdraw, accelerate, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, license or permit in favor of or held by the Stay Parties or in connection with any of the Stay Parties' property, except with the written consent of the applicable Stay Party and the

Petitioner, or leave of the Canadian Court, or unless such contract, agreement or license expired by its own terms without acceleration or declaration of a default.

6.      The security provisions of Rule 65(c) of the Federal Rules of Civil Procedure, made applicable to this case by Bankruptcy Rule 7065, are inapplicable to the relief sought and granted herein.

7.      This Order is without prejudice to the right of the Petitioner to seek additional relief under applicable provisions of the Bankruptcy Code including, without limitation, section 1519, 362, or 105(a) of the Bankruptcy Code and without prejudice to the right of the Debtor to seek any remedy or to pursue any further relief.

8.      Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Petitioner is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Petitioner is authorized and empowered, and may, in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

9.      All parties in interest wishing to be heard shall come before the Honorable Chief Judge Martin Glenn, United States Bankruptcy Judge, at 10 a.m. (Eastern) on May 19, 2025, at Courtroom No. 5 2 3 , United States Bankruptcy Court, One Bowling Green, New York, New York 10004 (the "**Hearing**"), to show cause why the Provisional Relief Order extending the stay relief granted in this Order beginning on the date the Court enters such Provisional Relief Order and continuing for so long as the stay imposed in the CCAA Proceeding remains in effect in respect of the Petitioner, the Stay Parties and their property to the fullest extent possible under section 362(a) of the Bankruptcy Code should not be granted.

10.     Objections, if any, may be submitted in writing, for the purpose of opposing the Petitioners' request for a Provisional Relief Order and must be filed, if at all, by May 14, 2025, at 4:00 p.m. (Eastern) on Michael Trentin, Esq., Orrick, Herrington & Sutcliffe LLP, 51 West 52nd Street, New York, New York 10019 (email: ACLChapter15_OHS@orrick.com), counsel to the Petitioner. The Petitioner may file a reply in support of the Requested Relief by Friday, May 16, 2025, at 4 p.m. (Eastern). In the event that no response or objection is filed, the Court may consider the entry of the Provisional Relief Order without a hearing.

11.     This Court retains jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Order, its implementation or otherwise arising from or related to this case.

12.     The Petitioner is hereby authorized and empowered to take any action or perform any act necessary to implement and effectuate the terms of this Order.

13.     This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

[*Remainder of the page intentionally left blank.*]

14.    Notice of the entry of this Order and supporting documents shall be served on May 8, 2025 by (i) overnight delivery on the Notice Parties (as defined in the *Application by Foreign Representative for Order (I) Scheduling Hearing on Verified Petition of Asbestos Corporation Limited and Motion for Recognition and (II) Specifying Form and Manner of Service and Notice*, filed contemporaneously with this Motion), which shall constitute adequate and sufficient service and notice.

**IT IS SO ORDERED.**

Dated:  May 6, 2025
           New York, New York

**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge
