UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 15 |
| Asbestos Corporation Limited,[1] | ) Case No. 25-10934 (MG) |
| Debtor in a Foreign Proceeding. | ) |

**ORDER (I) RECOGNIZING THE CCAA PROCEEDING OF
ASBESTOS CORPORATION LIMITED AS A FOREIGN MAIN
PROCEEDING AND (II) GRANTING RELATED RELIEF**

Upon the Verified Petition[2] of Raymond Chabot Inc. in its capacity as the monitor (the "**Monitor**") of Asbestos Corporation Limited ("**ACL**" or the "**Debtor**") for entry of an order (the "**Order**"), after notice and a hearing, granting recognition of the CCAA Proceeding as a foreign main proceeding or, in the alternative, as a foreign nonmain proceeding; and upon consideration of the Verified Petition and all pleadings related thereto, including the Chaaban Declaration; and the Court finding that: (a) the Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper before this Court pursuant to 28 U.S.C. § 1410, (c) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (d) notice of the Verified Petition was due and proper under the circumstances and no further or other notice need be given; and a hearing having been held to consider the relief requested in the Verified Petition on October 8, 2025 and upon the record of the hearings and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Verified Petition is consistent with the

---

[1] The Debtor in this chapter 15 case, along with its unique identifier, is Asbestos Corporation Limited (Canadian Federal Business Number: 104903273RC0001). The Debtor has a registered and business address in Canada of 840 Boul. Ouellet, Thetford Mines, QC G6G 7A5, Canada.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed such terms in the Verified Petition.

purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Verified Petition establish just cause for the relief granted herein; and it appearing that the relief requested in the Verified Petition is in the best interest of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor, the Court additionally finds and concludes that:

A. The Debtor has "property" in the United States and is therefore eligible for chapter 15 relief under section 109(a) of the Bankruptcy Code.

B. The Debtor's Chapter 15 Case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

C. The Verified Petition filed by the Debtor on the Petition Date meets each of the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4) (subject to certain relief requested in the concurrently filed Motion for Provisional Relief).

D. The Monitor is a person within the meaning of section 101(41) of the Bankruptcy Code and is the duly appointed foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

E. The CCAA Proceeding is a foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code.

F. The CCAA Proceeding is entitled to recognition by this Court pursuant to section 1517(a) of the Bankruptcy Code.

G. The CCAA Proceeding is pending in Canada, which is the location of the Debtor's center of main interests, and, as such, is a foreign main proceeding pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

2

H.      The Monitor and the Debtor are entitled to all the relief provided pursuant to section 1520 of the Bankruptcy Code.

I.      The Monitor is entitled to the relief expressly set forth in 11 U.S.C. §§ 1521(a) and (b) that is granted hereby.

J.      The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to sections 105(a), 1507(a), 1509(b)(2)-(3), 1520, 1521 and 1525 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of granting relief.

K.      Absent the relief granted hereby, the Debtor and Stay Parties (defined below) may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings against the Debtor or the Debtor's property, thereby interfering with and causing harm to, the Debtor, its creditors, and other parties in interest in the CCAA Proceeding and, as a result, the Debtor, its creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

L.      Absent the requested relief, the efforts of the Debtor, the Canadian Court and the Monitor in conducting the CCAA Proceeding and effecting the proposed restructuring of the Debtor may be thwarted by the actions of certain creditors, a result that is antithetical to the purposes of chapter 15 as reflected in section 1501(a) of the Bankruptcy Code.

M.      Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) confers material benefits on, and is in the best interests of, the Debtor and its creditors, including without limitation the creditors in the CCAA Proceeding, and (iii) is important to the overall objectives of the CCAA Proceeding.

