**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 15 |
| | ) | |
| Asbestos Corporation Limited, | ) | Case No. 25-10934 (MG) |
| | ) | |
| Debtor in a Foreign Proceeding.[1] | ) | |
| | ) | |

### ORDER RESTATING AND ENFORCING THE BANKRUPTCY STAY

Upon the *Joint Motion of the Foreign Representative and CLMI for an Order Restating and Enforcing the Stay Provisions of This Court's October 30, 2025 Recognition Order* (the "Motion")[2] filed on behalf of Raymond Chabot Inc. in its capacity as the monitor (the "Monitor") and duly appointed foreign representative ("Foreign Representative") of Asbestos Corporation Limited ("ACL" or the "Debtor"), and Certain Underwriters at Lloyd's, London and certain London market insurance companies ("CLMI," and together with the Foreign Representative, the "Movants");[3] and it appearing that this Court has jurisdiction to consider the Motion pursuant to sections 157 and 1334 of title 28 of the United States Code, and the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11,* 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.); and upon consideration of the Motion,

---

[1] The Debtor in this chapter 15 case, along with its unique identifier, is Asbestos Corporation Limited (Canadian Federal Business Number: 104903273RC0001). The Debtor has a registered and business address in Canada of 840 Boul. Ouellet, Thetford Mines, QC G6G 7A5, Canada.

[2] Capitalized terms not otherwise defined herein shall carry the meanings ascribed to them in the Motion.

[3] Certain London market insurance companies consist of: The Scottish Lion Insurance Company Ltd.; Tenecom Ltd. (as successor to Winterthur Swiss Insurance Company formerly known as Accident & Casualty Insurance Company of Winterthur, Switzerland), Yasuda Fire and Marine Insurance Company (UK) Limited and now known as Tenecom Ltd; The Ocean Marine Insurance Company Limited (as successor to liabilities of Commercial Union Assurance Company Limited, The Edinburgh Assurance Company, The Indemnity Marine Assurance Company Limited, The Northern Assurance Company Limited, The Road Transport & General Insurance Company Limited, United Scottish Insurance Company Limited, and The Victoria Insurance Company Limited); and NRG Victory Reinsurance Limited as successor to liabilities of New London Reinsurance Company Limited.

the King Declaration and the statements of counsel at a hearing before this Court on April 27, 2025

(the "Hearing"); and appropriate notice of the Motion and the Hearing having been given, and no

other or further notice being necessary or required; and the Court having found good cause for the

relief requested in the Motion; it is **HEREBY ORDERED FOUND AND DETERMINED**

**THAT:**

A.    The findings and conclusions set forth herein constitute this Court's findings of fact

and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To

the extent any of the following findings of fact constitute conclusions of law, they are adopted as

such.  To the extent any of the following conclusions of law constitute findings of fact, they are

adopted as such.

B.    The Bankruptcy Stay bars the continuation of any proceedings against the Debtor

or any of the Stay Parties (as defined in the Recognition Order), including CLMI and Resolute.

C.    Any further activity in the *Berley* or *Jenkins* proceedings, including the issuance or

enforcement of any order directing any payment to claimants in connection with those

proceedings, or the making of any such payment, is a violation of the Bankruptcy Stay; provided

that this Court makes no ruling at this time regarding the *Berley* Settlement Funds currently held

in trust by Maune Raichle, and that, only upon and with the written consent of CLMI and the

Monitor, or as ordered by this Court following further briefing and argument, if necessary, the

Motion Notice Parties may take further action to obtain approval to disburse the *Berley* Settlement

Funds.

D.    The insurance assets of the Debtor, to the extent located within the territorial

jurisdiction of the United States are subject to the jurisdiction of this Court, and the exclusive

control and administration of the Foreign Representative, on behalf of the Debtor.  Any action by any person or court to obtain possession of, or to exercise control over such assets, is a violation of the Bankruptcy Stay.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      Movants are hereby authorized and empowered to take any action or perform any act necessary to implement and effectuate the terms of this Order.

3.      This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

4.      Copies of this order shall be served upon the Motion Notice Parties.  After such service, any act by any of the Motion Notice Parties that violates or contravenes this Order shall be deemed to be a willful violation of the Bankruptcy Stay.

5.      The rights of all parties-in-interest to move this Court for relief from the Bankruptcy Stay, in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, are preserved.

6.      The Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

Dated:  April 29, 2026
            New York, New York

_____/s/ Martin Glenn_____
MARTIN GLENN
Chief United States Bankruptcy Judge
