SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000 Telephone
(212) 455-2502 Facsimile
Alan C. Turner
David R. Zylberberg
Joshua C. Polster

*Counsel to Certain Underwriters at Lloyd's,
London and certain London market insurance
companies*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| Asbestos Corporation Limited,[1] | ) | Case No. 25-10934 (MG) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

**CLMI'S MOTION FOR AN ORDER ENFORCING THE BANKRUPTCY STAY**

Certain Underwriters at Lloyd's, London and certain London market insurance companies ("CLMI"),[2] by and through their undersigned counsel, respectfully submit this motion (the "Motion") seeking entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), to enforce the stay provisions (the "Bankruptcy Stay") in this Court's October 30, 2025 Order (I) Recognizing the CCAA Proceeding of Asbestos Corporation Limited as a

---

[1] The Debtor in this chapter 15 case, along with its unique identifier, is Asbestos Corporation Limited (Canadian Federal Business Number: 104903273RC0001). The Debtor has a registered and business address in Canada of 840 Boul. Ouellet, Thetford Mines, QC G6G 7A5, Canada.

[2] Certain London market insurance companies consist of: The Scottish Lion Insurance Company Ltd.; Tenecom Ltd. (as successor to Winterthur Swiss Insurance Company formerly known as Accident & Casualty Insurance Company of Winterthur, Switzerland), Yasuda Fire and Marine Insurance Company (UK) Limited and now known as Tenecom Ltd; The Ocean Marine Insurance Company Limited (as successor to liabilities of Commercial Union Assurance Company Limited, The Edinburgh Assurance Company, The Indemnity Marine Assurance Company Limited, The Northern Assurance Company Limited, The Road Transport & General Insurance Company Limited, United Scottish Insurance Company Limited, and The Victoria Insurance Company Limited); and NRG Victory Reinsurance Limited as successor to liabilities of New London Reinsurance Company Limited.

Foreign Main Proceeding and (II) Granting Related Relief (the "Recognition Order") (Dkt. No. 142) and in this Court's April 29, 2026 Order Restating and Enforcing the Bankruptcy Stay (the "Stay Order") (Dkt. No. 176) against further proceedings in the South Carolina Court of Common Pleas in the Fifth Judicial Circuit (the "South Carolina Court") in the *Berley* and *Jenkins* proceedings[3] other than approval of the *Berley* settlement and disbursement of the *Berley* Settlement Funds.

CLMI respectfully represent to the Court as follows:[4]

## PRELIMINARY STATEMENT

1.     Relief enforcing the Bankruptcy Stay is required because the South Carolina Court is not abiding by the Bankruptcy Stay.

2.     Specifically, the South Carolina Court has scheduled a hearing for May 12, 2026, at 9:30 a.m. ET, in the stayed *Berley* and *Jenkins* proceedings to "examine the circumstances surrounding the obtaining of releases" in favor of the Debtor, ACL, and has ordered that Melissa King, the Resolute claims employee who attended the *Jenkins* mediation on behalf of CLMI and who was involved in responding to notice of the *Berley* settlement, appear for questioning by the Court at the hearing so Justice Toal can "make a record of what occurred." Counsel for CLMI and Resolute have also been ordered to attend. *See* Exhibits B, C, and G attached hereto. The South Carolina Court has made clear its intent to "get to the bottom of" whether the Debtor and

---

[3] The "*Berley* proceeding" means the case captioned *Peggy B. Berley, Individually and as Personal Representative of the Estate of Billy G. Berley, Deceased v. Aecom Energy & Construction, Inc., et al.*, CA No. 2023-CP-40-02840, pending in the South Carolina Court of Common Pleas in the Fifth Judicial Circuit. The "*Jenkins* proceeding" means the case captioned *Shirley A. Jenkins, Individually and as Personal Representative of the Estate of Sam Jenkins, Jr., Deceased v. Asbestos Corporation Ltd., et al.*, CA No. 2024-CP-40-04703, pending in the South Carolina Court of Common Pleas in the Fifth Judicial Circuit.

[4] Terms not defined herein have the meaning ascribed to them in the Motion for (I) *Ex Parte* Emergency Relief and (II) Provisional Relief Pursuant to 11 U.S.C. §§ 1519, 362 and 105(a) (Dkt. No. 9).

CLMI "procured a settlement … at a time when they knew they were going to [commence a] bankruptcy…"  *See* April 17 Hearing Transcript (Dkt. No. 166-3) at 44:3-11.

