**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>Asbestos Corporation Limited,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25-10934 (MG) |

## ORDER ENFORCING THE BANKRUPTCY STAY

Pending before the Court is the motion (the "Motion," ECF Doc. # 180) of Certain

Underwriters at Lloyd's, London and certain London market insurance companies ("CLMI")[1]

seeking an order from this Court to enforce the stay provisions (the "Bankruptcy Stay") in this

Court's October 30, 2025 Order *(I) Recognizing the CCAA Proceeding of Asbestos Corporation*

*Limited as a Foreign Main Proceeding and (II) Granting Related Relief* (the "Recognition

Order") (ECF Doc. # 142) and in this Court's April 29, 2026 Order *Restating and Enforcing the*

*Bankruptcy Stay* (the "Stay Order") (ECF Doc. # 176) against further proceedings in the South

Carolina Court of Common Pleas in the Fifth Judicial Circuit (the "South Carolina Court") in the

*Berley* and *Jenkins* proceedings[2] other than approval of the Berley settlement and disbursement

of the *Berley* Settlement Funds.

---

[1]     Certain London market insurance companies consist of: The Scottish Lion Insurance Company Ltd.; Tenecom Ltd. (as successor to Winterthur Swiss Insurance Company formerly known as Accident & Casualty Insurance Company of Winterthur, Switzerland), Yasuda Fire and Marine Insurance Company (UK) Limited and now known as Tenecom Ltd; The Ocean Marine Insurance Company Limited (as successor to liabilities of Commercial Union Assurance Company Limited, The Edinburgh Assurance Company, The Indemnity Marine Assurance Company Limited, The Northern Assurance Company Limited, The Road Transport & General Insurance Company Limited, United Scottish Insurance Company Limited, and The Victoria Insurance Company Limited); and NRG Victory Reinsurance Limited as successor to liabilities of New London Reinsurance Company Limited.

[2]     The "*Berley* proceeding" means the case captioned *Peggy B. Berley, Individually and as Personal Representative of the Estate of Billy G. Berley, Deceased v. Aecom Energy & Construction, Inc., et al.*, CA No. 2023-CP-40-02840, pending in the South Carolina Court of Common Pleas in the Fifth Judicial Circuit. The "*Jenkins* proceeding" means the case captioned *Shirley A. Jenkins, Individually and as Personal Representative of the Estate of Sam Jenkins, Jr., Deceased v. Asbestos Corporation Ltd., et al.*, CA No. 2024-CP-40-04703, pending in the South Carolina Court of Common Pleas in the Fifth Judicial Circuit.

The South Carolina Court has ordered evidentiary hearings in both the *Berley* and *Jenkins* proceedings for May 12, 2026 at 9:30 a.m. (Motion ¶ 11; Exs. B, C (together, the "State Court Orders.")) Per the South Carolina Court's correspondence with CLMI, the South Carolina Court intends to use the hearing to "examine the circumstances surrounding the obtaining of releases from Mrs. Jenkins and from Mrs. Berley pursuant to mediation agreements in their cases" to "make a record of what occurred with respect to these matters," in addition to hearing argument on the effect of the Stay Order. (*Id*. Ex. G.)

Bankruptcy stays prohibit courts from commencing or continuing proceedings against a stayed party. 11 U.S.C. § 362(a)(1). In a proceeding where the judicial function is completed, such as when a decision has already been made or a settlement reached prior to the application of the stay, a court can conduct "ministerial actions . . . taken in obedience to the judge's peremptory instructions or otherwise precisely defined and nondiscretionary" and not violate the bankruptcy stay. *In re Soares*, 107 F.3d 969, 974 (1st Cir. 1997). Ministerial actions are acts that are "essentially clerical in nature." *Id*. However, "acts undertaken in the course of carrying out the core judicial function are not ministerial and, if essayed after bankruptcy filing, will be deemed to violate the automatic stay." *Id*. Any action taken by a court in violation of the automatic stay is not merely voidable but void per Second Circuit precedent. *Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522 (2d Cir.1994) ("Any proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect."); *see also In re Best Payphones*, 279 B.R. 92, 97 (Bankr. S.D.N.Y. 2002).

The Stay Order issued by this Court stated the following with respect to the *Berley* and *Jenkins* proceedings:

> The Bankruptcy Stay bars the continuation of any proceedings against the Debtor or any of the Stay Parties (as defined in the Recognition Order), including CLMI and Resolute.
>
> *Any further activity* in the *Berley* or *Jenkins* proceedings, including the issuance or enforcement of any order directing any payment to claimants in connection with those proceedings, or the making of any such payment, *is a violation of the Bankruptcy Stay*; provided that this Court makes no ruling at this time regarding the *Berley* Settlement Funds currently held in trust by Maune Raichle, and that, only upon and with the written consent of CLMI and the Monitor, or as ordered by this Court following further briefing and argument, if necessary, the Motion Notice Parties may take further action to obtain approval to disburse the *Berley* Settlement Funds.

(Stay Order ¶¶ B-C) (emphasis added). The Stay Order prohibits any further activity by the South Carolina Court in both the *Berley* and *Jenkins* proceedings except as to the Settlement Funds that have already been transferred in the *Berley* action. The Stay Order applies to prevent any inquiry by the South Carolina Court into the terms of the settlements reached in both proceedings.

The State Court Orders, by scheduling hearings in the *Berley* and *Jenkins* proceedings with the intent to examine the terms of the settlements reached, are actions taken by the South Carolina Court that are not ministerial and thereby violate the Bankruptcy Stay and Stay Order entered by this Court. The State Court Orders are therefore **VOID**. To the extent that any of CLMI or the Stay Parties comply with the void State Court Orders and ignore the Stay Order, they will be acting in contempt of this Court's orders.

**IT IS SO ORDERED.**

Dated:   May 11, 2026
New York, New York

__/s/ Martin Glenn__
MARTIN GLENN
Chief United States Bankruptcy Judge

3