# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017

———————

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number                                                                            E-mail Address

+1-212-455-2472                                                                            aturner@stblaw.com

BY E-MAIL                                            June 15, 2026

           Re:     *In re Asbestos Corporation Limited*, Chapter 15, Case No.
                   25-10934 (MG)

Chief Judge Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Dear Chief Judge Glenn:

      We write on behalf of Certain Underwriters at Lloyd's and certain London market insurance companies ("CLMI") to update the Court regarding developments in the *Berley* and *Jenkins* proceedings in the South Carolina Court following entry of Your Honor's May 11, 2026 Order Enforcing the Bankruptcy Stay (Dkt. No. 186) (the "May 11 Order").[1]

      Following same-day service of the May 11 Order (*see* Affidavit of Service (Dkt. No. 187)), email correspondence ensued between the South Carolina Court and CLMI's local South Carolina counsel, Theodore Manos, in which the South Carolina Court stated that the May 12 *Berley* and *Jenkins* hearing would proceed as scheduled and the South Carolina Court expected the attendance of CLMI's and Resolute's counsel at the hearing, as well as Resolute employee Melissa King, notwithstanding this Court's May 11 Order.  Mr. Manos notified the South Carolina Court that none of them could attend in light of the May 11 Order.  Attached as Exhibit A is a copy of the correspondence.

      As reflected in Exhibit A, the South Carolina Court telephoned Mr. Manos on the morning of May 12 and directed that he attend the hearing, and that he could do so in his personal capacity, not as CLMI's counsel.  The South Carolina Court then proceeded to conduct a hearing later that day in the *Berley* and *Jenkins* proceedings.  Attached as Exhibit B is a copy of the hearing transcript.  The South Carolina Court stated that the purpose of the

---

[1] Capitalized terms not defined herein have the meaning set forth in CLMI's Motion for an Order Enforcing the Bankruptcy Stay (Dkt. No. 180).

Simpson Thacher & Bartlett LLP

Chief Judge Martin Glenn                          -2-                          June 15, 2026

hearing was to "make a factual inquiry about what has happened" in order to "establish a record" of "what has occurred." *See* Ex. B at 48.[2] Mr. Manos was present in the courtroom solely in his personal capacity as a South Carolina barred lawyer at the South Carolina Court's direction, representing no party, and taking no substantive part in the proceedings. *See* Ex. B at 9. Neither Ms. King nor any counsel for CLMI or Resolute appeared at the hearing.

Prior to the May 12 hearing, counsel for the *Berley* plaintiffs reached agreement with CLMI's counsel and the Foreign Representative's counsel upon an agreed order authorizing distribution of the *Berley* Settlement Proceeds in accordance with Your Honor's April 29, 2026 Order Restating and Enforcing the Bankruptcy Stay (Dkt. No. 176). An agreed order was submitted to the South Carolina Court on May 15 and was so-ordered on May 20. Attached as Exhibit C is a copy of the *Berley* settlement approval order.

While CLMI seeks no further relief from Your Honor at this time, we wanted to update the Court on these developments since we were last before the Court. Should Your Honor have any questions, we are available to address them at your convenience.


Respectfully,

*/s/ Alan Turner*
Alan Turner

---

[2] Based on the hearing transcript, the "record" purportedly created by the South Carolina Court includes numerous inaccuracies.

**Exhibit A**

Email Correspondence

**From:** Teddy Manos <tlm@roblaw.net>
**Sent:** Tuesday, May 12, 2026 9:48:54 AM
**Cc:** Eubanks, Tiffany <teubanks@sccourts.org>; Beth B. Richardson <brichardson@robinsongray.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael <dcarmichael@robinsongray.com>; Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>; Will Early <willearly@piercesloan.com>; Holly Parker <hollyparker@piercesloan.com>; Joshua D. Cagle <jcagle@mrhfmlaw.com>; Jessica Pitts <jpitts@mrhfmlaw.com>
**Subject:** Re: On Behalf of Chief Justice Toal-   Transmittal of Order from Judge Glenn USBC SDNY relating to  Berley (2023-CP-40-02840) and Jenkins (2024-CP-40-04703)

**Chief Justice Toal -**

**Based on your call to me this morning and request for me to appear, I will make a special appearance but will not be appearing in anything but my personal capacity and not on behalf of CLMI or its agent Resolute. because of the Bankruptcy Stay.   I will not make any representations on behalf of CLMI or its agent, Resolute.**

**As we discussed, I am 2 hours away depending upon traffic so likely will not arrive until 12. I will have my phone with me and be able to appear virtually if that can be accommodated.**

**Respectfully,**

**Teddy Manos**


Sent from my T-Mobile 5G Device
Get Outlook for Android

**From:** Teddy Manos <tlm@roblaw.net>
**Sent:** Tuesday, May 12, 2026 9:04:23 AM
**To:** Toal, Jean <JToal@sccourts.org>
**Cc:** Eubanks, Tiffany <teubanks@sccourts.org>; Beth B. Richardson <brichardson@robinsongray.com>; Jessica Laffitte

<jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael
<dcarmichael@robinsongray.com>; Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>; Will Early
<willearly@piercesloan.com>; Holly Parker <hollyparker@piercesloan.com>; Joshua D. Cagle <jcagle@mrhfmlaw.com>;
Jessica Pitts <jpitts@mrhfmlaw.com>
**Subject:** Re: On Behalf of Chief Justice Toal- Transmittal of Order from Judge Glenn USBC SDNY relating to Berley (2023-CP-40-02840) and Jenkins (2024-CP-40-04703)

Chief Justice Toal –

Good morning.

My clients, CLMI, have made it clear that because of the Bankruptcy Stay Order I am not authorized to appear for them at any hearings in the Berley and Jenkins actions pending before you.  I hope and trust that you recognize that I have the utmost respect for you and our South Carolina courts but cannot violate Chief Judge Glenn's Order and subject my clients to contempt.  Therefore, neither I nor my clients and their agent, Resolute,  will attend this morning's hearing.  I apologize, but I do not know any other way to respond but with candor under these very difficult circumstances based on Chief Judge Glenn's Order.  I also hope that you will not consider my communications as a personal affront as I have admired you since my early years as a law clerk to Chief District Judge Houck and enjoyed my recent opportunities to appear before you and hope to do so in the future.

Respectfully,

Teddy Manos



Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Toal, Jean <JToal@sccourts.org>
**Sent:** Monday, May 11, 2026 5:37:33 PM
**To:** Teddy Manos <tlm@roblaw.net>
**Cc:** Eubanks, Tiffany <teubanks@sccourts.org>; Beth B. Richardson <brichardson@robinsongray.com>; Jessica Laffitte
<jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael
<dcarmichael@robinsongray.com>; Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>; Will Early
<willearly@piercesloan.com>; Holly Parker <hollyparker@piercesloan.com>; Joshua D. Cagle <jcagle@mrhfmlaw.com>;
Jessica Pitts <jpitts@mrhfmlaw.com>
**Subject:** Re: On Behalf of Chief Justice Toal- Transmittal of Order from Judge Glenn USBC SDNY relating to Berley (2023-CP-40-02840) and Jenkins (2024-CP-40-04703)

Mr. Manos: I expect you, Ms. King and all counsel for CLMI and Resolute to appear at tomorrow's hearing which will proceed as scheduled.  Jean H. Toal
Sent from my iPad

On May 11, 2026, at 5:32 PM, Teddy Manos <tlm@roblaw.net> wrote:

*** **EXTERNAL EMAIL:** This email originated from outside the organization. Please exercise caution before clicking any links or opening attachments. ***

Chief Justice Toal and Ms. Eubanks –

Following up my prior email below, under the terms of Chief Judge Glenn's May 11, 2026, order, Ms. King, and counsel for each of CLMI and Resolute are unable to attend tomorrow's hearing should it still proceed.

The same is copied hereto to all relevant counsel.

Respectfully,


Teddy Manos


<image001.png>

**Theodore L. Manos**
**Robertson Hollingsworth Manos & Rahn, LLC**
40 Calhoun Street, Suite 330
Charleston, SC 29401
Office   (843) 723-6470
Mobile (843) 345-8992
TLM@roblaw.net
www.roblaw.net

---

**From:** Teddy Manos
**Sent:** Monday, May 11, 2026 4:43 PM
**To:** Toal, Jean <jtoal@sccourts.org>; Eubanks, Tiffany <teubanks@sccourts.org>
**Cc:** Beth B. Richardson <brichardson@robinsongray.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael <dcarmichael@robinsongray.com>; Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>; Will Early <willearly@piercesloan.com>; Holly Parker <hollyparker@piercesloan.com>; Joshua D. Cagle <jcagle@mrhfmlaw.com>; Jessica Pitts <jpitts@mrhfmlaw.com>
**Subject:** RE: On Behalf of Chief Justice Toal- Transmittal of Order from Judge Glenn USBC SDNY relating to Berley (2023-CP-40-02840) and Jenkins (2024-CP-40-04703)

Chief Justice Toal and Ms. Eubanks –

Attached hereto is a copy of the "Order Enforcing the Bankruptcy Stay"  issued by US Bankruptcy Judge Glenn of Southern District of New York this afternoon - Dkt. No 186.

The same is copied hereto to all relevant counsel.

Respectfully,


Teddy Manos

**Theodore L. Manos**
**Robertson Hollingsworth Manos & Rahn, LLC**
40 Calhoun Street, Suite 330
Charleston, SC 29401
Office   (843) 723-6470
Mobile (843) 345-8992
TLM@roblaw.net
www.roblaw.net

**From:** Teddy Manos <tlm@roblaw.net>
**Sent:** Sunday, May 10, 2026 9:18 PM
**To:** Eubanks, Tiffany <teubanks@sccourts.org>; Toal, Jean <JToal@sccourts.org>
**Cc:** Beth B. Richardson <brichardson@robinsongray.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael <dcarmichael@robinsongray.com>; Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>; Will Early <willearly@piercesloan.com>; Holly Parker <hollyparker@piercesloan.com>; Joshua D. Cagle <jcagle@mrhfmlaw.com>; Jessica Pitts <jpitts@mrhfmlaw.com>
**Subject:** Re: On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds - CLMI Objections to Proposed Order

Justice Toal and Ms. Eubanks -

Attached are two documents filed in SDNY as follows:

• Order to Shorten Notice with respect to CLMI's Motion for an Order Enforcing the Bankruptcy Stay, setting a Zoom hearing for tomorrow May 11 at 4pm EST, Dkt. No 182; and

• Joinder of the Foreign Representative to CLMI's Motion for an Order Enforcing the Bankruptcy Stay, Dkt. No. 183.

The same are copied hereto to all relevant counsel.

4

Respectfully,

Teddy Manos

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Teddy Manos <tlm@roblaw.net>
**Sent:** Sunday, May 10, 2026 7:33:26 PM
**To:** Eubanks, Tiffany <teubanks@sccourts.org>; Toal, Jean <JToal@sccourts.org>
**Cc:** Beth B. Richardson <brichardson@robinsongray.com>; Melissa King <mking@resolutemgmt.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael <dcarmichael@robinsongray.com>; Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>; Will Early <willearly@piercesloan.com>; Holly Parker <hollyparker@piercesloan.com>; Jessica Pitts <jpitts@mrhfmlaw.com>; Joshua D. Cagle <jcagle@mrhfmlaw.com>
**Subject:** Re: On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds - CLMI Objections to Proposed Order

Chief Justice Toal and Ms. Eubanks -

Attached are the following documents and exhibits thereto filed in the SDNY today.

• CLMI's Motion for an Order Enforcing the Bankruptcy Stay, Dkt. No 180; and

• CLMI's Motion to Shorten Notice of CLMI's Motion for an Order Enforcing the Bankruptcy Stay, Dkt. No. 181.

The same are copied hereto to all relevant counsel.

Respectfully,

Teddy Manos

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Eubanks, Tiffany <teubanks@sccourts.org>
**Sent:** Thursday, April 30, 2026 12:38:49 PM
**To:** Teddy Manos <tlm@roblaw.net>; Toal, Jean <JToal@sccourts.org>
**Cc:** Beth B. Richardson <brichardson@robinsongray.com>; Melissa King <mking@resolutemgmt.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael <dcarmichael@robinsongray.com>; Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>; Will Early <willearly@piercesloan.com>; Holly Parker <hollyparker@piercesloan.com>; Jessica Pitts <jpitts@mrhfmlaw.com>; Joshua D. Cagle <jcagle@mrhfmlaw.com>
**Subject:** RE: On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds - CLMI Objections to Proposed Order

Good afternoon!

A hearing has been set in the Berley and Jenkins matters for Tuesday, May 12, 2026 at 9:30 am at the Richland County Judicial Center, Courtroom 3B. Please see the attached signed and clocked copies of the Notices of Hearing, filed today. Thank you.

Sincerely,

**Tiffany Eubanks**
Judicial Law Clerk
SC Court Administration
Office: (803) 734-1800
teubanks@sccourts.org

---

**From:** Teddy Manos <tlm@roblaw.net>
**Sent:** Wednesday, April 29, 2026 11:02 AM
**To:** Eubanks, Tiffany <teubanks@sccourts.org>; Toal, Jean <JToal@sccourts.org>
**Cc:** Beth B. Richardson <brichardson@robinsongray.com>; Melissa King <mking@resolutemgmt.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael <dcarmichael@robinsongray.com>; Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>; Will Early <willearly@piercesloan.com>; Holly Parker

<hollyparker@piercesloan.com>; Jessica Pitts <jpitts@mrhfmlaw.com>; Joshua D. Cagle <jcagle@mrhfmlaw.com>

**Subject:** RE: On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds - CLMI Objections to Proposed Order

**\*\*\* EXTERNAL EMAIL:** This email originated from outside the organization. Please exercise caution before clicking any links or opening attachments. **\*\*\***

Good morning,

Attached hereto is an Order Restating and Enforcing the Bankruptcy Stay entered this morning by Chief United States Bankruptcy Judge Glenn of the Southern District of New York in the Chapter 15 Case No. 25-10934 (MG) In re:  Asbestos Corporation Limited.

Respectfully,

Teddy Manos

<image001.png>

**Theodore L. Manos**
**Robertson Hollingsworth Manos & Rahn, LLC**
40 Calhoun Street, Suite 330
Charleston, SC 29401
Office    (843) 723-6470
Mobile (843) 345-8992
TLM@roblaw.net
www.roblaw.net

**From:** Jessica Pitts <jpitts@mrhfmlaw.com>
**Sent:** Monday, April 27, 2026 11:20 AM
**To:** Joshua D. Cagle <jcagle@mrhfmlaw.com>; Teddy Manos <tlm@roblaw.net>; Eubanks, Tiffany <teubanks@sccourts.org>; Toal, Jean <JToal@sccourts.org>
**Cc:** Beth B. Richardson <brichardson@robinsongray.com>; Melissa King <mking@resolutemgmt.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael <dcarmichael@robinsongray.com>; Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>; Will Early <willearly@piercesloan.com>; Holly Parker <hollyparker@piercesloan.com>
**Subject:** Re: On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds - CLMI Objections to Proposed Order

Good morning,

The attached response and exhibits were filed earlier today in advance of the hearing in the. Attached is a courtesy copy for your files.

Thank you,
Jessica

<image002.png>

This message is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the

intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately reply to this message or notify us by telephone at 314-241-2003 and delete the message.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Thank you.

Get Outlook for Mac

**From:** Joshua D. Cagle <jcagle@mrhfmlaw.com>
**Date:** Friday, April 24, 2026 at 5:59 PM
**To:** Teddy Manos <tlm@roblaw.net>; Eubanks, Tiffany <teubanks@sccourts.org>; Jessica Pitts <jpitts@mrhfmlaw.com>; Toal, Jean <JToal@sccourts.org>
**Cc:** Beth B. Richardson <brichardson@robinsongray.com>; Melissa King <mking@resolutemgmt.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael <dcarmichael@robinsongray.com>; Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>; Will Early <willearly@piercesloan.com>; Holly Parker <hollyparker@piercesloan.com>
**Subject:** Re: On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds - CLMI Objections to Proposed Order

Good afternoon, everyone. I am not sure Mr. Manos sent this but, in the event anyone has not seen this Order, there is a Zoom hearing scheduled for Monday morning at 11:00 a.m. in the Southern District of New York. I am attaching the Order.
-Josh

**From:** Teddy Manos <tlm@roblaw.net>
**Date:** Friday, April 24, 2026 at 4:40 PM
**To:** "Eubanks, Tiffany" <teubanks@sccourts.org>, Jessica Pitts <jpitts@mrhfmlaw.com>, "Toal, Jean" <JToal@sccourts.org>
**Cc:** Joshua Cagle <jcagle@mrhfmlaw.com>, "Beth B. Richardson" <brichardson@robinsongray.com>, Melissa King <mking@resolutemgmt.com>, Jessica Laffitte <jlaffitte@gwblawfirm.com>, Peter Protopapas <pdp@rplegalgroup.com>, Dara Carmichael <dcarmichael@robinsongray.com>, Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>, Will Early <willearly@piercesloan.com>, Holly Parker <hollyparker@piercesloan.com>
**Subject:** RE: On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds - CLMI Objections to Proposed Order

Chief Justice Toal and Ms. Eubanks –

Attached hereto are the FILED copies of CLMI's Objections and Exhibits.

Respectfully,

8

Teddy Manos

<image003.png>

**Theodore L. Manos**
**Robertson Hollingsworth Manos & Rahn, LLC**
40 Calhoun Street, Suite 330
Charleston, SC 29401
Office    (843) 723-6470
Mobile (843) 345-8992
TLM@roblaw.net
www.roblaw.net

---

**From:** Teddy Manos
**Sent:** Friday, April 24, 2026 4:17 PM
**To:** 'Eubanks, Tiffany' <teubanks@sccourts.org>; Jessica Pitts <jpitts@mrhfmlaw.com>; Toal, Jean <JToal@sccourts.org>
**Cc:** Joshua D. Cagle <jcagle@mrhfmlaw.com>; Beth B. Richardson <brichardson@robinsongray.com>; Melissa King <mking@resolutemgmt.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael <dcarmichael@robinsongray.com>; Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>; Will Early <willearly@piercesloan.com>; Holly Parker <hollyparker@piercesloan.com>
**Subject:** RE: On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds - CLMI Objections to Proposed Order

Chief Justice Toal and Ms. Eubanks –

Attached hereto are CLMI's Objections which were filed contemporaneously herewith. I will substitute filed copies upon receipt of the same.

Please note that I am including a link to exhibits A and B to the Objections based on their size.

https://www.dropbox.com/scl/fo/wmggd1lx4raxzvpkqyu24/AG3dR0XXhl94VXvQ4QswYkg?rlkey=32cp1gn74tz1js7kcx6zhubaj&st=5shjw1cx&dl=0

Respectfully,

Teddy Manos

<image003.png>

**Theodore L. Manos**
**Robertson Hollingsworth Manos & Rahn, LLC**
40 Calhoun Street, Suite 330
Charleston, SC 29401
Office    (843) 723-6470
Mobile (843) 345-8992
TLM@roblaw.net
www.roblaw.net

---

**From:** Eubanks, Tiffany <teubanks@sccourts.org>
**Sent:** Tuesday, April 21, 2026 11:49 AM
**To:** Teddy Manos <tlm@roblaw.net>; Jessica Pitts <jpitts@mrhfmlaw.com>; Toal, Jean <JToal@sccourts.org>

**Cc:** Joshua D. Cagle <jcagle@mrhfmlaw.com>; Beth B. Richardson <brichardson@robinsongray.com>; Melissa King <mking@resolutemgmt.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael <dcarmichael@robinsongray.com>; Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>; Will Early <willearly@piercesloan.com>; Holly Parker <hollyparker@piercesloan.com>

**Subject:** RE: On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds

Good morning, all!