N.  The interest of the public will be served by this Court's granting of the relief requested by the Monitor.

**NOW, THEREFORE, IT IS HEREBY:**

ORDERED, that the Verified Petition is GRANTED; and it is further

ORDERED, that the CCAA Proceeding is hereby recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code; and it is further

ORDERED, that all provisions of section 1520 of the Bankruptcy Code apply in this Chapter 15 Case, including, without limitation, the stay under section 362 of the Bankruptcy Code throughout the duration of this Chapter 15 Case or until otherwise ordered by this Court; and it is further

ORDERED, that the Foreign Representative, on behalf of the Debtor, is authorized to possess and control, and be entrusted with the exclusive control and administration, of all of the Debtor's (i) property and the proceeds thereof, if any, located within the territorial jurisdiction of the United States, as further defined in 11 U.S.C. § 1502(8), including the London Policies (to the extent that the London Policies or the proceeds thereof are deemed to be property of the Debtor in the territorial jurisdiction of the United States); and (ii) rights, obligations and responsibilities in the United States (clauses (i) and (ii), collectively, the "**U.S. Interests**");

ORDERED, that Section 362 of the Bankruptcy Code applies with respect to the Stay Parties (defined below) and their U.S. Interests; for the avoidance of doubt, the stay will operate to stay and restrain all persons and entities, other than the Foreign Representative and its agents, from:

a)  commencing or continuing any Stayed Actions (as defined in the Motion for Provisional Relief) with respect to the Debtor or its officers and directors and/or

4

their U.S. Interests, CLMI, its third party claims administrator Resolute, any other insurers (including those insurers listed on **Schedule A** to this Order), any third party claims administrators of such other insurers, and General Dynamics Corporation and its current affiliates and subsidiaries that are insured under the London Policies (collectively with the Debtor, the "**Stay Parties**"), and/or with respect to the Stay Parties' U.S. Interests, commencing or continuing any Stayed Actions related to the Debtor;

b) seizing, attaching, enforcing, or executing any judicial, quasi-judicial, administrative or monetary judgment, assessment or order or arbitration award, to the extent related to the Debtor, against the Monitor (in its capacity as the Monitor or foreign representative of the Debtor), the Stay Parties, their U.S. Interests or the proceeds thereof;

c) commencing or continuing any action or proceeding in the United States to create, perfect or enforce any lien, setoff or other claim, to the extent related to the Debtor, against the Monitor (in its capacity as the Monitor or foreign representative of the Debtor), the Stay Parties, their U.S. Interests or the proceeds thereof unless otherwise expressly permitted by the Canadian Orders (as defined in the Motion for Provisional Relief);

d) seeking the issuance of or issuing any restraining notice or other process of encumbrance, to the extent related to the Debtor, with respect to the Monitor (in its capacity as the Monitor or foreign representative of the Debtor), the Stay Parties or their U.S. Interests thereof unless otherwise expressly permitted by the Canadian Orders; and

  e) transferring, encumbering, relinquishing or otherwise disposing of or interfering with any of the Stay Parties or their U.S. Interests or agreements in the United States (if any), to the extent related to the Debtor, without the express consent of the Monitor or as permitted by the Canadian Order;

and it is further

  ORDERED, that notice of entry of this Order, shall be served in accordance with this Court's *Order (I) Scheduling Hearing on Verified Petition of Asbestos Corporation Limited (II) Specifying Deadline for Filing Objections and (III) Specifying Form and Manner of Service of Notice*, dated May 7, 2025 (the "**Notice Order**") within three (3) days of its entry by the Court. Service in accordance with the Notice Order constitutes adequate and sufficient service and notice; and it is further

  ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

  ORDERED, that the Monitor and the Debtor are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order;

  ORDERED, that the Monitor and the Debtor are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

  ORDERED, that the Monitor, Debtor and/or each of their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October 30, 2025
      New York, New York

                                                  /s/Martin Glenn
                                           MARTIN GLENN
                                   Chief United States Bankruptcy Judge