3.    Conducting a hearing to "examine the circumstances" relating to CLMI's prepetition efforts to settle the *Berley* and *Jenkins* proceedings on behalf of the Debtor, and requiring an employee of Resolute, CLMI's third party claims administrator, to attend that hearing and submit to the South Carolina Court's questioning so that Court can "make a record," is a continuation of those prepetition actions and is barred by the Bankruptcy Stay.   It disregards this Court's Recognition Order as well as the Stay Order entered on April 29, 2026, which makes crystal clear that further proceedings in *Berley* and *Jenkins*—other than actions taken by plaintiff's counsel with the written consent of CLMI and the Monitor, or as ordered by this Court, to obtain approval to disburse the funds currently held in trust by Maune Raichle (the "*Berley* Settlement Funds")—are barred by the Bankruptcy Stay.  Stay Order at 2.C.

4.     CLMI therefore request an order reiterating that further activity in the *Berley* and *Jenkins* proceedings is stayed, directing Stay Parties (as defined in the Recognition Order) not to appear before the South Carolina Court in those proceedings, and ordering that all judicial acts in those proceedings that violate the Bankruptcy Stay are void *ab initio*, with an exception to permit approval of the Proposed *Berley* Settlement Approval Order (as defined below) and disbursement of the *Berley* Settlement Funds, which already has been agreed among CLMI, the Foreign Representative and counsel to the *Berley* plaintiff.

**JURISDICTION**

5.    The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, as well

as the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11,* 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

6.       This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7.       Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

8.       The statutory predicates for the Requested Relief are sections 362, 105(a), 1507, 1521, and 1528 of the Bankruptcy Code; and Bankruptcy Rule 9014.

## BACKGROUND

### A.  This Court Enters The Stay Order, Confirming That Further Activity In The *Berley* And *Jenkins* Proceedings Is Barred By The Bankruptcy Stay

9.       On April 29, 2026, this Court entered the Stay Order, finding the following, among other things:

> The Bankruptcy Stay bars the continuation of any proceedings against the Debtor or any of the Stay Parties (as defined in the Recognition Order), including CLMI and Resolute.

> Any further activity in the *Berley* or *Jenkins* proceedings, including the issuance or enforcement of any order directing any payment to claimants in connection with those proceedings, or the making of any such payment, is a violation of the Bankruptcy Stay; provided that this Court makes no ruling at this time regarding the *Berley* Settlement Funds currently held in trust by Maune Raichle, and that, only upon and with the written consent of CLMI and the Monitor, or as ordered by this Court following further briefing and argument, if necessary, the Motion Notice Parties may take further action to obtain approval to disburse the *Berley* Settlement Funds.

10.       The Stay Order was served on April 29, 2026 on all parties to the *Berley* and *Jenkins* proceedings, as well as the South Carolina Court.  *See* Affidavits of Service (Dkt. Nos. 177, 178).

**B. The South Carolina Court Schedules Evidentiary Hearings In The *Berley* And *Jenkins* Proceedings In Violation Of This Court's Stay Order And The Bankruptcy Stay**

11.     On April 30, 2026, the South Carolina Court entered two Notices of Hearing, setting evidentiary hearings in both the *Berley* and *Jenkins* proceedings for May 12, 2026 at 9:30 a.m.  Copies of the Notices are attached as Exhibits B and C.  The Notices of Hearing state that the South Carolina Court "will expect all attorneys involved in this matter to be present for this hearing, including Attorneys for CLMI and Resolute," and request that at the hearing, "all parties present their views on the effect of the April 29, 2026 Order of Judge Glenn on this Court's ability to hear the issues surrounding the approval of the settlement and release of funds to Mrs. [Berley/Jenkins] pursuant to the release she signed."

12.     But the Notices of Hearing are not limited to a benign request for counsel to clarify the scope and effect of this Court's Stay Order.  Without specifying any legal basis, the Notices of Hearing also purport to "require" the attendance of Melissa King, the Resolute claims employee who remotely participated in the *Jenkins* mediation on behalf of CLMI, who neither lives nor works in South Carolina:

> I also require the presence at this hearing of Melissa King, the agent for Resolute who was involved in the mediation which settled the above-referenced case and who thereafter communicated with counsel for the Plaintiff about the settlement and settlement documents.