Chief Justice Toal will grant Mr. Manos's request to submit the objections to the Proposed Order by 4:30 pm Friday, April 24, 2026. Thank you

Sincerely,

**Tiffany Eubanks**
Judicial Law Clerk
SC Court Administration
Office: (803) 734-1800
teubanks@sccourts.org

---

**From:** Teddy Manos <tlm@roblaw.net>
**Sent:** Monday, April 20, 2026 3:01 PM
**To:** Jessica Pitts <jpitts@mrhfmlaw.com>; Toal, Jean <JToal@sccourts.org>; Eubanks, Tiffany <teubanks@sccourts.org>
**Cc:** Joshua D. Cagle <jcagle@mrhfmlaw.com>; Beth B. Richardson <brichardson@robinsongray.com>; Melissa King <mking@resolutemgmt.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael <dcarmichael@robinsongray.com>; Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>; Will Early <willearly@piercesloan.com>; Holly Parker <hollyparker@piercesloan.com>
**Subject:** RE: On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds

**\*\*\* EXTERNAL EMAIL:** This email originated from outside the organization. Please exercise caution before clicking any links or opening attachments. \*\*\*

Good afternoon, Chief Justice Toal and Ms. Eubanks,

This will respectfully request until Friday, April 24, 2026, at 4:30pm to submit objections to the Proposed Order.

Respectfully,

Teddy Manos

<image003.png>
**Theodore L. Manos**
**Robertson Hollingsworth Manos & Rahn, LLC**
40 Calhoun Street, Suite 330
Charleston, SC 29401
Office    (843) 723-6470

Mobile (843) 345-8992
TLM@roblaw.net
www.roblaw.net

---

**From:** Jessica Pitts <jpitts@mrhfmlaw.com>
**Sent:** Monday, April 20, 2026 2:40 PM
**To:** Toal, Jean <JToal@sccourts.org>; Eubanks, Tiffany <teubanks@sccourts.org>
**Cc:** Joshua D. Cagle <jcagle@mrhfmlaw.com>; Beth B. Richardson <brichardson@robinsongray.com>; Melissa King <mking@resolutemgmt.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael <dcarmichael@robinsongray.com>; Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>; Will Early <willearly@piercesloan.com>; Holly Parker <hollyparker@piercesloan.com>; Teddy Manos <tlm@roblaw.net>
**Subject:** Re: On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds

Good afternoon, Chief Justice Toal and Ms. Eubanks,

Attached please find a courtesy copy of a Proposed Order regarding the ACL settlement in the *Berley* matter. This was e-filed earlier this afternoon. Should the Court prefer the document in Word format, please let me know.

Please do not hesitate to contact our office if you should have any questions or concerns.

Thank you,
Jessica
<image002.png>

This message is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately reply to this message or notify us by telephone at 314-241-2003 and delete the message.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Thank you.

Get Outlook for Mac

**From:** Holly Parker <hollyparker@piercesloan.com>
**Date:** Thursday, April 16, 2026 at 11:38 AM
**To:** Toal, Jean <JToal@sccourts.org>; Eubanks, Tiffany <teubanks@sccourts.org>
**Cc:** Beth B. Richardson <brichardson@robinsongray.com>; Joshua D. Cagle <jcagle@mrhfmlaw.com>; Melissa King <mking@resolutemgmt.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael <dcarmichael@robinsongray.com>; Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>; Will Early <willearly@piercesloan.com>; Jessica Pitts <jpitts@mrhfmlaw.com>
**Subject:** RE: On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds
Chief Justice Toal and Ms. Eubanks:

Attached is the file-stamped copy of our submission.

Thank you,
Holly

**Holly M. Parker**| *Paralegal*
Direct: 843.725.7727 | Main: 843.722.7733
321 East Bay Street, Charleston, SC 29401
hollyparker@piercesloan.com | www.piercesloan.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

---

**From:** Will Early <willearly@piercesloan.com>
**Sent:** Tuesday, April 14, 2026 3:49 PM
**To:** Jessica Pitts <jpitts@mrhfmlaw.com>; Toal, Jean <JToal@sccourts.org>; Eubanks, Tiffany <teubanks@sccourts.org>
**Cc:** Beth B. Richardson <brichardson@robinsongray.com>; Joshua D. Cagle <jcagle@mrhfmlaw.com>; Melissa King <mking@resolutemgmt.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael <dcarmichael@robinsongray.com>; Will Early <willearly@piercesloan.com>; Allison Peuterbaugh <allisonpeuterbaugh@piercesloan.com>; Holly Parker <hollyparker@piercesloan.com>
**Subject:** Re: On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds

Justice Toal,

Attached please find what I plan to file per your request related to the Jenkins matter.  Note that I did not provide the supporting emails and proposed release as Mr. Cagle shared those things with me prior to submitting his link to the Court containing the same.  Also, I am aware of the Courts concerns about efficiency and filing massive amounts of duplicative papers as it relates to the state's e-filing system. If your honor wishes me to do so, I will but I have practiced in front of this Court enough to know your preferences.

If you have any questions, I am happy to entertain them as the Court has my cell number.   I look forward to seeing everyone on Friday.

Will

**William P. Early** | Partner
*Licensed in SC & TN*
Direct: 843.725.7716 | Main: 843.722.7733
321 East Bay Street, Charleston, SC 29401
willearly@piercesloan.com | **www.piercesloan.com**

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

**From:** Jessica Pitts <jpitts@mrhfmlaw.com>
**Sent:** Tuesday, April 14, 2026 3:36 PM
**To:** Toal, Jean <JToal@sccourts.org>; Eubanks, Tiffany <teubanks@sccourts.org>
**Cc:** Beth B. Richardson <brichardson@robinsongray.com>; Joshua D. Cagle <jcagle@mrhfmlaw.com>; Melissa King <mking@resolutemgmt.com>; Will Early <willearly@piercesloan.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael <dcarmichael@robinsongray.com>
**Subject:** Re: On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds

Good afternoon, Chief Justice Toal,

Plaintiff's counsel filed their response to your letter dated April 10, 2026 (courtesy copy attached). We will provide a file-stamped copy once it's received from the Clerk. A binder with physical copies of all emails, correspondence and applicable settlement documents will be sent to you via FedEx overnight delivery. As a courtesy, the link below contains a copy of all such documents as well. Please do not hesitate to contact our office if you should have any questions or concerns.

Link to materials:

https://mrhfmlaw.sharefile.com/d-sd13ac77b584a440d9963bd6da523e55d

<image002.png>

This message is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately reply to this message or notify us by telephone at 314-241-2003 and delete the message.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Thank you.

Get Outlook for Mac

**From:** Beth B. Richardson <brichardson@robinsongray.com>
**Date:** Monday, April 13, 2026 at 6:47 PM
**To:** Toal, Jean <JToal@sccourts.org>
**Cc:** Eubanks, Tiffany <teubanks@sccourts.org>, Jessica Pitts <jpitts@mrhfmlaw.com>, Joshua D. Cagle <jcagle@mrhfmlaw.com>, Melissa King <mking@resolutemgmt.com>, Will Early <willearly@piercesloan.com>, Jessica Laffitte <jlaffitte@gwblawfirm.com>, Peter Protopapas <pdp@rplegalgroup.com>, Dara Carmichael <dcarmichael@robinsongray.com>
**Subject:** RE: On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thank you, Justice Toal. Your position is understood.


**BETH BURKE RICHARDSON   MEMBER**
DIRECT 803.231.7819
cell 803.530.1897
**ROBINSONGRAY.COM**


**From:** Toal, Jean <JToal@sccourts.org>
**Sent:** Monday, April 13, 2026 4:15 PM
**To:** Beth B. Richardson <brichardson@robinsongray.com>
**Cc:** Eubanks, Tiffany <teubanks@sccourts.org>; Jessica Pitts <jpitts@mrhfmlaw.com>; jcagle@mrhfmlaw.com; Melissa King <mking@resolutemgmt.com>; Will Early <willearly@piercesloan.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>; Peter Protopapas <pdp@rplegalgroup.com>; Dara Carmichael <dcarmichael@robinsongray.com>
**Subject:** Re: On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds

Beth: Thank you for this information. I will excuse you from my hearing, but please understand that you should not assume that your excusal should in any respect allow you or any other party or lawyer to infer that I agree with your analysis of the affect of the Canadian Bankruptcy on the matters I will be hearing this Friday. Respectfully, Jean Toal
Sent from my iPhone


> On Apr 13, 2026, at 10:26 AM, Beth B. Richardson <brichardson@robinsongray.com> wrote:
>
> *** **EXTERNAL EMAIL:** This email originated from outside the organization. Please exercise caution before clicking any links or opening attachments. ***
> Dear Justice Toal,
>
> Good morning. I hope you had a nice weekend.

14

Pursuant to your correspondence and order dated Friday, April 17, as you may recall, my firm represents the solvent, Non-Resolute London Market Insurance Companies which provided coverage to ACL.  The final settlement agreement for the *Berley* matter was finalized and executed on May 13, 2025, and is attached here. My clients do not contest the validity of the settlement.

As further background related to this timeline, while my clients provided settlement authority for the Berley matter in 2024, they were not initially aware of its resolution, nor that settlement negotiations took place.  Further, my clients did not have the opportunity to review the originally drafted settlement agreement. Accordingly, in April 2025 the parties revised the settlement agreement further, with it being finalized and executed on May 13, 2025, as referenced above.

On May 6, 2025, ACL initiated bankruptcy proceedings in Canada under the Canadian Companies' Creditors Arrangement Act (CCAA) joined by CLMI (the Resolute London Market Insurers) as an Applicant party. On that same date, ACL initiated a Chapter 15 Bankruptcy Proceeding in the United States Bankruptcy Court for the Southern District of New York, petitioning for Recognition of the Foreign Proceeding. Due to ACL's bankruptcy filing, all matters involving ACL were stayed, and an Amended and Reinstated Initial Order ("ARIO") was filed in the Canadian bankruptcy proceeding on May 15, 2025 that extended the stay to all insurers of ACL, including my clients. Justice Émond rendered a judgement in the Canadian proceeding on July 30, 2025, which maintained the ARIO. However, the judgment only referenced CLMI and did not list any other insurers. CLMI later requested a revised ARIO which would include the schedule of all ACL insurers, including the solvent, non-Resolute LMC. Accordingly, at a hearing on September 4, 2025, the Canadian Bankruptcy Court granted the Second ARIO and clarified the stay of proceedings was to all ACL Insurers. Furthermore, we note that the U.S. Bankruptcy Court entered an order of provisional relief recognizing the stay of proceedings in May 2025, and later, on October 30, 2025, a Recognition Order was filed recognizing ACL's Canadian bankruptcy proceeding as a foreign main proceeding under Chapter 15 of the U.S. Bankruptcy Code and thus enforcing the stay order in the United States.

Due to the requirements of the stay, payment of the *Berley* settlement must be submitted through the claims process in the CCAA proceeding and can't be paid outside of that process. Thus, my clients cannot fund this or any settlement of ACL without specific instructions from the Canadian and U.S. Bankruptcy Courts. And my clients have not provided any funds related to the *Berley* settlement to Plaintiff's counsel. The funds in possession of Plaintiff's counsel were provided by CMLI.

Finally, I have a previously scheduled mediation starting Friday, April 17, at 10:00 a.m. in Spartanburg. With this report to the court, I respectfully request to be excused from attending the hearing Friday on behalf of my clients, the Non-Resolute London Market Insurance Companies, and regarding the funds sent by CLMI being held in trust by Mr. Cagle.

Thanks in advance for your consideration,

Beth Richardson

15

\<image001.png\>

\<image002.gif\>

| **BETH BURKE RICHARDSON** | **MEMBER** |
|---|---|
| DIRECT 803.231.7819 | 2151 Pickens Street |
| **VCARD   VIEW BIO** | Suite 500 |
| **ROBINSONGRAY.COM** | PO Box 11449 (29211) |
|  | Columbia, SC 29201 |

\<image008.png\>

\<image005.jpg\>

\<image004.jpg\>                    \<image006.jpg\>

\<image007.jpg\>

**NOTICE:** This e-mail is confidential and may contain information which is legally privileged or otherwise exempt from disclosure. If you received this message in error, please delete this message from your device. **Supporting Green** print wisely.

---

**From:** Eubanks, Tiffany <teubanks@sccourts.org>
**Sent:** Friday, April 10, 2026 11:19 AM
**To:** jcagle@mrhfmlaw.com; Melissa King <mking@resolutemgmt.com>; Beth B. Richardson <brichardson@robinsongray.com>; Peter Protopapas <pdp@rplegalgroup.com>; Will Early <willearly@pierceloan.com>; Jessica Laffitte <jlaffitte@gwblawfirm.com>
**Cc:** Toal, Jean <JToal@sccourts.org>; Jessica Pitts <jpitts@mrhfmlaw.com>
**Subject:** On Behalf of Chief Justice Toal-- Letter re: Berley( 2023-CP-40-02840) April 17, 2026 Hearing on Settlement and Settlement Funds

Good morning, all!

Please see the attached letter from Chief Justice Toal regarding the April 17, 2026 hearing in the above-referenced matter. Thank you!

Sincerely,

**Tiffany Eubanks**
Judicial Law Clerk
SC Court Administration
Office: (803) 734-1800
teubanks@sccourts.org

~~~ CONFIDENTIALITY NOTICE ~~~ This message is intended only for the addressee and may contain information that is confidential. If you are not the intended recipient, do not read, copy, retain, or disseminate this message or

16

any attachment. If you have received this message in error, please contact the sender immediately and delete all copies of the message and any attachments.

<Executed Release and Indemnity Agreement(45620673.1).pdf>

<Order Enforcing the Bankruptcy Stay 5.11.26.pdf>

**Exhibit B**

Hearing Transcript

```
STATE OF SOUTH CAROLINA   COURT OF COMMON PLEAS
COUNTY OF RICHLAND        FIFTH JUDICIAL CIRCUIT
_____
PEGGY B. BERLEY, Individually :
and as Personal Representative:
of the Estate of BILLY G.      :   Civil Action No.:
BERLEY, deceased,              :
                               :   2023-CP-40-02840
        Plaintiff,            :
                               :
     vs.                       :
                               :
AECOM ENERGY & CONSTRUCTION,   :
INC., et al.,                  :
                               :
        Defendants.           :
_____
SHIRLEY A. JENKINS,            :
Individually and as Personal   :
Representative of the Estate   :   Civil Action No.:
of SAM JENKINS, JR., deceased,:
                               :   2024-CP-40-04703
        Plaintiff,            :
                               :
     vs.                       :
                               :
ASBESTOS CORPORATION LTD.,     :
et al.,                        :
                               :
        Defendants.           :
```

_____

HEARING
(Before the Honorable Jean H. Toal)

_____

```
DATE TAKEN:      May 12, 2026
TIME BEGAN:      12:40 p.m.
TIME ENDED:      1:40 p.m.
LOCATION:        Richland County Judicial Center
                 Courtroom 3B