**Schedule A**

1. ACCREDITED INSURANCE (EUROPE) LIMITED (AS SUCCESSOR IN INTEREST TO BALTICA-SKANDINAVIA INSURANCE COMPANY)

2. AGEAS INSURANCE LIMITED

3. AGF INTERNATIONAL

4. AMERICAN HOME ASSURANCE COMPANY

5. ARGONAUT NORTHWEST INSURANCE COMPANY

6. ASSICURAZIONI GENERAL! S.P.A.UK BRANCH

7. AXA BELGIUM SA

8. AXA GLOBAL RISKS PREVIOUSLY AVIA FRANCE

9. AXA INSURANCE PLC

10. AXA INSURANCE UK PLC

11. AXA LIABILITIES MANAGERS UK

12. BALOISE INSURANCE UIVIITED, BOTHNIA INTERNATIONAL INSURANCE COMPANY LTD,LA PRESERVATRICE CA D'ASSURANCES

13. BRITAMCO POOL

14. BRITISH AVIATION INSURANCE COMPANY LIMITED

15. BRITISH RESERVE INSURANCE COMPANY LIMITED

16. CAVELLO BAY REINSURANCE LIMITED (AS SUCCESSOR BY MERGER TO HARPER INSURANCE LTD F/K/A TUREGUM INS CO; AND AS SUCCESSOR IN INTEREST TO BRITTANY INSURANCE COMPANY LIMITED

17. CATALINA WORTHING INSURANCE LTD F/K/A HFPI (AS PART VII TRANSFEREE OF (EXCESS INSURANCE COMPANY LTD AND/OR LONDON & EDINBURGH INSURANCE COMPANY LTD AS SUCCESSOR TO LONDON & EDINBURGH GENERAL INSURANCE COMPANY LTD))

18. CIGNA INSURANCE COMPANY OF EUROPE

19. COMPAGNIE D'ASSURANCES MARITIMES AERIENNES ET TERRESTRES

20. COMPANHIA DE SEGUROS IMPERIO S.A.

21. DARAG DEUTSCHLAND AG, FORMERLY KNOWN AS DARAG DEUTSCHE VERSICHERUNGS-UND RUCKVERSICHERUNGS-AG, AS SUCCESSOR IN INTEREST TO AG INSURANCE SA/NV, FORMERLY KNOWN AS AG DE 1830 COMPAGNIE BELGE

22. EAGLE STAR INSURANCE COMPANY LIMITED

23. ECONOMIC INSURANCE COMPANY LIMITED, NORWICH

24. EIFLOW INSURANCE LTD, AS SUCCESSOR IN INTEREST TO ICAROM PLC (FORMERLY THE INSURANCE CORPORATION OF IRELAND PLC)

25. GENERAL FRANCE ASSURANCES

26. GUARDIAN ROYAL EXCHANGE ASSURANCE PLC

27. HARTFORD FINANCIAL PRODUCTS INTERNATIONAL LTD AS PART VII TRANSFEREE OF LONDON & EDINBURGH INS CO LTD PER THE CF&AU POOL

28. HIDI GLOBAL SPECIALTY SE (FORMERLY KNOWN AS INTERNATIONAL INSURANCE COMPANY or HANNOVER SE)

29. HELVETIA ACCIDENT SWISS INSURANCE COMPANY, ALLIANZ SUISSE INSURANCE COMPANY (FKA--", HELVETIA-ACCIDENT SWISS INSURANCE COMPANY FKA GEN INS CO HELVETIA LTD)

30. HELVETIA SWISS INSURANCE COMPANY (FKA ALBA GENERAL INSURANCE COMPANY LIMITED), ALLIANZ SUISSE INSURANCE COMPANY (FKA HELVETIA-ACCIDENT SWISS INSURANCE COMPANY), COMPANHIA DE SEGUROS FIDELIDADE SA (FKA FIDELIDADE INSURANCE COMPANY OF LISBON)

31. INSURANCE COMPANY OF NORTH AMERICA LIMITED

32. INSURANCE COMPANY OF NORTH AMERICA (UK) LIMITED

33. LA PRESERVATRICE CA DASSURANCES A.I.R.D. PER LENNOX

34. LOMBARD CONTINENTAL INSURANCE PLC

35. LOMBARD ELIZABETHAN INSURANCE PLC

36. LOMBARD INSURANCE COMPANY LIMITED

37. LOMBARD INSURANCE COMPANY (UK) LIMITED

38. LONDON AVIATION INSURANCE GROUP

39. MAAS LLOYD NV SCI ADEVERZEKERINGSMAATSCHAPPIJ

40. MERCANTILE INDEMNITY COMPANY LIMTIED (AS SUCCESSOR IN INTEREST TO; i) ALLIANCE ASSURANCE COMPANY LIMITED (AVIATION); ii) BRITISH FIRE INSURANCE COMPANY LIMITED; BRITISH LAW INSURANCE COMPANY LIMITED; iv) LONDON & LANCASHIRE INSURANCE COMPANY LIMITED; v) NORTHERN MARITIME INSURANCE COMPANY LIMITED; vi) PHOENIX ASSURANCE PUBLIC LIMITED COMPANY; AND vii) ROYAL INSURANCE PLC)