13.     Requiring Ms. King's attendance and referencing her involvement in the settlements tracks the South Carolina Court's previously stated intent to investigate "what was known by Resolute, your company and ACL itself when the settlement was obtained in these two cases, particularly in the *Jenkins* case."  *See* April 17 Hearing Transcript (Dkt. No. 166-3) at 42:10-22. It is plain, including from the South Carolina Court's subsequent communications to counsel as described below, that the Court intends to question Ms. King about her knowledge of

5

the circumstances of ACL's CCAA bankruptcy filing, its timing and effect, and CLMI's knowledge and involvement.  Such questioning would likely infringe on the attorney-client privilege and attorney work product protections, and if Ms. King is nonetheless required to testify, once disclosed that information cannot be unknown.

14.     On May 8, 2026, following discussions with counsel for CLMI and counsel for the Foreign Representative, plaintiffs' counsel in *Berley* submitted to the South Carolina Court a joint proposed order agreed to by the parties which, if entered by the South Carolina Court, would authorize disbursement of the *Berley* Settlement Funds (the "Proposed *Berley* Settlement Approval Order").  Copies of plaintiffs' counsel's email and the Proposed *Berley* Settlement Approval Order are attached as Exhibits D and E respectively.

15.     Later on May 8, 2026, CLMI's local South Carolina counsel sent a letter to the South Carolina Court explaining that, with the exception of disbursement of the *Berley* Settlement Funds, any further activity in the *Berley* and *Jenkins* proceedings is stayed pursuant to the Stay Order.  Nevertheless, CLMI's counsel stated that, if the South Carolina Court continued to have questions as to the scope and effect of the Stay Order, and without waiving the protections recognized in the Stay Order, CLMI's counsel would attend the May 12, 2026 hearing to answer such questions on behalf of CLMI.  Additionally, CLMI's counsel noted that counsel for Resolute, CLMI's third-party claims administrator, would also have counsel present if the hearing proceeds.

16.     As to the South Carolina Court's order that Resolute's claims employee, Ms. King, attend the hearing, CLMI's May 8 letter respectfully submitted that any evidentiary hearing regarding the *Berley* or *Jenkins* settlements is barred by the Stay Order:

> To the extent the purpose of the hearing is to answer Your Honor's questions concerning the scope and effect of the Bankruptcy Stay Order, those questions will be addressed by CLMI's counsel, and Ms. King has no additional information on that topic. To the extent the purpose of directing Ms. King to attend the hearing is

6

to question her as a witness regarding the *Berley* and/or *Jenkins* settlements, which Your Honor indicated was your intent at the April 17 hearing, CLMI respectfully submits that any such evidentiary hearing is barred by the Bankruptcy Stay Order, and accordingly Ms. King is unable to attend a hearing for such purpose under the terms of the Bankruptcy Stay Order.

17.     CLMI's May 8 letter further noted that Ms. King is scheduled to be present in Quebec City on May 11 and 12 at the hearing in ACL's Canadian CCAA proceedings to consider approval of administration procedures for existing asbestos claims—a significant hearing in those proceedings.   A copy of CLMI's May 8, 2026 letter to the South Carolina Court was sent by email to this Court's chambers email address on May 8, for this Court's information and awareness, and is attached as Exhibit F.

18.     Shortly after receipt, the South Carolina Court responded by email to CLMI's letter, copying all counsel who were provided with the Notices of Hearing.  A copy of the email is attached as Exhibit G.

19.     In the email, the South Carolina Court makes clear that the May 12 hearing will not be limited to clarification of the scope and effect of this Court's Stay Order, and instead is intended to be an evidentiary hearing at which the Court will "make a record" by conducting questioning of Ms. King as a witness to the circumstances of the *Berley* and *Jenkins* settlements as they relate to the circumstances concerning the ACL bankruptcy:

> Please be advised that I expect Ms. Melissa King to attend this hearing. I have been provided by Mr. Cagle in an email of May 8, 2026 at 12:36 pm, copied to you and all others copied on this email, with a Proposed Order in the *Berley* case which represents a consented-to partial settlement of *Berley* with the consent of you and all other interested parties. I intend to discuss this matter with Ms. King and all other attorneys. It reflects, as I understand it, many of the remarks Judge Glenn made in his hearing earlier this week regarding the Berley case. Judge Glenn expressed the opinion that the money in Mr. Cagle's trust account could be distributed without any violation of his Order, and his Order reflects the exempting of this transaction.