REPORTED BY:     Tami I. Watters, RPR, CRR
                 Magna Legal Services
                 866-624-6221
```



MAGNA
LEGAL SERVICES

Page 2

A P P E A R A N C E S

Representing the Plaintiff:

MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC
BY: JOSHUA D. CAGLE, ESQUIRE
300 West Coleman Blvd.
Suite 200
Mount Pleasant, SC 29464
(843) 388-1330
jcagle@mrhfmlaw.com

ALSO PRESENT:
WILLIAM PEARCE EARLY, ESQUIRE
JESSICA WALLER LAFFITTE, ESQUIRE
BETH RICHARDSON, ESQUIRE
THEODORE L. MANOS, ESQUIRE
JOHN E. ROBINSON, ESQUIRE
PETER PROTOPAPAS, ESQUIRE
THEILE McVEY, ESQUIRE
CHARLES ("TREY") W. BRANHAM, ESQUIRE

Page 3

I N D E X

PAGE
Proceedings                                3
Certificate of Reporter                   54

E X H I B I T S
(None Marked.)

Page 4

- - -
P R O C E E D I N G S
- - -
THE COURT: This is a convening of a hearing with respect to two cases, and for ease and convenience, we refer to them as the Berley and Jenkins cases. Each of these cases is an action regarding exposure to asbestos resulting in mesothelioma by Mr. Jenkins and Mr. Berley. The current plaintiffs are the widows of these two deceased mesothelioma-contracted claimants.

This is a hearing to discuss the status of the settlements of these two cases in the light of the bankruptcy of ACL, the settling defendant, and the subsequent filing -- for bankruptcy in Canada of ACL and the subsequent filing of recognition orders in the United States Bankruptcy Court for the District of New York.

There's been a good deal of activity in Judge Glenn's court aimed at trying to prevent this Court from conducting hearings with respect to settlements made in each of these cases with carriers for ACL, and I want

Page 5

to make some prefatory statements about the Court's reason for convening these hearings.

Several of the lawyers involved for the defendant or the carriers have been put in the very awkward position that they feel they must obey their clients and the bankruptcy court of the U.S. District of New York which forbid them from participating in any hearing in this Court with regard to these two settled claims because of the restrictions imposed by the stay of all proceedings regarding these cases imposed by the bankruptcy itself and ultimately by the New York Bankruptcy Court, and I am very sympathetic to the awkwardness of this matter.

However, my concern is with the laws of South Carolina regarding trusts, and much more particularly, the laws and provisions of professional responsibility and judicial ethics, regulations to this state with regard to the protection of funds held in trust for clients, and that's my only reason for feeling like we have got to -- I have got to, as a Court, bring some supervision to that group of requirements of law.

Page 6

What I want to do is place upon the record today a kind of timeline what has occurred in this matter. I've asked the parties to supply that information, and you have done so, even those of you who feel that you are restricted from being able to fully participate in these proceedings. But you're here and I would like to place upon the record who is here and indicate that, except for Mr. Cagle, Mr. Protopapas and his attorneys as receiver for ACL, all the rest of you are here as a politeness and respect for this Court but have grave restrictions on your ability to participate in these proceedings, and I respect that.

That being said, I'm going to place on the record who is here, and anything you wish to say by way of your restrictions, the restrictions on you by client and by the bankruptcy courts involved, you may place upon the record as I call your name.

So first, Mr. Cagle.

MR. CAGLE: Good morning, your Honor. Josh Cagle for the plaintiffs. I don't believe there are any restrictions

Page 7

placed on me by --

THE COURT: Very good. And Mr. Cagle is attorney for both the Berley family and Jenkins family.

Mr. Early?

MR. EARLY: Will Early from Charleston. I represented Mr. Protopapas as receiver. I and he believe that the initial bankruptcy order stripped that title from him, so I don't see that I have a client. I don't know that I'm running afoul of any bankruptcy rules. I read it and it said for the stayed parties who participated in it may be in contempt of court. I don't know that that applies to me. I'm here as a witness and to answer any questions that your Honor may have for me.

THE COURT: Thank you very much.

MS. LAFFITTE: Yes, your Honor. Jesse Laffitte with Gallivan, White & Boyd. Similar position to Mr. Early. We represented Mr. Peter Protopapas as the receiver and no longer do that, so I don't have a client as well and am here as a fact witness to answer any questions.

Page 8

THE COURT: Right. And having said that, for these two lawyers, I say that the factual information that I see is related to the circumstances surrounding the settlements of -- these two mediations and settlements of these two matters and what transpired thereafter.

I now turn to Ms. Richardson.

MS. RICHARDSON: Yes, your Honor. Beth Richardson. I'm here on behalf of the solvent non-Resolute London Market companies, and we're aware of the order that Judge Glenn issued yesterday. We are considered a stayed party but we were not a co-applicant to the bankruptcy. However, later, as your Honor knows, in the timeline, the Canadian court extended that to other insurers of ACL which would include my client, so I do believe that I am here pursuant -- under Judge Glenn's order, but I also respect your Honor's request that we come before you to address any matters that concern the South Carolina Rules of Professional Conduct and I'm here to answer any questions you have with regard to that.

THE COURT: Thank you, ma'am.

Page 9

Mr. Manos, Teddy Manos.

MR. MANOS: Yes, your Honor. Teddy Manos from Robertson Hollingsworth Manos & Rahn in Charleston. I am here in my personal capacity as an officer of South Carolina and a lawyer. I do not represent anyone today. I am not authorized to make any representations on behalf of any parties or individuals. I'm here because you requested and directed me to be here, and I certainly respect you and the South Carolina courts. I don't have anything substantive to add to these proceedings, but I will stay here as long as you would like me to, your Honor.

THE COURT: Thank you, Mr. Manos, and thank you for the great inconvenience of responding to my request and coming to be in the courtroom today. I can't tell you how much I appreciate your professionalism for doing that.

MR. MANOS: I appreciate that. Certainly not an inconvenience for me to appear before you, but thank you, your Honor.

THE COURT: Mr. Protopapas and Mr. Robinson?

MAGNA
LEGAL SERVICES

Page 10

MR. ROBINSON: Your Honor, John Robinson here for Mr. Protopapas who, as this Court knows, was the court-appointed receiver for ACL. I did hear Mr. Early make some representations regarding Mr. Protopapas's position, and we would just simply say that it is our understanding -- we don't agree with the representations he's made, and I'll leave it at that. But it is our understanding under the bankruptcy order we are a stayed party at this time and we are here observing the proceedings.

THE COURT: All right. Now, is there anyone else in the room who has had that kind of direct involvement at some point in time in the Berley/Jenkins cases? If so, stand and identify theirselves.

Very well. Then let me begin these proceedings by this statement: Again, let me rule that all parties who have indicated their wish to reserve rights and the client's rights with regard to their contest of the authority of this Court to proceed in any manner because of the orders of Judge Glenn, your position is preserved. Nothing in -- by way of your

Page 11

presence in this courtroom waives any rights which you assert with respect to the orders of the New York Bankruptcy Court and with regard for my request for your attendance.

I think each are compatible with the other without your giving up any strongly held positions about the lack of authority of this Court to move forward in any way, and those rights and that position is completely preserved and not waived in any way by your presence in the courtroom at this time.

I believe that we are speaking at cross-purposes for -- with respect to this matter, so let me outline for the parties for the attorneys in both the Berley and Jenkins matters what I believe I have before me and what I have been attempting to try to accomplish.

First of all, with respect to the Berley case, the Berley case was filed on '23, set for trial in 2024, and mediation took place shortly before trial. Mediations in these cases are required, both by the normal Rules of Civil Procedure and, more particularly, by the Asbestos Standing Order

Page 12

that governs the proceeding of cases set on the asbestos docket.

I preside over that entire docket, and, as such, I call together a group of advisory attorneys from both plaintiffs' and defense bar every year and I -- pursuant to their discussions and requests, I then set a docket for the entire year for the trial of asbestos cases. I set approximately five to seven cases per block, and the blocks run approximately every seven weeks throughout the year, and that is how the bulk of the cases set for trial on the asbestos docket move forward.

I pay close attention to motions made and all preliminary proceedings engaged in in these cases. Some of them have as many as 60 defendants and the only way you can move these cases forward in a reasonable way for trial is to maintain a very assiduous attention to all pretrial motions to try to rule on to try to push the cases forward. And if a judge can do that, and as a senior active judge, which this is my primary responsibility, I can do that.

Page 13

These cases then proceeded in an orderly way through discovery disputes, jurisdictional disputes and the entire panel of pretrial matters until they finally hit a very important benchmark that takes place before the case is tried, and that is court-required mediation. And here we have been successful in narrowing the issues and focusing attention and ruling on and making orders and entering orders back in these matters.

The cases are ripe for a full discussion by all sides as to whether the case can be resolved, and many times many defendants do resolve. Sometimes the entire docket, all the cases on a particular block of cases resolve. And when they resolve, the mediator -- and we have a group of mediators that service the asbestos docket as well as some of the other complex product cases in this state, and they do a great job.

If a case resolves, a term sheet or some sort of indication of the circumstances of the resolution are signed by the mediator and given to the parties. The parties then

Page 14

contact me and I remove the case from the trial docket, and that's a pretty significant thing. Trial slots are hard to come by. When I remove a case from the trial docket, I remove it because I rely on the representation that the case is in fact settled.

I've never had anything happen in any of the cases I've tried or any of the cases I've managed, which now go -- I've been now doing this for about 10 years now and I have managed hundreds of cases through this very process. This is the first time I've ever had something occur as occurred here. And the basic timeline of what occurred is as follows:

The Berley mediation occurred on June the 13th, 2024. On July the 29th, 2024, the Berley case was resolved by agreement and during mediation and a settlement confirmation e-mail was exchanged between the parties and I received a copy. I then removed the case from the trial docket.

Much back and forth was had between the plaintiff's attorney, Mr. Cagle, and the settling parties, and there were other parties

Page 15

that had settled previous to this, but this particular settlement would have represented the last defendants left in the Berley case, and that is the ACL defendant.

The ACL defendant had insurance coverage from several different arenas. One of them was insurance coverage managed by Resolute Corporation. Resolute is probably the biggest single claims manager in the United States and it has responsibility for hundreds of different entities, insurance entities and other entities of this type, and assists in providing the mechanism for resolving cases.

In this particular matter, Melissa Ann Kin,g, who is a licensed claims adjuster in the state of South Carolina and a longtime employee of Resolute, participated in the resolution of this matter along with attorneys for the defendant, along with the receiver for defendant and perhaps some other parties, and, of course, the plaintiff, and an agreement was reached. A financial agreement was reached.

Mr. -- the Berley plaintiffs received other funds from other settlements

Page 16

that were made previous to this time so this is the only one that is still pending.

The next thing that occurred was exchanges went back and forth between the defendants, primarily through Ms. Laffitte, to exchange proposed release documents, and in -- on September the 27th, 2024, a release was sent to Ms. Berley for review and signature, and on November the 4th, 2024, an executed release from Ms. Berley was sent to Ms. Laffitte.

Sometime after that, in January of 2025, January the 9th, Mr. Early replaced Ms. Laffitte as the attorney for ACL and a substitution of counsel was filed and I granted it on January the 22nd, 2025.

Mr. Cagle began to send inquiries back and forth with -- as did other members of his firm, back and forth asking for what was happening with funding, and sometimes these inquiries were answered rather immediate and sometimes time elapsed before they were answered. But a W-9 was prepared and sent. Everything that you can think of that would facilitate the paying of these funds was put

Page 17

in motion.

On April the 21st, 2025, defense asked Mr. Cagle for a new release to be executed by the Berleys, and that was agreed to and a wait then occurred to get the new release. In the meantime, shortly thereafter on April -- I mean, on March the 24th, 2025, the Jenkins matter, which was scheduled for trial -- when, Mr. Cagle?

MR. CAGLE: That was June 2nd of 2025.

THE COURT: June 2nd of 2025. The Jenkins case was mediated and a settlement occurred with ACL. This time Ms. King attended personally, as I recall, or was involved --

MR. CAGLE: She was present by Zoom.

THE COURT: Sir?

MR. CAGLE: She was present by Zoom.

THE COURT: She was present by Zoom for the second mediation.

MR. CAGLE: Yes, your Honor.

THE COURT: And there were other attorneys involved and so forth. And on the next day, March the 25th, a settlement

Page 18

confirmation e-mail and letter was sent to Mr. Early from Mr. Cagle's law firm. A new release was received by the Berley family for its case shortly thereafter on the 28th of March, 2025, and a letter was sent out sending the new release to the client.

On May the 6th, 2025, ACL filed for bankruptcy in Canada. It's very uncertain to me as to what that Canadian bankruptcy did by way of this insurance situation. All the insurers were not named, but this bankruptcy was brought by some of the insurers. They're the ones that put ACL in bankruptcy.

What did not happen is did anybody advise Mr. Cagle of this bankruptcy. Therefore, Mr. Cagle had no reason to advise his client of this bankruptcy.

MR. CAGLE: Judge, Mr. Early did call -- I don't remember what day it was, but Mr. Early did call. Once he received wind that there was a bankruptcy, he did let me know at that time.

THE COURT: For the Jenkins case.

MR. CAGLE: That's right.

THE COURT: I'm talking about the

Page 19

Berley case. The Berley case, a letter sending the new release to the client went out on April the 1st. That's that other release they said they wanted that would have some kind of nondisclosure agreement.

MR. CAGLE: That's correct.

THE COURT: I mean, her paperwork had been done almost a year before that, correct?

MR. CAGLE: That's correct.

THE COURT: All right. And suddenly here is this new release, and suddenly, right thereafter, comes this bankruptcy. I don't think Mr. Early had any knowledge about this and I don't know that any of the other lawyers did, but somebody did. Somebody within the settling outfit certainly did.

But on March -- I mean, on May the 12th, 2025, ACL filed for bankruptcy. However, pursuant to Josh Cagle's call with Beth Richardson, this settlement and Jenkins would still likely be funded is what they told him. I think they were told that by Ms. Richardson in good faith by her. She was saying the information she had gotten.

Page 20

MR. CAGLE: I will agree with that, Judge.

THE COURT: All right. So back and forth they went, then. An updated executed release was sent to the defendants, and shortly thereafter, on May the 30th, 2025, Mr. -- the Gallivan, White & Boyd firm received a wire from Resolute placing the settlement funds in the trust account of Gallivan, White & Boyd.

Now, this is a very significant moment in this thing in my view because now this money is no longer reposed in the coffers of ACL or the coffers of its insurance company and that's where this money was always going to come from was from insurance proceeds and not from ACL directly.

But the projection that is made to these two widows who had both given complete releases and had their cases taken off of my trial docket, was that they would be paid in the case of Ms. Berley some $120,000 --