41. NATIONAL CASUALTY COMPANY

42. NATIONAL CASUALTY COMPANY OF AMERICA LIMITED

43. NATIONAL CONTINENTAL INSURANCE COMPANY

44. PORTMAN INSURANCE LTD

45. QBE INSURANCE COMPANY (UK) LIMITED

46. RIVERSTONE INSURANCE (UK) LIMITED (AS SUCCESSOR IN INTEREST TO EAGLE STAR INSURANCE COMPANY LTD)

47. RIVERSTONE INSURANCE (UK) LIMITED (AS SUCCESSOR IN INTEREST TO IRON TRADES INSURANCE COMPANY LTD)

48. RIVERSTONE INSURANCE (UK) LIMITED (AS SUCCESSOR IN INTEREST TO SKANDIA UK INSURANCE PLC FOR THEIR PARTICIPATION IN THE ORION POOL)

49. RIVERSTONE INSURANCE (UK) LIMITED (AS SUCCESSOR IN INTERES 1"1 O SPHERE DRAKE INSURANCE LTD)

50. RIVER THAMES INSURANCE COMPANY LIMITED (ON ITS OWN BEHALF AND AS SUCCESSOR IN INTEREST TO; i) UNIONAIVIERICA INSURANCE COMPANY LIMITED, WHICH IN TURN IS SUCCESSOR TO CERTAIN BUSINESS OF ST. [KATHERINE INSURANCE COMPANY PLC; ii) SOUTHERN INSURANCE COMPANY LIMITED; SUMITOMO MARINE AND FIRE INSURANCE COMPANY, LIMITED; AND iv) MARLON INSURANCE COMPANY LIMITED, WHICH IN TURN IS SUCCESSOR TO VESTA (UK) INSURANCE COMPANY LIMITED)

51. ROYAL EXCHANGE ASSURANCE

52. SUECIA RE & MARINE INSURANCE COMPANY LIMITED (FORMERLY HANSA RE & MARINE INSURANCE COMPANY (UK) LIMITED AND HANSA MARINE INSURANCE COMPANY (UK) LIMITED)

53. SWISS RE SPECIALTY (UK) LIMITED FORMERLY KNOWN AS THREADNEEDLE INSURANCE COMPANY LTD

54. THE ANGLO SAXON INSURANCE ASSOCIATION

55. THE BALOISE INSURANCE COMPANY LIMITED

56. IHE BRITISH AVIATION INSURANCE COMPANY LIMITED

57. THE DOMINION INSURANCE COMPANY LIMITED

58. THE HOME INSURANCE COMPANY

59. UMA POOL, THE WORLD MARINE & GENERAL INSURANCE COMPANY LTD, THE ROYAL SCOTTISH INSURANCE COMPANY LTD, TRENT INSURANCE COMPANY LTD

60. UNION ASSURANCE DE PARIS

61. WAIG

62. WAIG 3141/05 POOL

63. EVANSTON INSURANCE COMPANY

64. EVEREST REINSURANCE COMPANY (F/K/A PRUDENTIAL REINSURANCE COMPANY)

65. FIRST STATE INSURANCE COMPANY

66. HARTFORD ACCIDENT AND INDEMNITY COMPANY

67. NEW ENGLAND REINSURANCE CORPORATION

68. THE NORTH RIVER INSURANCE COMPANY

69. TIG INSURANCE COMPANY (SUCCESSOR BY MERGERS TO INTERNATIONAL SURPLUS LINES INSURANCE COMPANY, INTERNATIONAL INSURANCE COMPANY AND MT. MCKINLEY INSURANCE (F/K/A GIBRALTAR CASUALTY COMPANY))

70. UNITED STATES FIRE INSURANCE COMPANY