7

I also intend to examine the circumstances surrounding the obtaining of releases from Mrs. Jenkins and from Mrs. Berley pursuant to mediation agreements in their cases. Ms. King was directly involved in the *Jenkins* mediation, and I intend to make a record of what occurred with respect to these matters. This will not in any way preclude the parties from arguing about the extent of this Court's authority, and you may make those arguments at Tuesday's hearing. You do not have the authority, nor does anyone, to unilaterally determine this Court's authority to conduct a hearing. There may be limits on the Court's authority with regards to the making of Orders, but that in no way impinges on this Court's authority to examine transactions most of which were previous to any declarations of bankruptcy by ACL.

## BASIS FOR REQUESTED RELIEF

20.     Any judicial action taken in violation of the Bankruptcy Stay is void *ab initio*. *See In re Braught*, 307 B.R. 399, 403-04 (Bankr. S.D.N.Y. 2004) (holding that a judgment signed after the filing of the bankruptcy petition was void *ab initio*); *In re Dominguez*, 312 B.R. 499, 508 (Bankr. S.D.N.Y. 2004) (same); *see also In re Soares*, 107 F.3d 969, 978 (1st Cir. 1997) (same); *In re Floyd*, 359 B.R. 431, 434 (Bankr. D. Conn 2007) (same); *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940) ("the [post-petition] action of the ... Court was not merely erroneous but was beyond its power, void, and subject to collateral attack").

21.     As reaffirmed in the Stay Order, "[a]ny further activity in the *Berley* or *Jenkins* proceedings" other than actions to obtain approval of disbursement of the *Berley* Settlement Funds, "is a violation of the Bankruptcy Stay."

22.     The South Carolina Court's Notices of Hearing and May 8 email violate the Stay Order and the Bankruptcy Stay insofar as they purport to order the attendance of Melissa King, an employee of Resolute, which is one of the Stay Parties, to attend the May 12 hearing and submit to questioning by the South Carolina Court to "examine the circumstances surrounding the obtaining of releases from Mrs. Jenkins and from Mrs. Berley pursuant to mediation agreements in their cases" in order to "make a record of what occurred."   The Bankruptcy Stay

8

indisputably stays examination of witnesses and development of an evidentiary record regarding prepetition settlement efforts by the Debtor and its insurers in cases that themselves are indisputably stayed. These are not mere "ministerial acts" akin to the entry of an already-signed judgment, but rather are "judicial proceedings" within the meaning of Section 362(a)(1) of the Bankruptcy Code, and therefore stayed. *See*, *e.g.*, *Rexnord Holdings, Inc.* v. *Bidermann*, 21 F.3d 522, 527-8 (2d Cir. 1994). Because they were issued in violation of the Bankruptcy Stay, that portion of the Notices of Hearing and May 8 email which demand the attendance of Ms. King are void *ab initio*, and any orders, findings, or determinations made by the South Carolina Court in connection therewith are also barred and void.

23. For the avoidance of doubt, CLMI do not seek to interfere with disbursement of the *Berley* Settlement Funds. On the contrary, the Proposed *Berley* Settlement Approval Order— the terms of which were discussed and agreed among counsel for CLMI, the Monitor and the *Berley* plaintiff—would authorize disbursement of the *Berley* Settlement Funds if entered by the South Carolina Court. Further, the South Carolina Court has been informed that counsel for CLMI and Resolute are willing to attend the May 12 hearing to answer any further questions the South Carolina Court has regarding the Stay Order and the Proposed *Berley* Settlement Approval Order. CLMI does not believe that entry of the Proposed *Berley* Settlement Approval Order would violate the Bankruptcy Stay.

24. Accordingly, CLMI respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A and granting any other relief this Court considers appropriate.

## NOTICE

25. CLMI will provide notice of this Motion to (a) the Notice Parties, (b) the South Carolina Court; (c) Maune Raichle; and (d) all other counsel that have appeared in the *Berley* or *Jenkins* proceedings (collectively, the "Motion Notice Parties"). CLMI submit that no other or further notice is required.

## NO PRIOR REQUEST

26. No previous request for the relief requested herein has been made to this or any other court.

**WHEREFORE**, CLMI respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such further relief that the Court deems just and proper.

Dated: May 10, 2026                    Respectfully submitted,

**SIMPSON THACHER & BARTLETT LLP**

By: */s/ Alan C. Turner*
Alan C. Turner
David R. Zylberberg
Joshua C. Polster
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000

*Attorneys for Certain Underwriters at Lloyd's, London and certain London market insurance companies*