MR. CAGLE: It was the $120,000 which was --

THE COURT: Right, that's

Page 21

Ms. Berley.

MR. CAGLE: Yes.

THE COURT: And Ms. Jenkins some $600,000.

MR. CAGLE: That's correct.

THE COURT: And they had given their complete releases of any liability by ACL by the agreement that had been procured in mediation.

That money in Gallivan, White & Boyd's bank account, then, is held for the client. It's not Gallivan, White & Boyd's money. It's the clients' money. Gallivan, White & Boyd represented the -- ACL. It represented the defendant. It wasn't gonna take any money out for theirself or anyone else. This was all trust money for a client who had completely released all of her responsibility -- all of her claims, and they had already taken a cut off of what they first agreed to in order to be sure that there was insurance money left to fund it, as I understand it.

So you agreed to accept something less than 120 in order to get the settlement

MAGNA
LEGAL SERVICES

Page 22

composed; am I right?

MR. CAGLE: Judge, I think we were going to receive the $120,000. The settlement was for maybe $160,000.

THE COURT: So 120 was --

MR. CAGLE: We were gonna get $120,000.

THE COURT: But 160 was what they had originally been enticed to agree to in order to procure their release, right?

MR. CAGLE: Somewhere thereabouts.

THE COURT: So, again, that raises in my mind the question what is the character of those funds in terms of the authority of a bankruptcy court or a recognition bankruptcy court to touch funds that are held in a lawyer's trust account.

I know what the Court and the law of South Carolina thinks of those monies. They are no longer the monies of anybody other than the clients, pure and end of conversation. No one, not this Court, not any court, would have authority to interfere with those funds. Even though they're not in the hands of the clients themselves, as I view it, and I have

Page 23

scrutinized these rules as hard as I can, these funds are the funds of the client. They are to this day. And yet, the insurance companies have now importuned the New York Bankruptcy Court to issue orders that seem to indicate that it has the authority to not only stop me from hearing anything about this case, but to restrict the ability of the law firms who hold these funds in trust from giving the funds to the clients. And this case, that is all a restriction now to Mr. Cagle which is attorney for the plaintiffs.

MR. CAGLE: Judge, my understanding of the Berley case at this point is that, with your order, we can distribute that money.

THE COURT: Well, that's kind of what I thought, too, except that I have now -- I'm going to ask about that and we'll see whether anybody feels that they can give any opinion about it.

I think that -- I certainly think what Judge Glenn said when he heard this thing the first time and the second time in the transcript is that his authority did not extend to reaching those trust funds held in

Page 24

trust for the client.

MR. CAGLE: And I'm gonna take it a step further. I'm not sure he made a specific ruling on that. He said we were welcome to brief it after the fact, but I think perhaps the lawyers in the bankruptcy court read the tea leaves and said we're gonna drop this issue and we'll agree to release that money, and that's why we sent you Judge Glenn's order. That's my understanding.

THE COURT: So your position is, even with the latest orders from Judge Glenn, that an order from me presented in the Berley case could be signed by me and those funds could be released to your client.

MR. CAGLE: That is my understanding as to the Berley case.

THE COURT: Berley. Jenkins is a different thing.

MR. CAGLE: I've not read that transcript. I got that order late yesterday just like everybody else did, but that's my understanding in the Berley case, yes, ma'am.

THE COURT: All right. So let's stop there for Berley then. And before we get

Page 25

to what should be done with Jenkins, I am prepared -- and I think these proposed orders need to be somewhat recast --

MR. CAGLE: Sure.

THE COURT: -- Mr. Cagle, to reflect the activity in the bankruptcy court for the U.S. District of New York as well as the further activity in my court because we don't know what the New York court or the parties, ACL or its representatives or the other lawyers or insurance companies, may want to do with this and so I think we need an order that reflects what's gone on, including today.

MR. CAGLE: Sure.

THE COURT: So I am prepared to do that, but before I do that, Mr. Early, I want to turn to y'all. And I realize that y'all don't have a dog in this fight anymore, but I'm going to turn to you and ask you whether you have anything you think you want to or are authorized to add to this.

MR. EARLY: Judge, I don't. I've seen the order that was issued late yesterday by Judge Glenn. Frankly, I've had some discussions with Mr. Cagle. Personally -- and

**MAGNA**
LEGAL SERVICES

**Page 26**

again, this is Will Early personally -- I don't see anything prohibiting that, but I'm not a bankruptcy lawyer. And again, I'm just here in part to answer some questions, but personally, I don't see anything wrong with this.

THE COURT: Ms. Laffitte?

MS. LAFFITTE: I agree with Mr. Early. I do just want to point out, maybe some self-preservation, Gallivan, White & Boyd was never notified of any impending bankruptcies --

THE COURT: Oh, exactly. Thank you very --

MS. LAFFITTE: Yeah.

THE COURT: Thank you very much. I mean, that is one of the things that's a big problem is the left hand not telling the right hand. I'm not trying to be pejorative to Ms. King on the one hand or to management people within Berkshire Hathaway or anybody else who's dealt with this matter, much less anything negative about Judge Glenn. But people down here weren't told, Mr. Cagle wasn't told, you were not told. Gallivan,

**Page 27**

White & Boyd was doing just what you were supposed to do, because King sent the money to Resolute, told Resolute to get the money transferred to Gallivan, White & Boyd, they're the dispersal agent for this settlement, and that's why I came to y'all. Y'all never knew a thing about bankruptcy or anything to do with anything.

MS. LAFFITTE: No, your Honor. And I think the record's clear, but those funds are now in Mr. Cagle's trust account and no longer in Gallivan's.

THE COURT: That's right. Y'all transferred those, and that was about the time that your relationship was winding up with this particular case and Mr. Early was becoming involved. So you transferred the money because you weren't holding it for you or Mr. Early. You were holding it for Mr. Cagle.

MS. LAFFITTE: That's right.

THE COURT: So you sent it to his trust account.

MS. LAFFITTE: Yes, your Honor.

THE COURT: And I think that's

**Page 28**

exactly normal.

MS. LAFFITTE: Right. I just wanted to put those things -- make that clear.

MR. EARLY: Your Honor, if I could, too, just a couple things. I just talked to Mr. Robinson. When I put on the earlier that I didn't have a client in the case, I think I said -- used the word stripped or relieved, and I believe what Mr. Protopapas and Mr. Robinson's position is is that initial bankruptcy order stayed their position as receiver. So it doesn't affect whether I have a client or not. I still don't think I do. I'm here as a witness.

And Mr. Manos just handed me the actual order that came down last night talking about the prohibiting of states. It says in the order -- and this is Judge Glenn's order: Except as to the settlement funds that have already been transferred in the Berley action.

So I think just reading his order allows what your Honor and Mr. Cagle want to do.

THE COURT: What I think he's referring to there is that the funds were

**Page 29**

transferred from Gallivan, White & Boyd to Cagle.

MR. EARLY: I do, too, your Honor. And again, this is my reading of it. And also, just because my friend Jesse just said it -- and I did it a lot at the last hearing -- I was not aware, my law firm was not aware when we settled the Jenkins case that there was any bankruptcy pending, being thought about, anything. I just became aware of that, as I put on the record in our earlier hearing, when Mr. Protopapas called me one morning and I thereafter called Mr. Cagle.

THE COURT: Yes. Now, what you are now reciting comports completely with the way I have understood it. None of you folks had any knowledge of this. You went trucking along with getting cases resolved and moving on forward and had no knowledge about the bankruptcy until after the fact.

MR. EARLY: Correct.

THE COURT: And some of these things took place before the fact.

MR. EARLY: I can't answer that.

THE COURT: But it's nothing that

**MAGNA**
LEGAL SERVICES

8 (Pages 26 to 29)

Page 30

was ever brought to y'all.

MR. EARLY: Absolutely. We settled the Jenkins case in Tom Wills's office. I have a recollection of it. Ms. King was on video. I think Peter and I were in Charleston and I caught wind -- I was speaking at a seminar about two weeks later, 10 days later, on a similar issue when Peter called me and that's when I found out about it.

THE COURT: Got it.

MR. CAGLE: So if I can briefly on that, here's the issue that I have. And it's -- I certainly respect Judge Glenn's order. I've read both of his orders. I certainly don't intend to violate any bankruptcy stay. I respect that stay. I may not agree with it, I may not like it but I respect his order.

What I have a difficult time wrapping my head around is, as you've just stated, several of these events presumably happened before mediation; meaning, the wheels were set in motion to file for bankruptcy prior to that mediation in the Jenkins case. And I've mediated cases with Bill and other

Page 31

lawyers here, and in order to do that, I have to be able to take somebody's word that what they say means something.

THE COURT: I understand.

MR. CAGLE: And that's the issue that I have with Resolute in this case and the issue I've had for a year now.

I don't know what's going to happen in the Jenkins case. I may have to go to Canada to get that. I don't know. But the issue with me is there was -- and I think you may agree, Judge, correct me if I'm wrong -- at bare minimum, an omission, maybe a misrepresentation, as to the intent to consummate that settlement.

THE COURT: Well, we were going to get into that here momentarily when we deal with Jenkins because I've got some deep concerns about the issues you're raising right now. They pertain, though, primarily at this moment in time to Jenkins.

With regard to Berley, I think the way is clear for us to go on and distribute those funds, and that's why I have asked you for the proposed order.

Page 32

MR. CAGLE: Yes, your Honor. I agree with that a hundred percent.

THE COURT: So let's move to Jenkins then.

MR. CAGLE: Let's do that.

THE COURT: In the case of Jenkins, what gives me tremendous heartburn is that it was represented to me and underscored by the memo of mediation from the mediator that Jenkins was settled. And on the basis of that, I took it off my trial roster. I was induced as a trial judge to put aside a very valued spot on the asbestos docket. The Jenkins case and the Berley case are very strong cases from a liability standpoint. The parties would not have settled otherwise to the substantial sums to which they have settled.

So Ms. Jenkins, who was in great need, was induced to give up her trial spot. That case could have been tried with the trial slot she had and gone to verdict and to judgment before the -- anything was done with respect to the bankruptcy. And so she's induced -- beyond her release, she is induced

Page 33

to give up her trial space and the possibility of a very strong jury verdict that would put her in a different category of entitlement if she then had to battle through the bankruptcy to get her money.

That gives me tremendous heartburn that I wasn't told, that you weren't told what was going on with this; that the defense attorneys here in South Carolina were not told. And that's none of y'all's fault.

I notice that Ms. King is not here today. I required that she be here but I don't have the same ability to require her presence that I do with members of the bar. But she's got a lot to answer for. And I'm not trying to assign ill-motives, but at the very least, it's the sloppiest kind of treatment of trust responsibilities which insurers have. They have a fiduciary responsibility when they induce a party to release their claims, and that's what was done here.

Jenkins has not only agreed to the settlement and took the case off the trial roster, but she also signed a release, and she

MAGNA
LEGAL SERVICES

Page 34

signed the ultimate release after somebody knew the bankruptcy had been declared, and that's the piece that gives me tremendous concern that a wrong has occurred, a fraud has occurred or something that is definitely improper. I don't know what the motivation was and the right hand not saying anything to the left hand and so forth, but this is a wrong.

MR. CAGLE: And I agree with that, Judge. Two points on that: One -- and I made this point at our last hearing -- there's an e-mail, I think it was June 12th, where -- June 12th of 2025 where I'm e-mailing Melissa, as I have, and asked, you know, point blank, are you in a -- what are you going to do with this? Are we gonna get paid or are we not going to get paid?

And she's like, "Well, we're gonna submit this request to the monitor and I'll let you know."

I'm not sure if that request was ever made. As I said at the last hearing, I don't want to impugn anybody else either, but if there were inferences that I misrepresented

Page 35

myself in mediation with Mr. Early or anybody else, I'd be the one wanting to be here explaining myself away.

THE COURT: Exactly. And here's another thing that's a concern to me. It's been almost a year later now as I sit here --

MR. CAGLE: That's correct.

THE COURT: -- a month shy of a year later, and the monitor thing and submitting to that I think was initially projected as this is just kind of a minor thing you got to do if you're going to get paid, so forth and so on. I want to know what the real story is. Has a monitor been set up? Have any real claims proceedings been set up? I'm almost concerned that no real mechanism has been set up.

MR. CAGLE: There's probably people much better equipped to answer that question than I am. My understanding is there is a monitor, there's a claims process that's being discussed --

THE COURT: Has this case actually been placed before the monitor, do we know?

MR. CAGLE: We have received a packet, as I'm assuming Theile and Trey has as

Page 36

well, of information that they're requesting in order to process claims. We have not filled anything out because we just got it and we're looking into it.

THE COURT: This is -- you just got them within the last couple of weeks, right?

MR. CAGLE: Last month or so.

THE COURT: Last month or so.

MR. CAGLE: Last couple weeks.

THE COURT: I mean, this has been a year after this thing and at a time after you were told --

This happened in June. You were told in July, August, September, October, November, and on and on, that there was a monitoring process and that you just have to submit something and yet you're just now getting any kind of procedural documents about a monitoring process.

MR. CAGLE: And I'm certainly not the one to answer questions about the bankruptcy process or what's gone on in the Southern District.

The one other thing I did want to note as far as Judge Glenn's order, and it

Page 37

goes back to the April 29th order which was a couple weeks back and then the order from yesterday, and it's this order hereby bars all proceedings in the South Carolina trial court as to Berley and Jenkins.

And while I certainly understand the stay issue as to the assets, I think --

Okay. I'm here -- I'm not seeking any assets in the Jenkins case. I don't think we're gonna get paid by the monitor or anybody else in the Jenkins case right now based on Judge Glenn's order. I'm pretty --

THE COURT: Well, let me ask you about that. Why is that? So we are not looking to the assets of ACL. I understand that, in the broader sense of the term, any of your insurance companies regard -- insurance coverage is regarded as an asset, but these are very specific assets, insurance policies, and that's what was negotiated to arrive at these settlements to begin with, including the Jenkins settlement itself.

Why would not there be an accelerated process for getting the insurance assets involved?

Page 38

MR. CAGLE:  That I don't know the answer to.  And I also think that Judge Glenn has spoken on that in the Southern District.  I respect that order.  I'm not here to try and contravene his orders.  I think what I'm more concerned about right now is the misrepresentation on the Court at that mediation and to me at that mediation.  I feel confident someone knew something that wasn't relaid to me and that's -- that's the issue I really have right now.

Berley, that case is -- we can do away with that one.  The Jenkins case and mediation, that's the issue I have.  As I read Judge Glenn's order as it potentially bars all proceedings, I don't know if I necessarily agree with the premise that a court in New York can look at a South Carolina state court with South Carolina claimants and South Carolina case with a South Carolina licensed insurance professional and say you can't look behind the curtain as to that.  That's the big issue I have right now.

THE COURT:  And I share that concern with you.  But I'm hopeful that at some point

Page 39

in the near future you and I will both receive some information from these insurers as to how to go about getting the insurance proceeds at least in line to be paid or some claim be made.

We still don't have anything clear and certain and a confusing order from Judge Glenn that may prohibit even going through that procedure.

MR. CAGLE:  Yeah.  I'm not sure of what procedure --

The bigger concern I had was we're -- as I read that order yesterday, we're a bit in unchartered territory as to the potential preemption of the practice of law and insurance regulations in South Carolina by Judge Glenn and the Southern District of New York, and that's kind of what I'm trying to wrap my head around.  I don't want to say anything that gets me sideways with Judge Glenn.  As I said, I respect that order.  I'm not here to look for the Jenkins' assets.  I don't think we're going to get paid on that.  I think my bigger concern is the conduct in mediation by these -- by Resolute people who

Page 40

not just manages claims for ACL, for a variety of defendants on cases set on your trial roster.

THE COURT:  Well, that's the problem.  And Ms. Jenkins was induced by potential misrepresentation to give a complete release to ACL in return for the promise of $600,000, and now it turns out that we can't look behind the curtain to see who induced that and why they did that and what sort of representations, true, false, or otherwise, were made.

MR. CAGLE:  That I agree with a hundred percent.  That's the main issue I've had for some time now.  I showed up at mediation in good faith to get the case resolved, all of us here did that, and, you know, I don't think you cook these things up in 12 days.

THE COURT:  All right.  Will?

MR. EARLY:  Yes, ma'am?

THE COURT:  All right.  I turn to you again with this very perplexing Jenkins thing.  The first thing is -- and maybe I'll go back to Ms. McVey in this regard.

Page 41

Ms. McVey, have you got any information about the claims process?

MS. MCVEY:  Oooh.  A little bit.  So, your Honor, Mr. Branham and I have been very involved in the Canadian bankruptcy.  There's a hearing actually going on now.  It started yesterday.  We're at day 2 of it today.  I don't know where it stands this minute.  We have objected to the claims procedure that they have set up there for lots of various reasons.  It gives very little protection to the claimants in the United States.  The monitor -- there is a monitor appointed who is working and being paid by the insurance companies for ACL in that bankruptcy.  So that is currently ongoing.

To date, there has not been a claims procedure set up.  We have given the monitor our clients' names and addresses and they have sent to them these large packets to fill out without understanding any kind of -- what proceeds they may or may not receive.

So the Canadian process has not been set up but it is ongoing.  And so that

**MAGNA**
LEGAL SERVICES

Page 42

Canadian process has gone up.  The Canadian bankruptcy court is the one that recognized the stay against not just ACL but against all the insurers as well, and so then they moved it to New York to Judge Glenn and asked that that be recognized under Chapter 15 of the bankruptcy.  That is what Judge Glenn has done.  He's essentially recognized the stay that the Canadian judge has put on it.

There was a hearing in front of Judge Glenn to try to not have it recognized in the United States.  Judge Glenn at least initially has disagreed with us, and we have appealed that ruling to the District Court, and I believe there's a hearing scheduled August 12th in the District Court of New York about Judge Glenn's order.

So it's all very fluid right now.  It's a little bit -- I tried to pitch it to the hearing yesterday.  It's all in Quebec, it's all in French so it makes it very difficult for me to understand what's going on.  But that's kind of where we are.

So to date, nobody's been paid in the bankruptcy and there's not a plan.

Page 43

THE COURT:  Do you know if there are any other claimants that are like Ms. Jenkins; that is, they've been induced to take their case off the trial roster, they've been further induced to actually sign complete releases of ACL and yet are not being paid?

MS. MCVEY:  I don't.  Mr. Branham may, if I could let him speak.

MR. BRANHAM:  Judge, in the form of just responding to your question in terms of a status and not arguing for any sort of relief here at all, I believe -- I could not tell you where or for what amounts -- but I believe that there are settlements that were entered into that remain unpaid.  That is from my conversation with various counsel as I have and we have worked to participate in the Canadian bankruptcy.

THE COURT:  Is it -- let me ask you this, Mr. Branham:  The applicants for the bankruptcy in Canada were the insurance companies, as I understand it.

MR. BRANHAM:  So you'll forgive the long answer.  The initial application that was filed was filed by certain London Market

Page 44

insurers.  That's different than Ms. Richardson's clients.

THE COURT:  Right.  But this is a shorthand for a group of Lloyd's-type insurers, right?

MR. BRANHAM:  Yes, your Honor.

THE COURT:  She's got a different group but these were some of those certain London Market insurers who, as insurers, put their insured into bankruptcy, right?

MR. BRANHAM:  I want to be sure that I'm giving you the full answer that I know.  Certain London Market insurers who were managed by the third-party administrator, Resolute --

THE COURT:  Resolute.

MR. BRANHAM:  -- Management, Inc. initiated the bankruptcy.  Very shortly thereafter -- and I could not tell you the time frame but it's within a day I'm pretty sure -- ACL subsequently became a co-applicant in that bankruptcy.

THE COURT:  In the bankruptcy.

MR. BRANHAM:  That's correct.

THE COURT:  But it was initiated by

Page 45

these insurers for ACL, right?

MR. BRANHAM:  The initial application was filed by the insurers.

THE COURT:  And what other motivation would they have if they just have insurance out there, insurance policies, except to limit their own liability?

MR. BRANHAM:  Judge, I'm not aware of some other reason other than that.  Obviously they're not here to speak for themselves so I can't tell you what they were thinking.  So that's the answer.

THE COURT:  All right.  Well, that underscores the concern I have from the standpoint of being -- having the activity of this Court influenced by the improper motivation of those who seek to escape their responsibility to litigants in this Court by inducing them through misrepresentation or the lack of truthful representation to mediation decisions that propose and release their insurers that they then put into bankruptcy so they don't have to respond to payment.  That is a huge concern to me, and that is why, frankly, I have convened these things to at

MAGNA
LEGAL SERVICES

Page 46

least put upon the record what I think I'm obligated to do which is to protect the litigants in this Court from being deceived, misled, or induced to part with a valid claim on the representation that monies will be paid that it turns out those involved in the mediation have no intention of paying because they're gonna put them in bankruptcy and avoid that responsibility. That is what gives me tremendous concern.

My Court can't possibly, if I can afford it, be the handmaiden for participating in that kind of fraudulent conduct against a litigant in this Court.

MR. BRANHAM: And, Judge, I just want to make sure it's very clear so that you are aware, Judge Glenn's recognition of the stay order extends not only to CLMI but CLMI's lawyers, Resolute, and all of those folks. So I don't want anything that I'm saying here to be characterized or mischaracterized of anything other than telling you the information I know and what I understand the order to be.

THE COURT: I understand that. And

Page 47

when I look at those in attendance at this hearing, the lawyers such as Mr. Manos, Mr. Early, Ms. Pittman, Ms. Richardson, they are not responsible for this conduct in any way, shape, or form. They were misled as Berley and Jenkins were misled, and it was an act of omission. Someone deliberately decided not to inform these lawyers that are out here on the front line representing these settling parties as to what was really going on. And now they take the existence of this bankruptcy to try to use it to undermine the agreement that these lawyers in good faith made. That's what's got me concerned. And it certainly is not my intention to at all complain about the rulings of Judge Glenn.

Judge Glenn is one of the highly regarded bankruptcy judges in the United States, but I believe he was not fully informed and perhaps not even the Canadian bankruptcy court was fully informed as to what obligations were already out there when these companies decided to undermine those obligations by this bankruptcy activity.

Now, having said all that,

Page 48

Mr. Cagle, I turn back to you on the question of Jenkins. Is it your feeling that the application through the monitor, if there is such a process, is the only thing you can do at this point?

MR. CAGLE: I think pursuant to Judge Glenn's orders, at this point, that's kind of what I'm stuck with.

THE COURT: I agree with you, and I think that limits very dramatically what I can do. But what I do not think it limits and could never limit is the ability of this Court to make a factual inquiry about what has happened with the cases under my jurisdiction and under my wing, and that's what I'm trying to do today is simply establish a record that indicates, (A), what has occurred, and (B), what the concerns of this Court and these lawyers in South Carolina is about the status of matters. Someone has some very heavy responsibility for decisions that were made behind closed doors, so to speak, and not fully revealed to this Court, to the lawyers participating, and certainly not to the clients, and for that, I am truly concerned.

Page 49

MR. CAGLE: Well, sure, Judge. As I said earlier, all I've asked for is a level playing field by the rules of professional conduct and I hope that everybody else I deal with does the same.

THE COURT: Yes, sir. Well, hopefully, as we conclude this hearing, we have established enough of a record. And the decision of this Court is that we will proceed with the Berley matter and conclude it, and with the Jenkins matter, I feel that until I receive some other information, I'm not empowered to act on your petition, but I will say this as a final matter about Jenkins:

I do not apologize in any way for directing you not to withdraw the motion to approve your settlement. I think that would have been a wrong done to your client as well as to the Court in light of the prior withholding of very relevant information that apparently was engaged in by those who control ACL and these insurance companies. Those -- none of those people are in this room at this time.

MR. CAGLE: Sure.

Page 50

THE COURT: And they were the -- the folks in this room were not given any more information than you were given, in my opinion.

MR. CAGLE: I agree with that.

THE COURT: All right, sir. Anything further? And I turn to Ms. Richardson.

MS. RICHARDSON: I just would like to clarify a point in the record just to be fully transparent with the Court as far as the Berley matter is concerned.

THE COURT: Yes, ma'am.

MS. RICHARDSON: I think the proceedings here were to resolve what's happened with the funds that had been set by the Resolute administer, London Market companies, to the trust accounts of Gallivan, White & Boyd, but for every ACL settlement, my clients were responsible for a small portion of that percentage --

THE COURT: Sure.

MS. RICHARDSON: -- of which we've never distributed any funds because we were subject -- we believe we were subject to the

Page 51

stay. And so when your Honor says "close the Berley matter," I can always work something out with Josh, but we would still -- I technically can still make a claim before the Canadian proceedings for this percentage that my clients would be responsible for.

I just wanted to be -- when you said "close the Berley matter," I'm not sure that --

THE COURT: Well, I think you're probably right, and I thank you for your candor in that regard. What Mr. Cagle had suggested one time was reserving a part of the release so that it didn't release that particular thing. I think you would have to redo the --

MR. CAGLE: I'll redo it, Judge.

THE COURT: -- redo the release one more time to be sure it addresses the issue that Ms. Richardson has just discussed, and I will be receptive to having that done.

MS. RICHARDSON: Yeah, it's --

MR. CAGLE: We'll talk.

MS. RICHARDSON: It's $11,353.

THE COURT: Exactly. But I'll leave

Page 52

it to the two of y'all to work out what you think would be a reasonable document to achieve that goal.

MS. RICHARDSON: I have to look and see what we can do pursuant to Judge Glenn's order. We'll work together and talk about it.

THE COURT: Very good. And I trust y'all to present to me something that you think solves this dilemma, at least for the present time. But you have my complete support in trying to come up with something.

MR. CAGLE: We'll get it done, Judge.

THE COURT: All right. Anything else that needs to be said or put upon the record?

All right. Thanks again for your -- from the bottom of my heart for your very kind attention and your patience with me in drawing this procedure as the way I've done. But I have worried considerably about what responsibilities the rules of judicial ethics place upon me to be sure that these litigants are protected adequately, and I just -- I don't want to fall afoul with the Court's

Page 53

ruling any more than you do, but at the same time, I don't want to have blessed something that takes advantage of litigants here when there was something I could have done about it. And I certainly know some of my close colleagues have faced real challenges about whether they are adhering to the judicial canon of ethics when these kind of dilemmas present themselves, and so I appreciate your accommodating my not only trying to protect these clients but, quite frankly, trying to exercise my own responsibility in the way of the courts of the law.

Thank you very much. This matter is in recess -- or no. This matter is complete. No more hearings on this.

                --  -  -

(Hearing concluded at 1:40 p.m.)

                --  -  -

MAGNA
LEGAL SERVICES

Page 54

CERTIFICATE OF REPORTER

I, Tami I. Watters, Registered Professional Reporter and Notary Public for the State of South Carolina at Large, do hereby certify:

That the foregoing proceedings was taken before me on the date and at the time and location stated on page 1 of this transcript; that said proceedings were recorded stenographically by me and were thereafter transcribed; that the foregoing as typed is a true, accurate and complete record made at the time of the proceedings to the best of my ability.

I further certify that I am neither related to nor counsel for any party to the cause pending or interested in the events thereof. Witness my hand, I have hereunto affixed my official seal this 12th day of May, 2026, at Lexington, Lexington County, South Carolina.

_____
Tami I. Watters,
Registered Professional Reporter
Notary Public
State of South Carolina at Large
My Commission expires:
February 11, 2029



|   |   |   |   |
|---|---|---|---|
| **A** | 47:7 49:13 | 34:1 36:11,11 | **am** |
| **ability** | **action** | **again** | 5:14 7:24 8:19 9:4,7 |
| 6:13 23:8 33:13 | 1:4,11 4:8 28:20 | 10:19 22:12 26:1,3 | 22:1 25:1,15 35:19 |
| 48:12 54:8 | **active** | 29:4 40:23 52:17 | 48:25 54:10 |
| **able** | 12:23 | **against** | **amounts** |
| 6:6 31:2 | **activity** | 42:3,3 46:13 | 43:13 |
| **about** | 4:21 25:6,8 45:15 | **agent** | **an** |
| 5:1 11:7 14:10 18:25 | 47:24 | 27:5 | 4:8 9:5,22 13:1 15:22 |
| 19:14 23:7,18,20 | **actual** | **agree** | 16:9 20:4 24:13 |
| 26:23 27:7,14 28:17 | 28:16 | 10:7 20:1 22:9 24:8 | 25:12 31:13 34:12 |
| 29:10,19 30:7,9 | **actually** | 26:8 30:17 31:12 | 37:18,23 47:6 |
| 31:19 36:18,21 | 35:22 41:6 43:5 | 32:2 34:10 38:17 | **Ann** |
| 37:14 38:6 39:3 | **add** | 40:13 48:9 50:5 | 15:16 |
| 41:2 42:17 47:15 | 9:12 25:21 | **agreed** | **another** |
| 48:13,19 49:14 52:6 | **address** | 17:4 21:21,24 33:23 | 35:5 |
| 52:21 53:4,6 | 8:21 | **agreement** | **answer** |
| **Absolutely** | **addresses** | 14:18 15:22,23 19:5 | 7:16,24 8:23 26:4 |
| 30:2 | 41:20 51:19 | 21:8 47:12 | 29:24 33:15 35:18 |
| **accelerated** | **adequately** | **aimed** | 36:21 38:2 43:24 |
| 37:24 | 52:24 | 4:22 | 44:12 45:12 |
| **accept** | **adhering** | **al** | **answered** |
| 21:24 | 53:7 | 1:8,15 | 16:21,23 |
| **accommodating** | **adjuster** | **all** | **any** |
| 53:10 | 15:16 | 5:11 6:11 10:13,20 | 5:8 6:25 7:11,16,25 |
| **accomplish** | **administer** | 11:19 12:16,21 | 8:21,24 9:7,8 10:23 |
| 11:18 | 50:17 | 13:13,16 18:10 | 11:1,6,8,10 14:8,8 |
| **account** | **administrator** | 19:11 20:3 21:17,18 | 19:14,15 21:7,16 |
| 20:9 21:11 22:17 | 44:14 | 21:19 23:11 24:24 | 22:22 23:19 26:11 |
| 27:11,23 | **advantage** | 37:3 38:15 40:17,20 | 29:9,17 30:15 35:14 |
| **accounts** | 53:3 | 40:22 42:3,18,20,21 | 36:18 37:9,16 41:1 |
| 50:18 | **advise** | 43:12 45:13 46:19 | 41:22 43:2,11 47:4 |
| **accurate** | 18:15,16 | 47:15,25 49:2 50:6 | 49:15 50:2,24 53:1 |
| 54:7 | **advisory** | 52:14,17 | 54:10 |
| **achieve** | 12:5 | **allows** | **anybody** |
| 52:3 | **AECOM** | 28:22 | 18:14 22:20 23:19 |
| **ACL** | 1:7 | **almost** | 26:21 34:24 35:1 |
| 4:15,17,25 6:11 8:17 | **affect** | 19:8 35:6,15 | 37:10 |
| 10:4 15:4,5 16:14 | 28:12 | **along** | **anymore** |
| 17:14 18:7,13 19:19 | **affixed** | 15:19,20 29:18 | 25:18 |
| 20:14,17 21:7,14 | 54:11 | **already** | **anyone** |
| 25:10 37:15 40:1,7 | **afford** | 21:20 28:20 47:22 | 9:6 10:14 21:16 |
| 41:15 42:3 43:6 | 46:12 | **also** | **anything** |
| 44:21 45:1 49:22 | **afoul** | 2:8 8:20 29:5 33:25 | 6:17 9:11 14:7 23:7 |
| 50:19 | 7:11 52:25 | 38:2 | 25:20 26:2,5,23 |
| **act** | **after** | **always** | 27:7,8 29:10 32:23 |
|  | 16:12 24:5 29:20 | 20:15 51:2 | 34:7 36:3 39:6,20 |



MAGNA
LEGAL SERVICES

46:20,22 50:7 52:14
**apologize**
49:15
**apparently**
49:21
**appealed**
42:14
**appear**
9:23
**applicants**
43:20
**application**
43:24 45:3 48:3
**applies**
7:15
**appointed**
41:14
**appreciate**
9:19,21 53:9
**approve**
49:17
**approximately**
12:9,11
**April**
17:2,7 19:3 37:1
**are**
4:10 6:6,11,25 8:13
10:10,11 11:5,12,23
13:12,24 14:3 22:16
22:20 23:2,3 25:20
27:11 29:14 32:14
34:16,16,17,17
37:14,19 42:23 43:1
43:2,6,14 46:17
47:4,8 49:23 52:24
53:7
**arenas**
15:6
**arguing**
43:11
**around**
30:20 39:19
**arrive**
37:20
**as**
1:3,10 4:6 5:23 6:10

6:12,21 7:7,15,22
7:23,24 8:15 9:5,13
9:13 10:2 12:4,17
12:18,23 13:13,19
13:19 14:13,14
16:14,18 17:15 18:9
21:22 22:25 23:1,1
24:17 25:7,7 28:11
28:14,19 29:11
30:20 31:14 32:12
34:15,23 35:6,10,25
35:25 36:25,25 37:5
37:7,18 38:14,15,22
39:2,13,14,21 42:4
43:16,22 44:9 47:2
47:5,10,21 49:1,7
49:14,18,19 50:11
50:11 52:20 54:7
**asbestos**
1:14 4:8 11:25 12:2,9
12:13 13:19 32:13
**aside**
32:12
**ask**
23:18 25:19 37:13
43:19
**asked**
6:3 17:3 31:24 34:15
42:5 49:2
**asking**
16:19
**assert**
11:2
**asset**
37:18
**assets**
37:7,9,15,19,25
39:22
**assiduous**
12:20
**assign**
33:16
**assists**
15:13
**assuming**
35:25

**at**
4:22 10:9,10,15
11:11,12 18:22
23:14 29:6 30:6
31:13,20 33:16
34:12,23 36:11
37:20 38:7,8,18,25
39:3 40:15 41:7
42:12 43:12 45:25
47:1,1,15 48:5,7
49:23 52:9 53:1,18
54:3,5,8,12,16
**attempting**
11:17
**attendance**
11:4 47:1
**attended**
17:15
**attention**
12:15,21 13:9 52:19
**attorney**
7:3 14:24 16:14
23:12
**attorneys**
6:10 11:15 12:5
15:19 17:24 33:9
**August**
36:14 42:16
**authority**
10:22 11:7 22:14,23
23:6,24
**authorized**
9:7 25:21
**avoid**
46:8
**aware**
8:12 29:7,8,10 45:8
46:17
**away**
35:3 38:13
**awkward**
5:5
**awkwardness**
5:14

_____
**B**
_____

**B**
1:3 3:9 48:17
**back**
13:10 14:23 16:4,18
16:19 20:3 37:1,2
40:25 48:1
**bank**
21:11
**bankruptcies**
26:12
**bankruptcy**
4:15,17,19 5:6,12,13
6:20 7:9,11 8:15
10:10 11:3 18:8,9
18:11,13,15,17,21
19:13,19 22:15,15
23:5 24:6 25:6 26:3
27:7 28:11 29:9,20
30:16,23 32:24 33:4
34:2 36:22 41:5,16
42:2,7,25 43:18,21
44:10,18,22,23
45:22 46:8 47:11,18
47:21,24
**bar**
12:6 33:14
**bare**
31:13
**bars**
37:3 38:15
**based**
37:11
**basic**
14:14
**basis**
32:10
**battle**
33:4
**be**
7:13 9:10,17 13:14
17:3 19:22 20:21
21:21 24:14,15 25:1
25:3 26:19 31:2
33:12 35:2,2 37:23
39:4,4 42:6 44:11
46:5,12,21,24 50:10



51:6,7,19,21 52:2
52:15,23
**became**
29:10 44:21
**because**
5:10 9:9 10:23 14:5
20:12 25:8 27:2,18
29:5 31:18 36:3
46:7 50:24
**becoming**
27:17
**been**
4:21 5:4 11:17 13:8
14:9 19:8 21:8 22:9
28:20 32:21 34:2
35:6,14,15,16,23
36:10 41:4,18,24
42:24 43:3,4 49:18
50:16
**before**
1:18 8:21 9:23 11:16
11:22 13:6 16:22
19:8 24:25 25:16
29:23 30:22 32:23
35:23 51:4 54:5
**began**
1:21 16:17
**begin**
10:18 37:21
**behalf**
8:10 9:8
**behind**
38:22 40:9 48:22
**being**
6:6,16 29:9 35:20
41:14 43:6 45:15
46:3
**believe**
6:25 7:8 8:18 11:12
11:16 28:9 42:15
43:12,13 47:19
50:25
**benchmark**
13:5
**Berkshire**
26:21

**Berley**
1:3,4 4:7,10 7:3
11:15,20,20 14:16
14:18 15:3,24 16:8
16:10 18:3 19:1,1
20:22 21:1 23:14
24:13,17,18,23,25
28:20 31:22 32:14
37:5 38:12 47:6
49:10 50:12 51:2,8
**Berleys**
17:4
**Berley/Jenkins**
10:16
**best**
54:8
**Beth**
2:11 8:10 19:21
**better**
35:18
**between**
14:20,23 16:4
**beyond**
32:25
**big**
26:17 38:23
**bigger**
39:12,24
**biggest**
15:9
**Bill**
30:25
**BILLY**
1:4
**bit**
39:14 41:3 42:19
**blank**
34:15
**blessed**
53:2
**block**
12:10 13:16
**blocks**
12:10
**Blvd**
2:4

**both**
7:3 11:15,23 12:5
20:19 30:14 39:1
**bottom**
52:18
**Boyd**
7:20 20:7,10 21:14
26:10 27:1,4 29:1
50:19
**Boyd's**
21:11,12
**Branham**
2:16 41:4 43:7,9,20
43:23 44:6,11,17,24
45:2,8 46:15
**brief**
24:5
**briefly**
30:11
**bring**
5:24
**broader**
37:16
**brought**
18:12 30:1
**bulk**
12:12
**but**
6:7,12 8:14,20 9:12
9:23 10:9 15:1
16:23 18:11,19
19:16,18 20:18 22:8
23:8 24:5,22 25:16
25:18 26:2,4,23
27:10 29:25 30:17
31:10 33:12,15,16
33:25 34:8,24 37:18
38:25 41:25 42:3,23
43:13 44:3,8,20,25
46:18 47:19 48:11
49:13 50:19 51:3,25
52:10,20 53:1,11
**by**
1:24 2:4 4:9 5:10,12
5:13 6:18,19,19 7:1
10:19,25 11:10,23

11:25 13:13,24 14:3
14:18 15:7 17:4,17
17:19,20 18:3,9,12
19:23,24 21:7,7
24:14 25:24 32:8
37:10 39:16,25,25
40:5 41:15 43:25
44:14,25 45:3,16,18
47:24 49:3,21 50:16
54:6

---

**C**

**C**
2:1 4:2
**Cagle**
2:4 6:10,22,23,24 7:3
14:24 16:17 17:3,9
17:10,17,19,22
18:15,16,18,24 19:6
19:10 20:1,23 21:2
21:5 22:2,6,11
23:11,13 24:2,16,20
25:4,5,14,25 26:24
27:20 28:22 29:2,13
30:11 31:5 32:1,5
34:10 35:7,17,24
36:7,9,20 38:1
39:10 40:13 48:1,6
49:1,25 50:5 51:12
51:17,23 52:12
**Cagle's**
18:2 19:20 27:11
**call**
6:21 12:4 18:19,20
19:20
**called**
29:12,13 30:8
**came**
27:6 28:16
**can**
12:18,23,25 13:14
16:24 23:1,15,19
30:11 38:12,18
46:11 48:4,10 51:2
51:4 52:5
**Canada**



MAGNA
LEGAL SERVICES

4:17 18:8 31:10 43:21

**Canadian**
8:16 18:9 41:5,24 42:1,1,9 43:18 47:20 51:5

**candor**
51:12

**canon**
53:8

**can't**
9:18 29:24 38:22 40:8 45:11 46:11

**capacity**
9:5

**Carolina**
1:1 5:17 8:22 9:5,11 15:17 22:19 33:9 37:4 38:18,19,20,20 39:16 48:19 54:3,12 54:16

**carriers**
4:25 5:4

**case**
11:20,20 13:6,13,22 14:1,4,6,18,21 15:3 17:13 18:4,23 19:1 19:1 20:22 23:7,10 23:14 24:14,17,23 27:16 28:7 29:8 30:3,24 31:6,9 32:6 32:14,14,21 33:24 35:22 37:9,11 38:12 38:13,20 40:16 43:4

**cases**
4:5,7,7,14,25 5:12 10:16 11:23 12:1,9 12:10,12,17,19,22 13:1,12,16,17,20 14:8,9,11 15:14 20:20 29:18 30:25 32:15 40:2 48:14

**category**
33:3

**caught**
30:6

**cause**
54:10

**Center**
1:23

**certain**
39:7 43:25 44:8,13

**certainly**
9:10,22 19:17 23:21 30:13,15 36:20 37:6 47:14 48:24 53:5

**Certificate**
3:4 54:1

**certify**
54:3,10

**challenges**
53:6

**Chapter**
42:6

**character**
22:13

**characterized**
46:21

**CHARLES**
2:16

**Charleston**
7:7 9:4 30:5

**CIRCUIT**
1:2

**circumstances**
8:4 13:23

**Civil**
1:4,11 11:24

**claim**
39:4 46:4 51:4

**claimants**
4:12 38:19 41:12 43:2

**claims**
5:10 15:9,16 21:19 33:21 35:14,20 36:2 40:1 41:2,9,18

**clarify**
50:10

**clear**
27:10 28:3 31:23 39:6 46:16

**client**
6:19 7:10,23 8:18 18:6,17 19:2 21:12 21:17 23:2 24:1,15 28:7,13 49:18

**clients**
5:6,22 21:13 22:21 22:24 23:10 41:20 44:2 48:25 50:20 51:6 53:11

**client's**
10:21

**CLMI**
46:18

**CLMI's**
46:18

**close**
12:15 51:1,8 53:5

**closed**
48:22

**coffers**
20:13,14

**Coleman**
2:4

**colleagues**
53:6

**come**
8:21 14:3 20:16 52:11

**comes**
19:13

**coming**
9:17

**Commission**
54:17

**COMMON**
1:1

**companies**
8:11 23:4 25:11 37:17 41:15 43:22 47:23 49:22 50:18

**company**
20:14

**compatible**
11:5

**complain**

47:15

**complete**
20:19 21:7 40:6 43:5 52:10 53:15 54:7

**completely**
11:9 21:18 29:15

**complex**
13:20

**comports**
29:15

**composed**
22:1

**concern**
5:16 8:22 34:4 35:5 38:24 39:12,24 45:14,24 46:10

**concerned**
35:15 38:6 47:14 48:25 50:12

**concerns**
31:19 48:18

**conclude**
49:7,10

**concluded**
53:18

**conduct**
8:23 39:24 46:13 47:4 49:4

**conducting**
4:23

**confident**
38:9

**confirmation**
14:19 18:1

**confusing**
39:7

**considerably**
52:21

**considered**
8:13

**CONSTRUCTION**
1:7

**consummate**
31:15

**contact**
14:1



MAGNA
LEGAL SERVICES

contempt
 7:14
contest
 10:22
contravene
 38:5
control
 49:21
convened
 45:25
convenience
 4:6
convening
 4:4 5:2
conversation
 22:21 43:16
cook
 40:18
copy
 14:21
Corporation
 1:14 15:8
correct
 19:6,9,10 21:5 29:21
  31:12 35:7 44:24
could
 24:14,15 28:4 32:21
  43:8,12 44:19 48:12
  53:4
counsel
 16:15 43:16 54:10
County
 1:2,23 54:12
couple
 28:5 36:6,9 37:2
course
 15:22
courtroom
 1:23 9:18 11:1,11
courts
 6:20 9:11 53:13
Court's
 5:2 52:25
court-appointed
 10:3
court-required

13:7
coverage
 15:6,7 37:18
co-applicant
 8:14 44:21
cross-purposes
 11:13
CRR
 1:24
current
 4:10
currently
 41:16
curtain
 38:22 40:9
cut
 21:20

**D**

D
 2:4 3:1 4:2
date
 1:20 41:18 42:24
  54:5
day
 17:25 18:19 23:3
  41:7 44:20 54:12
days
 30:7 40:19
deal
 4:21 31:17 49:4
dealt
 26:22
deceased
 1:4,11 4:11
deceived
 46:3
decided
 47:7,23
decision
 49:9
decisions
 45:21 48:21
declared
 34:2
deep

31:18
defendant
 4:16 5:4 15:4,5,20,21
  21:15
defendants
 1:9,16 12:18 13:15
  15:3 16:5 20:5 40:2
defense
 12:6 17:2 33:8
definitely
 34:5
deliberately
 47:7
did
 10:4 16:18 18:9,14
  18:14,18,20,21
  19:16,16,17 23:24
  24:22 29:6 36:24
  40:10,17
didn't
 28:7 51:14
different
 15:6,11 24:19 33:3
  44:1,7
difficult
 30:19 42:22
dilemma
 52:9
dilemmas
 53:8
direct
 10:15
directed
 9:9
directing
 49:16
directly
 20:17
disagreed
 42:13
discovery
 13:2
discuss
 4:13
discussed
 35:21 51:20

discussion
 13:13
discussions
 12:7 25:25
dispersal
 27:5
disputes
 13:2,3
distribute
 23:15 31:23
distributed
 50:24
District
 4:20 5:7 25:7 36:23
  38:3 39:17 42:14,16
do
 6:1 7:23 8:18 9:6
  12:23,25 13:15,21
  25:11,15,16 26:9
  27:2,7 28:13,23
  29:3 31:1 32:5
  33:14 34:16 35:11
  35:23 38:12 43:1
  46:2 48:4,11,11,16
  49:15 52:5 53:1
  54:3
docket
 12:2,3,8,13 13:16,19
  14:2,4,22 20:21
  32:13
document
 52:2
documents
 16:6 36:18
does
 49:5
doesn't
 28:12
dog
 25:18
doing
 9:20 14:10 27:1
done
 6:5 19:8 25:1 32:23
  33:21 42:8 49:18
  51:21 52:12,20 53:4


MAGNA
LEGAL SERVICES

**don't**
6:25 7:10,10,14,23
9:11 10:7 18:19
19:13,15 25:8,18,22
26:2,5 28:13 30:15
31:8,10 33:13 34:6
34:24 37:9 38:1,16
39:6,19,23 40:18
41:8 43:7 45:23
46:20 52:25 53:2
**doors**
48:22
**down**
26:24 28:16
**dramatically**
48:10
**drawing**
52:19
**drop**
24:7
**during**
14:19

**E**

**E**
2:1,1,13 3:1,9 4:2,2
**each**
4:7,24 11:5
**earlier**
28:6 29:11 49:2
**Early**
2:9 7:5,6,6,21 10:4
16:13 18:2,18,20
19:14 25:16,22 26:1
26:9 27:16,19 28:4
29:3,21,24 30:2
35:1 40:21 47:3
**ease**
4:6
**either**
34:24
**elapsed**
16:22
**else**
10:14 21:17 24:22
26:22 34:24 35:2

37:11 49:4 52:15
**employee**
15:18
**empowered**
49:13
**end**
22:21
**ENDED**
1:22
**ENERGY**
1:7
**engaged**
12:16 49:21
**enough**
49:8
**entered**
43:14
**entering**
13:10
**enticed**
22:9
**entire**
12:3,8 13:3,15
**entities**
15:11,12,12
**entitlement**
33:3
**equipped**
35:18
**escape**
45:17
**ESQUIRE**
2:4,9,10,11,12,13,14
2:15,16
**essentially**
42:8
**establish**
48:16
**established**
49:8
**Estate**
1:4,11
**et**
1:8,15
**ethics**
5:20 52:22 53:8

**even**
6:5 22:23 24:12 39:8
47:20
**events**
30:21 54:11
**ever**
14:13 30:1 34:23
**every**
12:6,11 50:19
**everybody**
24:22 49:4
**Everything**
16:24
**exactly**
26:13 28:1 35:4
51:25
**except**
6:9 23:17 28:19 45:7
**exchange**
16:6
**exchanged**
14:20
**exchanges**
16:4
**executed**
16:9 17:4 20:4
**exercise**
53:12
**existence**
47:11
**expires**
54:17
**explaining**
35:3
**exposure**
4:8
**extend**
23:25
**extended**
8:17
**extends**
46:18
**e-mail**
14:20 18:1 34:13
**e-mailing**
34:14

**F**

**faced**
53:6
**facilitate**
16:25
**fact**
7:24 14:6 24:5 29:20
29:23
**factual**
8:3 48:13
**faith**
19:24 40:16 47:13
**fall**
52:25
**false**
40:11
**family**
7:4,4 18:3
**far**
36:25 50:11
**fault**
33:10
**February**
54:17
**feel**
5:5 6:5 38:8 49:11
**feeling**
5:22 48:2
**feels**
23:19
**fiduciary**
33:19
**field**
49:3
**FIFTH**
1:2
**fight**
25:18
**file**
30:23
**filed**
11:20 16:15 18:7
19:19 43:25,25 45:3
**filing**
4:17,18


MAGNA
LEGAL SERVICES

**fill**
41:21
**filled**
36:3
**final**
49:14
**finally**
13:4
**financial**
15:23
**firm**
16:19 18:2 20:7 29:7
**firms**
23:8
**first**
6:22 11:19 14:12
21:20 23:23 40:24
**five**
12:9
**fluid**
42:18
**focusing**
13:9
**folks**
29:16 46:19 50:2
**follows**
14:15
**for**
4:5,17,19,25 5:2,3,21
5:22 6:9,11,12,24
7:3,12,17 8:2 9:16
9:19,22 10:2,4 11:4
11:4,13,14,14,21
12:8,8,13,19 13:12
14:10 15:10,13,20
15:20 16:8,14,19
17:3,8,21 18:3,7,23
19:19 21:11,16,17
22:4 23:12 24:1,25
25:6 27:5,18,19
30:23 31:7,23,25
33:15 37:24 39:22
40:1,1,7,15 41:10
41:15 42:22 43:11
43:13,20 44:4 45:1
45:10 46:12 47:4

48:21,25 49:2,15
50:19,20 51:5,6,11
52:9,17,18 54:2,10
**forbid**
5:8
**foregoing**
54:5,7
**forgive**
43:23
**form**
43:9 47:5
**forth**
14:23 16:4,18,19
17:24 20:4 34:8
35:12
**forward**
11:8 12:14,19,22
29:19
**found**
30:9
**frame**
44:20
**frankly**
25:24 45:25 53:11
**fraud**
34:4
**fraudulent**
46:13
**French**
2:3 42:21
**friend**
29:5
**from**
4:23 5:8 6:6 7:6,9 9:3
12:5 14:1,4,21 15:6
15:25 16:10 18:2
20:8,16,16,17 23:7
23:9 24:12,13 29:1
32:9,15 37:2 39:2,7
43:15 45:14 46:3
52:18
**front**
42:10 47:9
**full**
13:12 44:12
**fully**

6:6 47:19,21 48:23
50:11
**fund**
21:22
**funded**
19:22
**funding**
16:20
**funds**
5:21 15:25 16:25
20:9 22:14,16,23
23:2,2,9,10,25
24:14 27:10 28:19
28:25 31:24 50:16
50:24
**further**
24:3 25:8 43:5 50:7
54:10
**future**
39:1

———————————
**G**
———————————
**G**
1:4 4:2
**Gallivan**
7:20 20:7,10 21:10
21:12,13 26:10,25
27:4 29:1 50:18
**Gallivan's**
27:12
**get**
17:5 21:25 22:6
24:25 27:3 31:10,17
33:5 34:17,18 35:12
37:10 39:23 40:16
52:12
**gets**
39:20
**getting**
29:18 36:18 37:24
39:3
**give**
23:19 32:20 33:1
40:6
**given**
13:25 20:19 21:6

41:19 50:2,3
**gives**
32:7 33:6 34:3 41:11
46:9
**giving**
11:6 23:9 44:12
**Glenn**
8:12 10:24 23:22
24:12 25:24 26:23
38:2 39:8,17,21
42:5,7,11,12 47:16
47:17
**Glenn's**
4:22 8:19 24:9 28:18
30:13 36:25 37:12
38:15 42:17 46:17
48:7 52:5
**go**
14:9 31:9,23 39:3
40:25
**goal**
52:3
**goes**
37:1
**going**
6:16 20:15 22:3
23:18 25:19 31:8,16
33:8 34:16,18 35:12
39:8,23 41:6 42:22
47:10
**gone**
25:13 32:22 36:22
42:1
**gonna**
21:15 22:6 24:2,7
34:17,19 37:10 46:8
**good**
4:21 6:23 7:2 19:24
40:16 47:13 52:7
**got**
5:23,23 24:21 30:10
31:18 33:15 35:11
36:3,5 41:1 44:7
47:14
**gotten**
19:25



governs
 12:1
granted
 16:16
grave
 6:13
great
 9:16 13:21 32:19
group
 5:24 12:4 13:18 44:4
   44:8

**H**

H
 1:18 3:9
had
 10:14 14:7,13,23
   15:1,5 18:16 19:8
   19:14,25 20:19,20
   21:6,8,18,20 22:9
   25:24 29:16,19 31:7
   32:22 33:4 34:2
   39:12 40:15 50:16
   51:12
hand
 26:18,19,20 34:7,8
   54:11
handed
 28:15
handmaiden
 46:12
hands
 22:24
happen
 14:7 18:14 31:8
happened
 30:22 36:13 48:14
   50:16
happening
 16:20
hard
 14:3 23:1
HARTLEY
 2:3
has
 6:2 10:14 15:10 23:6

33:23 34:4,4 35:13
35:16,22,25 36:10
38:3 41:18,24 42:1
42:7,9,13 48:13,17
48:20 51:20
Hathaway
 26:21
have
 5:4,23,23 6:5,13 7:10
   7:16,23 8:24 9:11
   10:20 11:16,17
   12:17 13:7,18 14:11
   15:2 19:4 22:22,25
   23:4,17 25:18,20
   28:7,12,19 29:16
   30:4,12,19 31:1,6,9
   31:24 32:16,17,21
   33:13,19,19 34:15
   35:14,24 36:2,16
   38:11,14,23 39:6
   41:1,4,9,10,19,20
   42:11,13 43:16,17
   45:5,5,14,23,25
   46:7 49:8,18 51:15
   52:4,10,21 53:2,4,6
   54:11
having
 8:1 45:15 47:25
   51:21
he
 7:8 18:20,21 23:22
   24:3,4 47:19
head
 30:20 39:19
hear
 10:4
heard
 23:22
hearing
 1:17 4:5,13 5:8 23:7
   29:7,12 34:12,23
   41:6 42:10,15,20
   47:2 49:7 53:18
hearings
 4:23 5:2 53:16
heart

52:18
heartburn
 32:7 33:6
heavy
 48:20
held
 5:21 11:6 21:11
   22:16 23:25
her
 19:7,24 21:18,19
   32:20,25 33:1,3,5
   33:13
here
 6:8,9,11,17 7:15,24
   8:10,19,23 9:4,9,10
   9:13 10:2,11 13:7
   14:13 19:12 26:4,24
   28:14 31:1,17 33:9
   33:11,12,22 35:2,6
   37:8 38:4 39:22
   40:17 43:12 45:10
   46:20 47:8 50:15
   53:3
hereby
 37:3 54:3
hereunto
 54:11
here's
 30:12 35:4
he's
 10:8 28:24 42:8
highly
 47:17
him
 7:9 19:23 43:8
his
 6:10 16:19 18:17
   23:24 27:22 28:21
   30:14,18 38:5
hit
 13:4
hold
 23:9
holding
 27:18,19
Hollingsworth

9:3
Honor
 6:24 7:16,19 8:9,15
   9:2,14,23 10:1
   17:22 27:9,24 28:4
   28:22 29:3 32:1
   41:4 44:6 51:1
Honorable
 1:18
Honor's
 8:20
hope
 49:4
hopeful
 38:25
hopefully
 49:7
how
 9:18 12:12 39:2
However
 5:16 8:15 19:20
huge
 45:24
hundred
 32:2 40:14
hundreds
 14:11 15:11

**I**

identify
 10:17
if
 10:16 12:23 13:22
   28:4 30:11 31:12
   33:3 34:22,25 35:11
   38:16 43:1,8 45:5
   46:11 48:3
ill-motives
 33:16
immediate
 16:21
impending
 26:11
important
 13:5
importuned



23:4
**imposed**
 5:10,12
**improper**
 34:6 45:16
**impugn**
 34:24
**Inc**
 1:8 44:17
**include**
 8:18
**including**
 25:13 37:21
**inconvenience**
 9:16,22
**indicate**
 6:9 23:6
**indicated**
 10:20
**indicates**
 48:17
**indication**
 13:23
**Individually**
 1:3,10
**individuals**
 9:8
**induce**
 33:20
**induced**
 32:12,20,25,25 40:5
   40:9 43:3,5 46:4
**inducing**
 45:19
**inferences**
 34:25
**influenced**
 45:16
**inform**
 47:8
**information**
 6:4 8:3 19:25 36:1
   39:2 41:2 46:23
   49:12,20 50:3
**informed**
 47:20,21

**initial**
 7:8 28:10 43:24 45:2
**initially**
 35:10 42:13
**initiated**
 44:18,25
**inquiries**
 16:17,21
**inquiry**
 48:13
**insurance**
 15:5,7,11 18:10
   20:14,16 21:22 23:3
   25:11 37:17,17,19
   37:24 38:21 39:3,16
   41:15 43:21 45:6,6
   49:22
**insured**
 44:10
**insurers**
 8:17 18:11,12 33:19
   39:2 42:4 44:1,5,9,9
   44:13 45:1,3,22
**intend**
 30:15
**intent**
 31:14
**intention**
 46:7 47:15
**interested**
 54:11
**interfere**
 22:23
**into**
 31:17 36:4 43:15
   44:10 45:22
**involved**
 5:3 6:20 17:16,24
   27:17 37:25 41:5
   46:6
**involvement**
 10:15
**is**
 4:4,8,13 5:16 6:1,9
   6:17 7:3 8:3 10:7,9
   10:13,24 11:9 12:12

12:20,24 13:6,6
14:6,12,14 15:4,8
15:16 16:2,2 18:14
19:12,22 20:11,13
20:18 21:11 22:13
23:10,11,14,24
24:11,16,18 26:1,17
26:18 28:10,10,18
28:25 29:4 30:20
31:11,23 32:7,25
33:11 34:5,8 35:11
35:13,19,19 36:5
37:14,18 38:6,12
39:24 40:24 41:13
41:14,16,25 42:2,7
43:3,15,19 44:3
45:24,24 46:2,9
47:14,17 48:2,3,4
48:12,16,19 49:2,9
50:12 53:14,15 54:7
**issue**
 23:5 24:8 30:8,12
   31:5,7,11 37:7
   38:10,14,23 40:14
   51:19
**issued**
 8:13 25:23
**issues**
 13:8 31:19
**it**
 7:12,12,13 10:6,9,9
   14:5 15:10 16:16
   18:19 20:23 21:14
   21:15,22,23 22:25
   23:6,20 24:2,5
   27:18,19,22 28:12
   28:17 29:4,6,6,16
   30:4,9,10,17,17
   32:7,11 34:13 36:3
   36:4,25 38:15 40:8
   41:6,7,8,11,25 42:5
   42:9,11,19,21,21
   43:19,22 44:25 46:6
   46:12 47:6,12,14
   48:2,11 49:10 51:14
   51:17,19 52:1,6,12

 53:5
**its**
 18:4 20:14 25:10
**itself**
 5:12 37:22
**it's**
 18:8 21:12,13 29:25
   30:13 33:17 35:5
   37:3 42:18,19,20,21
   44:20 46:16 51:22
   51:24
**I'd**
 35:2
**I'll**
 10:8 34:20 40:24
   51:17,25
**I'm**
 6:16 7:11,15 8:10,23
   9:8 18:25 23:18
   24:2,3 25:19 26:2,3
   26:19 28:14 31:12
   33:15 34:14,22
   35:15,25 36:20 37:8
   37:8,12 38:4,5,25
   39:10,18,22 44:12
   44:20 45:8 46:1,20
   48:8,15 49:12 51:8
**I've**
 6:3 14:7,8,9,9,12
   24:20 25:22,24
   30:14,25 31:7,18
   40:14 49:2 52:20

---

**J**

**January**
 16:12,13,16
**jcagle@mrhfmlaw...**
 2:6
**Jean**
 1:18
**Jenkins**
 1:10,11 4:7,9 7:4
   11:15 17:8,13 18:23
   19:21 21:3 24:18
   25:1 29:8 30:3,24
   31:9,18,21 32:3,6



32:10,14,19 33:23
37:5,9,11,22 38:13
39:22 40:5,23 43:2
47:6 48:2 49:11,14
**Jesse**
7:20 29:5
**JESSICA**
2:10
**job**
13:21
**John**
2:13 10:1
**Josh**
6:24 19:20 51:3
**JOSHUA**
2:4
**JR**
1:11
**judge**
4:22 8:12,19 10:24
12:23,24 18:18 20:2
22:2 23:13,22 24:9
24:12 25:22,24
26:23 28:18 30:13
31:12 32:12 34:11
36:25 37:12 38:2,15
39:8,17,21 42:5,7,9
42:11,12,17 43:9
45:8 46:15,17 47:16
47:17 48:7 49:1
51:17 52:5,13
**judges**
47:18
**judgment**
32:23
**judicial**
1:2,23 5:19 52:22
53:7
**July**
14:17 36:14
**June**
14:17 17:10,12 34:13
34:14 36:13
**jurisdiction**
48:14
**jurisdictional**

13:3
**jury**
33:2
**just**
10:6 24:22 26:3,9
27:1 28:2,5,5,15,21
29:5,5,10 30:20
35:11 36:3,5,16,17
40:1 42:3 43:10
45:5 46:15 50:9,10
51:7,20 52:24

---

**K**

**kind**
6:2 10:15 19:5 23:16
33:17 35:11 36:18
39:18 41:22 42:23
46:13 48:8 52:18
53:8
**King**
17:14 26:20 27:2
30:4 33:11
**Kin,g**
15:16
**knew**
27:6 34:2 38:9
**know**
7:11,14 18:22 19:15
22:18 25:9 31:8,10
34:6,15,21 35:13,23
38:1,16 40:18 41:8
43:1 44:12 46:23
53:5
**knowledge**
19:14 29:17,19
**knows**
8:16 10:3

---

**L**

**L**
2:12
**lack**
11:7 45:20
**Laffitte**
2:10 7:19,20 16:5,11
16:14 26:7,8,15

27:9,21,24 28:2
**large**
41:21 54:3,16
**last**
15:3 28:16 29:6
34:12,23 36:6,7,8,9
**late**
24:21 25:23
**later**
8:15 30:7,7 35:6,9
**latest**
24:12
**law**
5:25 18:2 22:18 23:8
29:7 39:15 53:13
**laws**
5:16,18
**lawyer**
9:6 26:3
**lawyers**
5:3 8:2 19:15 24:6
25:11 31:1 46:19
47:2,8,13 48:19,23
**lawyer's**
22:17
**least**
33:17 39:4 42:12
46:1 52:9
**leave**
10:8 51:25
**leaves**
24:7
**left**
15:3 21:22 26:18
34:8
**Legal**
1:25
**less**
21:25 26:22
**let**
10:18,19 11:14 18:21
34:21 37:13 43:8,19
**letter**
18:1,5 19:1
**let's**
24:24 32:3,5

**level**
49:2
**Lexington**
54:12,12
**liability**
21:7 32:15 45:7
**licensed**
15:16 38:21
**light**
4:15 49:19
**like**
5:23 6:8 9:13 24:22
30:17 34:19 43:2
50:9
**likely**
19:22
**limit**
45:7 48:12
**limits**
48:10,11
**line**
39:4 47:9
**litigant**
46:14
**litigants**
45:18 46:3 52:23
53:3
**little**
41:3,11 42:19
**LLC**
2:3
**Lloyd's-type**
44:4
**location**
1:23 54:5
**London**
8:11 43:25 44:9,13
50:17
**long**
9:13 43:24
**longer**
7:23 20:13 22:20
27:12
**longtime**
15:17
**look**



38:18,22 39:22 40:9 47:1 52:4

**looking**
36:4 37:15

**lot**
29:6 33:15

**lots**
41:11

**LTD**
1:14

---

**M**

**made**
4:24 10:8 12:16 16:1 20:18 24:3 34:11,23 39:5 40:12 47:13 48:21 54:8

**Magna**
1:25

**main**
40:14

**maintain**
12:20

**make**
5:1 9:7 10:4 28:3 46:16 48:13 51:4

**makes**
42:21

**making**
13:9

**managed**
14:9,11 15:7 44:14

**management**
26:20 44:17

**manager**
15:9

**manages**
40:1

**manner**
10:23

**Manos**
2:12 9:1,1,2,3,3,15 9:21 28:15 47:2

**many**
12:17 13:14,14

**March**

17:7,25 18:5 19:18

**Marked**
3:10

**Market**
8:11 43:25 44:9,13 50:17

**matter**
5:15 6:3 11:14 15:15 15:19 17:8 26:22 49:10,11,14 50:12 51:2,8 53:14,15

**matters**
8:6,21 11:16 13:4,11 48:20

**MAUNE**
2:3

**may**
1:20 6:20 7:13,16 18:7 19:18 20:6 25:11 30:16,17 31:9 31:12 39:8 41:23,23 43:8 54:12

**maybe**
22:4 26:9 31:13 40:24

**ma'am**
8:25 24:23 40:21 50:13

**McVEY**
2:15 40:25 41:1,3 43:7

**me**
7:1,15,17 9:9,13,22 10:18,19 11:14,16 14:1 18:9,21 23:7 24:13,14 28:15 29:12 30:8 31:11,12 32:7,8 33:6 34:3 35:5 37:13 38:8,10 39:20 42:22 43:19 45:24 46:9 47:14 52:8,19,23 54:5,6

**mean**
17:7 19:7,18 26:17 36:10

**meaning**

30:22

**means**
31:3

**meantime**
17:6

**mechanism**
15:13 35:16

**mediated**
17:13 30:25

**mediation**
11:21 13:7 14:16,19 17:21 21:9 30:22,24 32:9 35:1 38:8,8,14 39:25 40:16 45:20 46:7

**mediations**
8:5 11:22

**mediator**
13:18,24 32:9

**mediators**
13:18

**Melissa**
15:15 34:14

**members**
16:18 33:14

**memo**
32:9

**mesothelioma**
4:9

**mesothelioma-cont...**
4:12

**mind**
22:13

**minimum**
31:13

**minor**
35:11

**minute**
41:9

**mischaracterized**
46:21

**misled**
46:4 47:5,6

**misrepresentation**
31:14 38:7 40:6 45:19

**misrepresented**
34:25

**moment**
20:12 31:21

**momentarily**
31:17

**money**
20:13,15 21:10,13,13 21:16,17,22 23:15 24:8 27:2,3,18 33:5

**monies**
22:19,20 46:5

**monitor**
34:20 35:9,14,20,23 37:10 41:13,14,19 48:3

**monitoring**
36:16,19

**month**
35:8 36:7,8

**more**
5:18 11:24 38:5 50:2 51:19 53:1,16

**morning**
6:23 29:13

**motion**
17:1 30:23 49:16

**motions**
12:15,21

**motivation**
34:6 45:5,17

**Mount**
2:5

**move**
11:8 12:13,18 32:3

**moved**
42:4

**moving**
29:18

**Ms**
7:19 8:8,9 16:5,8,10 16:11,14 17:14 19:24 20:22 21:1,3 26:7,8,15,20 27:9 27:21,24 28:2 30:4 32:19 33:11 40:5,25



41:1,3 43:2,7 44:2
47:3,3 50:8,9,14,23
51:20,22,24 52:4
**much**
5:17 7:18 9:19 14:23
26:16,22 35:18
53:14
**MUDD**
2:3
**must**
5:6
**my**
5:16,22 8:18 9:4,17
11:4 12:24 20:12,20
22:13 23:13 24:10
24:16,22 25:8 29:4
29:5,7 30:20 32:11
35:19 39:19,24
43:15 46:11 47:15
48:14,15 50:3,19
51:6 52:10,18 53:5
53:10,12 54:8,11,11
54:17
**myself**
35:1,3

---
**N**

**N**
2:1 3:1 4:2
**name**
6:21
**named**
18:11
**names**
41:20
**narrowing**
13:8
**near**
39:1
**necessarily**
38:16
**need**
25:3,12 32:20
**needs**
52:15
**negative**

26:23
**negotiated**
37:20
**neither**
54:10
**never**
14:7 26:11 27:6
48:12 50:24
**new**
4:20 5:7,13 11:3 17:3
17:5 18:2,6 19:2,12
23:4 25:7,9 38:18
39:18 42:5,16
**next**
16:3 17:25
**night**
28:16
**no**
1:4,11 7:22 18:16
20:13 22:20,21 27:9
27:11 29:19 35:16
46:7 53:15,16
**nobody's**
42:24
**nondisclosure**
19:5
**none**
3:10 29:16 33:10
49:23
**non-Resolute**
8:11
**nor**
54:10
**normal**
11:23 28:1
**not**
8:14 9:6,7,22 11:10
18:11,14 20:17
21:12 22:22,22,24
23:6,24 24:3,20
26:3,18,19,25 28:13
29:7,8 30:17,17
32:16 33:9,11,16,23
34:7,17,22 36:2,20
37:8,14,23 38:4
39:10,22 40:1 41:18

41:23,24 42:3,11,25
43:6,11,12 44:19
45:8,10 46:18 47:4
47:8,15,19,20 48:11
48:22,24 49:12,15
49:16 50:2 51:8
53:10
**Notary**
54:2,16
**note**
36:25
**nothing**
10:25 29:25
**notice**
33:11
**notified**
26:11
**November**
16:9 36:15
**now**
8:8 10:13 14:9,10,10
20:11,12 23:4,11,17
27:11 29:14,15 31:7
31:20 35:6 36:17
37:11 38:6,11,23
40:8,15 41:6 42:18
47:11,25

---
**O**

**O**
4:2
**obey**
5:6
**objected**
41:9
**obligated**
46:2
**obligations**
47:22,24
**observing**
10:11
**Obviously**
45:10
**occur**
14:13
**occurred**

6:3 14:13,14,16 16:3
17:5,14 34:4,5
48:17
**October**
36:14
**off**
20:20 21:20 32:11
33:24 43:4
**office**
30:3
**officer**
9:5
**official**
54:12
**Oh**
26:13
**Okay**
37:8
**omission**
31:13 47:7
**on**
6:13,17,19 7:1 8:10
9:8 11:20 12:1,13
12:22 13:9,16 14:5
14:16,17 16:7,9,16
17:2,7,7,24 18:4,7
19:3,18,18 20:6
24:4 25:13 26:20
28:6 29:11,19 30:4
30:8,11 31:23 32:10
32:13 33:8 34:11
35:12 36:15,15,22
37:11 38:3,7 39:23
40:2,2 41:6 42:9,23
46:5 47:9,10 48:1
49:13 53:16 54:5,6
**Once**
18:20
**one**
15:6 16:2 22:22
26:17,20 29:12
34:11 35:2 36:21,24
38:13 42:2 47:17
51:13,18
**ones**
18:13



**ongoing**
41:17,25
**only**
5:22 12:18 16:2 23:6
33:23 46:18 48:4
53:10
**Oooh**
41:3
**opinion**
23:20 50:4
**or**
5:4 9:8 13:22 14:8
17:15 20:14 21:16
22:15 25:9,10,10,11
25:20 26:20,21 27:7
27:19 28:8,13 34:5
34:17 35:1 36:7,8
36:22 37:10 39:4
40:11 41:23 43:13
45:19 46:4,21 47:5
52:15 53:15 54:11
**order**
7:9 8:12,20 10:10
11:25 21:21,25
22:10 23:15 24:10
24:13,21 25:12,23
28:11,16,18,18,21
30:14,18 31:1,25
36:2,25 37:1,2,3,12
38:4,15 39:7,13,21
42:17 46:18,24 52:6
**orderly**
13:2
**orders**
4:18 10:24 11:2
13:10,10 23:5 24:12
25:2 30:14 38:5
48:7
**originally**
22:9
**other**
8:17 11:6 13:20
14:25 15:12,21,25
15:25 16:18 17:23
19:3,15 22:20 25:10
30:25 36:24 43:2

45:4,9,9 46:22
49:12
**otherwise**
32:16 40:11
**our**
10:7,9 29:11 34:12
41:20
**out**
18:5 19:2 21:16 26:9
30:9 36:3 40:8
41:21 45:6 46:6
47:8,22 51:3 52:1
**outfit**
19:17
**outline**
11:14
**over**
12:3
**own**
45:7 53:12

———————— **P** ————————

**P**
2:1,1 4:2
**packet**
35:25
**packets**
41:21
**page**
3:2 54:6
**paid**
20:21 34:17,18 35:12
37:10 39:4,23 41:15
42:24 43:6 46:5
**panel**
13:3
**paperwork**
19:7
**part**
26:4 46:4 51:13
**participate**
6:7,14 43:17
**participated**
7:13 15:18
**participating**
5:8 46:12 48:24

**particular**
13:16 15:2,15 27:16
51:15
**particularly**
5:18 11:25
**parties**
6:4 7:13 9:8 10:20
11:14 13:25,25
14:20,25,25 15:21
25:9 32:16 47:10
**party**
8:14 10:10 33:20
54:10
**patience**
52:19
**pay**
12:15
**paying**
16:25 46:7
**payment**
45:23
**PEARCE**
2:9
**PEGGY**
1:3
**pejorative**
26:19
**pending**
16:2 29:9 54:11
**people**
26:21,24 35:17 39:25
49:23
**per**
12:10
**percent**
32:2 40:14
**percentage**
50:21 51:5
**perhaps**
15:21 24:5 47:20
**perplexing**
40:23
**personal**
1:3,10 9:4
**personally**
17:15 25:25 26:1,5

**pertain**
31:20
**Peter**
2:14 7:22 30:5,8
**petition**
49:13
**piece**
34:3
**pitch**
42:19
**Pittman**
47:3
**place**
6:1,8,16,20 11:22
13:5 29:23 52:23
**placed**
7:1 35:23
**placing**
20:8
**plaintiff**
1:5,12 2:2 15:22
**plaintiffs**
4:10 6:24 12:5 15:24
23:12
**plaintiff's**
14:24
**plan**
42:25
**playing**
49:3
**PLEAS**
1:1
**Pleasant**
2:5
**point**
10:15 23:14 26:9
34:12,15 38:25 48:5
48:7 50:10
**points**
34:11
**policies**
37:19 45:6
**politeness**
6:12
**portion**
50:20


MAGNA
LEGAL SERVICES

**position**
 5:5 7:21 10:6,24 11:9
  24:11 28:10,11
**positions**
 11:7
**possibility**
 33:1
**possibly**
 46:11
**potential**
 39:15 40:6
**potentially**
 38:15
**practice**
 39:15
**preemption**
 39:15
**prefatory**
 5:1
**preliminary**
 12:16
**premise**
 38:17
**prepared**
 16:23 25:2,15
**presence**
 11:1,11 33:14
**present**
 2:8 17:17,19,20 52:8
  52:10 53:9
**presented**
 24:13
**preserved**
 10:25 11:10
**preside**
 12:3
**presumably**
 30:21
**pretrial**
 12:21 13:4
**pretty**
 14:2 37:12 44:20
**prevent**
 4:23
**previous**
 15:1 16:1

**primarily**
 16:5 31:20
**primary**
 12:24
**prior**
 30:24 49:19
**probably**
 15:8 35:17 51:11
**problem**
 26:18 40:5
**procedural**
 36:18
**procedure**
 11:24 39:9,11 41:10
  41:19 52:20
**proceed**
 10:23 49:9
**proceeded**
 13:1
**proceeding**
 12:1
**proceedings**
 3:3 5:11 6:7,14 9:12
  10:12,19 12:16
  35:15 37:4 38:16
  50:15 51:5 54:5,6,8
**proceeds**
 20:16 39:3 41:23
**process**
 14:12 35:20 36:2,16
  36:19,22 37:24 41:2
  41:24 42:1 48:4
**procure**
 22:10
**procured**
 21:8
**product**
 13:20
**professional**
 5:19 8:23 38:21 49:3
  54:2,15
**professionalism**
 9:19
**prohibit**
 39:8
**prohibiting**

 26:2 28:17
**projected**
 35:10
**projection**
 20:18
**promise**
 40:7
**propose**
 45:21
**proposed**
 16:6 25:2 31:25
**protect**
 46:2 53:10
**protected**
 52:24
**protection**
 5:21 41:12
**Protopapas**
 2:14 6:10 7:7,22 9:24
  10:2 28:9 29:12
**Protopapas's**
 10:5
**providing**
 15:13
**provisions**
 5:18
**Public**
 54:2,16
**pure**
 22:21
**pursuant**
 8:19 12:6 19:20 48:6
  52:5
**push**
 12:22
**put**
 5:4 16:25 18:13 28:3
  28:6 29:11 32:12
  33:2 42:9 44:9
  45:22 46:1,8 52:15
**p.m**
 1:21,22 53:18

_____
**Q**

**Quebec**
 42:20

**question**
 22:13 35:18 43:10
  48:1
**questions**
 7:16,25 8:24 26:4
  36:21
**quite**
 53:11

_____
**R**

**R**
 2:1 4:2
**Rahn**
 9:4
**RAICHLE**
 2:3
**raises**
 22:12
**raising**
 31:19
**rather**
 16:21
**reached**
 15:23,23
**reaching**
 23:25
**read**
 7:12 24:6,20 30:14
  38:14 39:13
**reading**
 28:21 29:4
**real**
 35:13,14,16 53:6
**realize**
 25:17
**really**
 38:11 47:10
**reason**
 5:2,22 18:16 45:9
**reasonable**
 12:19 52:2
**reasons**
 41:11
**recall**
 17:15
**recast**



MAGNA
LEGAL SERVICES

25:3
**receive**
22:3 39:1 41:23
  49:12
**received**
 14:21 15:25 18:3,20
  20:8 35:24
**receiver**
 6:11 7:8,22 10:3
  15:20 28:12
**receptive**
 51:21
**recess**
 53:15
**reciting**
 29:15
**recognition**
 4:18 22:15 46:17
**recognized**
 42:2,6,8,11
**recollection**
 30:4
**record**
 6:2,8,17,21 29:11
  46:1 48:16 49:8
  50:10 52:16 54:7
**recorded**
 54:6
**record's**
 27:10
**redo**
 51:16,17,18
**refer**
 4:6
**referring**
 28:25
**reflect**
 25:5
**reflects**
 25:13
**regard**
 5:9,20 8:24 10:22
  11:3 31:22 37:17
  40:25 51:12
**regarded**
 37:18 47:18

**regarding**
 4:8 5:11,17 10:5
**Registered**
 54:2,15
**regulations**
 5:20 39:16
**relaid**
 38:10
**related**
 8:3 54:10
**relationship**
 27:15
**release**
 16:6,7,10 17:3,6 18:3
  18:6 19:2,3,12 20:5
  22:10 24:8 32:25
  33:21,25 34:1 40:7
  45:21 51:14,14,18
**released**
 21:18 24:15
**releases**
 20:20 21:7 43:6
**relevant**
 49:20
**relief**
 43:11
**relieved**
 28:8
**rely**
 14:5
**remain**
 43:15
**remember**
 18:19
**remove**
 14:1,4,5
**removed**
 14:21
**replaced**
 16:13
**REPORTED**
 1:24
**Reporter**
 3:4 54:1,2,15
**reposed**
 20:13

**represent**
 9:6
**representation**
 14:5 45:20 46:5
**representations**
 9:7 10:5,8 40:11
**Representative**
 1:3,11
**representatives**
 25:10
**represented**
 7:7,21 15:2 21:14,15
  32:8
**representing**
 2:2 47:9
**request**
 8:20 9:17 11:4 34:20
  34:22
**requested**
 9:9
**requesting**
 36:1
**requests**
 12:7
**require**
 33:13
**required**
 11:23 33:12
**requirements**
 5:25
**reserve**
 10:21
**reserving**
 51:13
**Resolute**
 15:8,8,18 20:8 27:3,3
  31:6 39:25 44:15,16
  46:19 50:17
**resolution**
 13:24 15:19
**resolve**
 13:15,17,17 50:15
**resolved**
 13:14 14:18 29:18
  40:17
**resolves**

 13:22
**resolving**
 15:14
**respect**
 4:5,24 6:12,15 8:20
  9:10 11:2,13,19
  30:13,16,18 32:24
  38:4 39:21
**respond**
 45:23
**responding**
 9:17 43:10
**responsibilities**
 33:18 52:22
**responsibility**
 5:19 12:25 15:10
  21:19 33:20 45:18
  46:9 48:21 53:12
**responsible**
 47:4 50:20 51:6
**rest**
 6:11
**restrict**
 23:8
**restricted**
 6:6
**restriction**
 23:11
**restrictions**
 5:10 6:13,18,19,25
**resulting**
 4:9
**return**
 40:7
**revealed**
 48:23
**review**
 16:8
**Richardson**
 2:11 8:8,9,10 19:21
  19:24 47:3 50:8,9
  50:14,23 51:20,22
  51:24 52:4
**Richardson's**
 44:2
**Richland**



1:2,23
**right**
8:1 10:13 18:24
19:11,12 20:3,25
22:1,10 24:24 26:18
27:13,21 28:2 31:19
34:7 36:6 37:11
38:6,11,23 40:20,22
42:18 44:3,5,10
45:1,13 50:6 51:11
52:14,17
**rights**
10:21,21 11:1,9
**ripe**
13:12
**Robertson**
9:3
**Robinson**
2:13 9:25 10:1,2 28:6
**Robinson's**
28:10
**room**
10:14 49:23 50:2
**roster**
32:11 33:25 40:3
43:4
**RPR**
1:24
**rule**
10:20 12:22
**rules**
7:12 8:22 11:24 23:1
49:3 52:22
**ruling**
13:9 24:4 42:14 53:1
**rulings**
47:16
**run**
12:10
**running**
7:11

_____
**S**
_____
**S**
2:1 3:9 4:2
**said**

6:16 7:12 8:1 19:4
23:22 24:4,7 28:8
29:6 34:23 39:21
47:25 49:2 51:7
52:15 54:6
**SAM**
1:11
**same**
33:13 49:5 53:1
**say**
6:18 8:2 10:6 31:3
38:21 39:19 49:14
**saying**
19:25 34:7 46:20
**says**
28:17 51:1
**SC**
2:5
**scheduled**
17:8 42:15
**scrutinized**
23:1
**seal**
54:12
**second**
17:21 23:23
**see**
7:10 8:3 23:18 26:2,5
40:9 52:5
**seek**
45:17
**seeking**
37:8
**seem**
23:5
**seen**
25:23
**self-preservation**
26:10
**seminar**
30:7
**send**
16:17
**sending**
18:5 19:2
**senior**

12:23
**sense**
37:16
**sent**
16:8,10,23 18:1,5
20:5 24:9 27:2,22
41:21
**September**
16:7 36:14
**service**
13:19
**Services**
1:25
**set**
11:21 12:1,7,9,13
30:23 35:14,15,16
40:2 41:10,19,25
50:16
**settled**
5:9 14:6 15:1 29:8
30:2 32:10,16,18
**settlement**
14:19 15:2 17:13,25
19:21 20:9 21:25
22:3 27:5 28:19
31:15 33:24 37:22
49:17 50:19
**settlements**
4:14,24 8:4,5 15:25
37:21 43:14
**settling**
4:16 14:25 19:17
47:9
**seven**
12:10,11
**several**
5:3 15:6 30:21
**shape**
47:5
**share**
38:24
**she**
17:17,19,20 19:24,25
32:22,25 33:4,12,25
33:25
**sheet**

13:22
**she's**
32:24 33:15 34:19
44:7
**SHIRLEY**
1:10
**shorthand**
44:4
**shortly**
11:22 17:6 18:4 20:6
44:18
**should**
25:1
**showed**
40:15
**shy**
35:8
**sides**
13:13
**sideways**
39:20
**sign**
43:5
**signature**
16:8
**signed**
13:24 24:14 33:25
34:1
**significant**
14:2 20:11
**similar**
7:21 30:8
**simply**
10:6 48:16
**single**
15:9
**sir**
17:18 49:6 50:6
**sit**
35:6
**situation**
18:10
**sloppiest**
33:17
**slot**
32:22



**slots**
14:3
**small**
50:20
**so**
6:5,22 7:10,23 8:18
10:16 11:14 16:1
17:24 20:3 21:24
22:5,12 24:11,24
25:12,15 27:17,22
28:12,21 30:11 32:3
32:19,24 34:8 35:12
35:12 36:7,8 37:14
41:4,16,24,25 42:4
42:18,21,24 43:23
45:11,12,22 46:16
46:19 48:22 51:1,14
53:9
**solvent**
8:11
**solves**
52:9
**some**
5:1,24 10:4,15 12:17
13:20,23 15:21
18:12 19:4 20:22
21:3 25:24 26:4,10
29:22 31:18 38:25
39:2,4 40:15 44:8
45:9 48:20 49:12
53:5
**somebody**
19:16,16 34:1
**somebody's**
31:2
**someone**
38:9 47:7 48:20
**something**
14:13 21:24 31:3
34:5 36:17 38:9
51:2 52:8,11 53:2,4
**Sometime**
16:12
**sometimes**
13:15 16:20,22
**somewhat**

25:3
**Somewhere**
22:11
**sort**
13:23 40:10 43:11
**South**
1:1 5:17 8:22 9:5,11
15:17 22:19 33:9
37:4 38:18,19,20,20
39:16 48:19 54:3,12
54:16
**Southern**
36:23 38:3 39:17
**space**
33:1
**speak**
43:8 45:10 48:22
**speaking**
11:12 30:6
**specific**
24:3 37:19
**spoken**
38:3
**spot**
32:13,20
**stand**
10:17
**Standing**
11:25
**standpoint**
32:15 45:15
**stands**
41:8
**started**
41:7
**state**
1:1 5:20 13:21 15:17
38:18 54:3,16
**stated**
30:21 54:6
**statement**
10:19
**statements**
5:1
**states**
4:19 15:10 28:17

41:13 42:12 47:19
**status**
4:14 43:11 48:19
**stay**
5:11 9:13 30:16,16
37:7 42:3,8 46:18
51:1
**stayed**
7:12 8:13 10:10
28:11
**stenographically**
54:6
**step**
24:3
**still**
16:2 19:22 28:13
39:6 51:3,4
**stop**
23:7 24:25
**story**
35:13
**stripped**
7:9 28:8
**strong**
32:15 33:2
**strongly**
11:6
**stuck**
48:8
**subject**
50:25,25
**submit**
34:20 36:17
**submitting**
35:9
**subsequent**
4:16,18
**subsequently**
44:21
**substantial**
32:17
**substantive**
9:12
**substitution**
16:15
**successful**

13:8
**such**
12:4 47:2 48:4
**suddenly**
19:11,12
**suggested**
51:13
**Suite**
2:5
**sums**
32:17
**supervision**
5:24
**supply**
6:4
**support**
52:11
**supposed**
27:2
**sure**
21:21 24:3 25:4,14
34:22 39:10 44:11
44:21 46:16 49:1,25
50:22 51:8,19 52:23
**surrounding**
8:4
**sympathetic**
5:14

---

**T**

**T**
3:9
**take**
21:16 24:2 31:2 43:3
47:11
**taken**
1:20 20:20 21:20
54:5
**takes**
13:5 53:3
**talk**
51:23 52:6
**talked**
28:5
**talking**
18:25 28:16



**Tami**
 1:24 54:2,15
**tea**
 24:7
**technically**
 51:4
**Teddy**
 9:1,2
**tell**
 9:18 43:12 44:19
  45:11
**telling**
 26:18 46:22
**term**
 13:22 37:16
**terms**
 22:14 43:10
**territory**
 39:14
**than**
 21:25 22:20 35:19
  44:1 45:9 46:22
  50:3 53:1
**thank**
 7:18 8:25 9:15,16,23
  26:13,16 51:11
  53:14
**Thanks**
 52:17
**that's**
 5:22 14:2 18:24 19:3
  19:6,10 20:15,25
  21:5 23:16 24:9,10
  24:22 26:17 27:6,13
  27:21,25 30:9 31:5
  31:24 33:10,21 34:3
  35:5,7,20 37:20
  38:10,10,14,23
  39:18 40:4,14 42:23
  44:1,24 45:12 47:13
  48:7,15
**Theile**
 2:15 35:25
**their**
 5:6 10:20,22 12:7
  20:20 21:6 22:10

 28:11 33:21 43:3
 44:10 45:7,17,21
**theirself**
 21:16
**theirselves**
 10:17
**them**
 4:6 5:8 12:17 15:7
  36:6 41:21 45:19
  46:8
**themselves**
 22:25 45:11 53:9
**then**
 10:18 12:7 13:1,25
  14:21 17:5 20:4
  21:11 24:25 32:4
  33:4 37:2 42:4
  45:22
**THEODORE**
 2:12
**there**
 6:25 10:14 14:25
  17:23 18:21 21:21
  24:25 28:25 29:9
  31:11 34:25 35:19
  36:15 37:23 41:10
  41:13,18 42:10 43:1
  43:14 45:6 47:22
  48:3 53:4
**thereabouts**
 22:11
**thereafter**
 8:7 17:6 18:4 19:13
  20:6 29:13 44:19
  54:7
**Therefore**
 18:16
**thereof**
 54:11
**there's**
 4:21 34:12 35:17,20
  41:6 42:15,25
**these**
 4:7,11,14,25 5:2,9,11
  6:7,14 8:2,5,6 9:12
  10:18 11:23 12:17

 12:19 13:1,10 16:20
 16:25 20:19 23:1,2
 23:9 25:2 29:22
 30:21 37:18,21 39:2
 39:25 40:18 41:21
 44:8 45:1,25 47:8,9
 47:13,22 48:18
 49:22 52:23 53:8,11
**they**
 5:5,5 13:4,17,21
  16:22 19:4,4,22,23
  20:4,21 21:6,19,20
  22:8,19 23:2,19
  31:3,20 32:17 33:19
  33:20 40:10 41:10
  41:20,23 42:4 45:5
  45:5,11,22,23 47:3
  47:5,11 50:1 53:7
**they're**
 18:12 22:24 27:4
  36:1 45:10 46:8
**they've**
 43:3,4
**thing**
 14:3 16:3 20:12
  23:22 24:19 27:7
  35:5,9,11 36:11,24
  40:24,24 48:4 51:15
**things**
 26:17 28:3,5 29:22
  40:18 45:25
**think**
 11:5 16:24 19:14,23
  22:2 23:21,21 24:5
  25:2,12,20 27:10,25
  28:7,13,21,24 30:5
  31:11,22 34:13
  35:10 37:7,9 38:2,5
  39:23,24 40:18 46:1
  48:6,10,11 49:17
  50:14 51:10,15 52:2
  52:9
**thinking**
 45:12
**thinks**
 22:19

**third-party**
 44:14
**those**
 6:5 11:8 22:14,19,23
  23:25 24:14 27:10
  27:14 28:3 31:24
  44:8 45:17 46:6,19
  47:1,23 49:21,22,23
**though**
 22:24 31:20
**thought**
 23:17 29:10
**through**
 13:2 14:11 16:5 33:4
  39:9 45:19 48:3
**throughout**
 12:11
**time**
 1:21,22 10:11,16
  11:11 14:12 16:1,22
  17:14 18:22 23:23
  23:23 27:14 30:19
  31:21 36:11 40:15
  44:20 49:24 51:13
  51:19 52:10 53:2
  54:5,8
**timeline**
 6:2 8:16 14:14
**times**
 13:14
**title**
 7:9
**Toal**
 1:18
**today**
 6:2 9:6,18 25:13
  33:12 41:8 48:16
**together**
 12:4 52:6
**told**
 19:22,23 26:24,25,25
  27:3 33:7,7,10
  36:12,14
**Tom**
 30:3
**too**



23:17 28:5 29:3
**took**
11:21 29:23 32:11
33:24
**touch**
22:16
**transcribed**
54:7
**transcript**
23:24 24:21 54:6
**transferred**
27:4,14,17 28:20
29:1
**transparent**
50:11
**transpired**
8:6
**treatment**
33:18
**tremendous**
32:7 33:6 34:3 46:10
**Trey**
2:16 35:25
**trial**
11:21,22 12:8,13,20
14:2,3,4,22 17:9
20:21 32:11,12,20
32:21 33:1,24 37:4
40:2 43:4
**tried**
13:6 14:8 32:21
42:19
**trucking**
29:17
**true**
40:11 54:7
**truly**
48:25
**trust**
5:21 20:9 21:17
22:17 23:9,25 24:1
27:11,23 33:18
50:18 52:7
**trusts**
5:17
**truthful**

45:20
**try**
11:17 12:21,22 38:4
42:11 47:12
**trying**
4:22 26:19 33:16
39:18 48:15 52:11
53:10,11
**turn**
8:8 25:17,19 40:22
48:1 50:7
**turns**
40:8 46:6
**two**
4:5,11,14 5:9 8:2,5,6
20:19 30:7 34:11
52:1
**type**
15:12
**typed**
54:7

_____
U

**ultimate**
34:1
**ultimately**
5:13
**uncertain**
18:8
**unchartered**
39:14
**under**
8:19 10:9 42:6 48:14
48:15
**undermine**
47:12,23
**underscored**
32:8
**underscores**
45:14
**understand**
21:23 31:4 37:6,15
42:22 43:22 46:23
46:25
**understanding**
10:7,9 23:13 24:10

24:16,23 35:19
41:22
**understood**
29:16
**United**
4:19 15:10 41:13
42:12 47:19
**unpaid**
43:15
**until**
13:4 29:20 49:11
**up**
11:6 27:15 32:20
33:1 35:14,15,16
40:15,18 41:10,10
41:19,25 42:1 52:11
**updated**
20:4
**upon**
6:1,8,20 46:1 52:15
52:23
**us**
31:23 40:17 42:13
**use**
47:12
**used**
28:8
**U.S**
5:7 25:7

_____
V

**valid**
46:4
**valued**
32:13
**variety**
40:1
**various**
41:11 43:16
**verdict**
32:22 33:2
**very**
5:5,14 7:2,18 10:18
12:20 13:5 14:12
18:8 20:11 26:14,16
32:12,14 33:2,17

37:19 40:23 41:5,11
42:18,21 44:18
46:16 48:10,20
49:20 52:7,18 53:14
**video**
30:5
**view**
20:12 22:25
**violate**
30:15
**vs**
1:6,13

_____
W

**W**
2:16
**wait**
17:5
**waived**
11:10
**waives**
11:1
**WALLER**
2:10
**want**
4:25 6:1 25:11,16,20
26:9 28:22 34:24
35:13 36:24 39:19
44:11 46:16,20
52:25 53:2
**wanted**
19:4 28:2 51:7
**wanting**
35:2
**was**
10:3 11:20 14:18,20
14:23 15:7,22,23
16:3,7,10,15,19,23
16:25 17:4,8,10,13
17:15,17,19,20 18:1
18:3,5,12,19,21
19:24 20:5,15,16,21
20:23,24 21:17,21
22:4,5,8 25:23
26:11 27:1,14,15,16
29:7,7,9 30:1,4,6


MAGNA
LEGAL SERVICES

31:11 32:8,10,11,19
32:20,23 33:8,21
34:7,13,22 35:10
36:15 37:1,20 39:12
40:5 42:10 43:24,25
44:25 45:3 47:6,10
47:19,21 49:21
51:13 53:4 54:5
**wasn't**
21:15 26:25 33:7
38:9
**Watters**
1:24 54:2,15
**way**
6:18 10:25 11:8,10
12:18,19 13:2 18:10
29:15 31:23 47:5
49:15 52:20 53:12
**we**
4:6 5:23 7:21 8:13,14
8:21 10:6,7,10,11
11:12 13:7,18 22:2
22:6 23:15 24:4,9
24:25 25:8,12 29:8
30:2 31:16,17 34:17
34:17 35:23,24 36:2
36:3 37:14 38:12
39:6 40:8 41:9,19
42:13,23 43:17 49:7
49:7,9 50:24,25,25
51:3 52:5
**weeks**
12:11 30:7 36:6,9
37:2
**welcome**
24:4
**well**
7:24 10:18 13:19
23:16 25:7 31:16
34:19 36:1 37:13
40:4 42:4 45:13
49:1,6,18 51:10
**went**
16:4 19:2 20:4 29:17
**were**
8:14 14:25 16:1,21

16:22 17:23 18:11
19:23 22:2,6 24:4
26:25 27:1,19 28:25
30:5,23 31:16 33:9
34:25 36:12,13
40:12 43:14,21 44:8
44:13 45:11 47:5,6
47:22 48:21 50:1,2
50:3,15,20,24,25
54:6,7
**weren't**
26:24 27:18 33:7
**West**
2:4
**we'll**
23:18 24:8 51:23
52:6,12
**we're**
8:12 24:7 34:19 36:4
37:10 39:13,13,23
41:7
**we've**
50:23
**what**
6:1,2 8:6 11:16,17
14:14 16:19 18:9,14
18:19 19:22 21:20
22:8,13,18 23:17,22
25:1,9 27:1 28:9,22
28:24 29:14 30:19
31:2 32:7 33:7,21
34:6,16 35:13 37:20
38:5 39:11,18 40:10
41:22 42:7 43:13
45:4,11 46:1,9,23
47:10,21 48:8,10,11
48:13,15,17,18
51:12 52:1,5,21
**what's**
25:13 31:8 36:22
42:22 47:14 50:15
**wheels**
30:22
**when**
13:17 14:3 17:9
23:22 28:6 29:8,12

30:8,9 31:17 33:20
47:1,22 51:1,7 53:3
53:8
**where**
20:15 34:13,14 41:8
42:23 43:13
**whether**
13:13 23:19 25:19
28:12 53:7
**which**
5:7 8:17 11:2 12:24
14:9 17:8 20:24
23:11 32:17 33:18
37:1 46:2 50:23
**while**
37:6
**White**
7:20 20:7,10 21:10
21:12,14 26:10 27:1
27:4 29:1 50:19
**who**
6:5,9,17 7:13 10:2,14
10:20 15:16 20:19
21:18 23:9 32:19
39:25 40:9 41:14
44:9,13 45:17 49:21
**who's**
26:22
**why**
24:9 27:6 31:24
37:14,23 40:10
45:24
**widows**
4:11 20:19
**will**
7:6 9:13 20:1 26:1
39:1 40:20 46:5
49:9,13 51:21
**WILLIAM**
2:9
**Wills's**
30:3
**wind**
18:20 30:6
**winding**
27:15

**wing**
48:15
**wire**
20:8
**wish**
6:18 10:21
**with**
4:5,24,25 5:9,16,20
7:20 8:24 10:7,22
11:2,3,5,13,19
15:19,20 16:18,20
17:14 19:20 20:1
22:23 23:14 24:12
25:1,12,25 26:5,8
26:22 27:8,15 29:15
29:18 30:17,25 31:6
31:11,18,22 32:2,21
32:23 33:8,14 34:10
34:16 35:1 37:21
38:13,17,19,20,25
39:20 40:13,23
42:13 43:16 46:4
48:8,9,14 49:5,10
49:11 50:5,11,16
51:3 52:11,19,25
**withdraw**
49:16
**withholding**
49:20
**within**
19:16 26:21 36:6
44:20
**without**
11:6 41:22
**witness**
7:15,24 28:14 54:11
**word**
28:8 31:2
**work**
51:2 52:1,6
**worked**
43:17
**working**
41:14
**worried**
52:21



**would**
6:8 8:18 9:13 10:6
   15:2 16:24 19:4,22
   20:21 22:22 32:16
   33:2 37:23 45:5
   49:17 50:9 51:3,6
   51:15 52:2
**wrap**
39:19
**wrapping**
30:20
**wrong**
26:5 31:12 34:4,9
   49:18
**W-9**
16:23

---
**X**

**X**
3:1,9

---
**Y**

**Yeah**
26:15 39:10 51:22
**year**
12:6,8,12 19:8 31:7
   35:6,8 36:11
**years**
14:10
**yes**
7:19 8:9 9:2 17:22
   21:2 24:23 27:24
   29:14 32:1 40:21
   44:6 49:6 50:13
**yesterday**
8:13 24:21 25:23
   37:3 39:13 41:7
   42:20
**yet**
23:3 36:17 43:6
**York**
4:20 5:7,13 11:3 23:4
   25:7,9 38:18 39:18
   42:5,16
**you**
6:4,5,6,11,17,19,20

7:18 8:21,24,25 9:9
9:10,13,15,16,18,23
9:23 11:2 12:18
16:24 21:24 24:9
25:19,19,20,20,20
26:13,16,25 27:1,17
27:18,18,19,22
29:14,16,17 31:11
31:24 33:7 34:15,16
34:16,21 35:11 36:5
36:11,13,16 37:13
38:21,25 39:1 40:17
40:18,23 41:1 43:1
43:12,19 44:12,19
45:11 46:16,22 48:1
48:4,9 49:16 50:3
51:7,11,15 52:1,8
52:10 53:1,14
**your**
6:13,18,21,23 7:16
   7:19 8:9,15,20 9:2
   9:14,19,23 10:1,24
   10:25 11:4,6,10
   17:22 23:15 24:11
   24:15 27:9,15,24
   28:4,22 29:3 32:1
   37:17 40:2 41:4
   43:10 44:6 48:2
   49:13,17,18 51:1,11
   52:17,18,19 53:9
**you'll**
43:23
**you're**
6:7 31:19 35:12
   36:17 51:10
**you've**
30:20
**y'all**
25:17,17 27:6,6,13
   30:1 52:1,8
**y'all's**
33:10

---
**Z**

**Zoom**
17:17,19,20

---
**$**

**$11,353**
51:24
**$120,000**
20:22,23 22:3,7
**$160,000**
22:4
**$600,000**
21:4 40:8

---
**1**

**1**
54:6
**1st**
19:3
**1:40**
1:22 53:18
**10**
14:10 30:7
**11**
54:17
**12**
1:20 40:19
**12th**
19:19 34:13,14 42:16
   54:12
**12:40**
1:21
**120**
21:25 22:5
**13th**
14:17
**15**
42:6
**160**
22:8

---
**2**

**2**
41:7
**2nd**
17:10,12
**200**
2:5
**2023-CP-40-02840**
1:5

**2024**
11:21 14:17,17 16:7
   16:9
**2024-CP-40-04703**
1:12
**2025**
16:13,16 17:2,7,11
   17:12 18:5,7 19:19
   20:6 34:14
**2026**
1:20 54:12
**2029**
54:17
**21st**
17:2
**22nd**
16:16
**23**
11:20
**24th**
17:7
**25th**
17:25
**27th**
16:7
**28th**
18:4
**29th**
14:17 37:1
**29464**
2:5

---
**3**

**3**
3:3
**3B**
1:23
**30th**
20:6
**300**
2:4
**388-1330**
2:6

---
**4**

**4th**


MAGNA
LEGAL SERVICES

16:9

**5**

**54**
3:4

**6**

**6th**
18:7
**60**
12:18

**8**

**843**
2:6
**866-624-6221**
1:25

**9**

**9th**
16:13



**Exhibit C**

*Berley* Settlement Approval Order

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| | ) | |
| | ) | C/A No.: 2023-CP-40-02840 |
| PEGGY B. BERLEY, Individually | ) | |
| and as Personal Representative of the | ) | **IN RE: ASBESTOS LITIGATION** |
| Estate of BILLY G. BERLEY, deceased, | ) | **COORDINATED DOCKET** |
| | ) | |
| Plaintiff, | ) | **ORDER APPROVING WRONGFUL** |
| | ) | **DEATH AND SURVIVOR** |
| v. | ) | **SETTLEMENTS** |
| | ) | |
| AECOM ENERGY & | ) | |
| CONSTRUCTION, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court upon a filed Petition to approve a wrongful death and survival settlement filed by Peggy B. Berley, individually and as the duly appointed Personal Representative of the Estate of Billy G. Berley, asking this Court to approve a settlement with Asbestos Corporation Limited ("ACL"). Plaintiff seeks approval of a settlement with this Defendant in this case pursuant to §15-51-42, South Carolina Code of Laws of 1976, as amended.

On or about January 10, 2023, Billy G. Berley was diagnosed with malignant epithelioid mesothelioma of the peritoneum and died on March 11, 2023. Plaintiff alleges that Billy G. Berley died as a result of mesothelioma, contracted by exposure to asbestos containing materials. Plaintiff further alleges that such exposure was caused by the Defendants.

Plaintiff and ACL have entered into an agreement to settle claims for wrongful death and survival. The beneficiaries of the survival and wrongful death settlement have agreed to divide the proceeds as follows: Peggy B. Berley: 100% of the total proceeds.

ELECTRONICALLY FILED - 2026 May 20 9:48 AM - RICHLAND - COMMON PLEAS - CASE#2023CP4002840

ELECTRONICALLY FILED - 2026 May 20 9:48 AM - RICHLAND - COMMON PLEAS - CASE#2023CP4002840

A copy of the Proposed Settlement Statement and the corresponding Release were filed under seal pursuant to Rule 41.1, SCRCP. Additionally, the Court has reviewed *in camera*, the individual settlement and attorneys' fees, and finds them to be fair and reasonable.

I FIND AND CONCLUDE that the wrongful death and survival settlements between the settling parties are fair and equitable and order that the wrongful death and survival settlements between Plaintiff and this Defendant is approved. I approve the attorneys' fees and expenses and the distribution of 0% to the survival claim and 100% to the wrongful death claim. In addition, all future settlements in this case shall be approved by the Court.

I FURTHER FIND AND CONCLUDE that Plaintiff entered into a valid and enforceable settlement with ACL, executed and delivered a valid and enforceable release in favor of ACL, and that the portion of the agreed settlement amount allocated to Certain Underwriters at Lloyd's, London and Certain London Market Insurance companies ("CLMI") has been transmitted to Plaintiff's counsel, and is currently held in Plaintiff's counsel's trust account (the "*Berley* Settlement Funds"). I have also reviewed the Orders dated April 29, 2026, and May 11, 2026, of Chief Judge Glenn of the Bankruptcy Court in the Southern District of New York, and those Orders allow this Court, under the present circumstances, to order the disbursement of the *Berley* Settlement Funds. It has been further represented to me that Raymond Chabot Inc., in its capacity as the Monitor and duly appointed foreign representative of ACL, and CLMI have each provided written consent for Plaintiff's counsel to take further action to obtain approval for the disbursement of the *Berley* Settlement Funds. Plaintiff's counsel is therefore authorized and ordered to distribute the *Berley* Settlement Funds pursuant to the allocation set forth in the Petition for Approval.

I FURTHER FIND AND CONCLUDE that the release in favor of ACL executed and delivered by the Personal Representative of the Estate of Billy G. Berley is valid and enforceable

upon disbursal of the *Berley* Settlement Funds in accordance with this Order and shall be binding

upon the Personal Representative and the statutory beneficiaries.

IT IS FURTHER ORDERED that because this settlement has only been partially funded

and a balance remains from other carriers, Plaintiff is not ordered nor required to dismiss her causes

of action against ACL at this time. If and when the remainder of the settlement is funded, Plaintiff

will be required to then dismiss her causes of action as to ACL with prejudice.

**AND IT IS SO ORDERED.**

*[JUDGE'S ELECTRONIC SIGNATURE PAGE TO FOLLOW]*

ELECTRONICALLY FILED - 2026 May 20 9:48 AM - RICHLAND - COMMON PLEAS - CASE#2023CP4002840



Richland Common Pleas

**Case Caption:** Peggy B Berley , plaintiff, et al vs   Aecom Energy & Construction Inc , defendant, et al

**Case Number:** 2023CP4002840

**Type:** Order/Approval Of Settlement

So Ordered

Jean H. Toal

Electronically signed on 2026-05-20 09:35:56    page 4 of 4

ELECTRONICALLY FILED - 2026 May 20 9:48 AM - RICHLAND - COMMON PLEAS - CASE#2023CP4002840