**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| | Chapter 15 |
| Asbestos Corporation Limited,[1] | |
| | Case No. 25-10934 (LGB) |
| Debtor in a Foreign Proceeding. | |

**DECISION REGARDING FOREIGN REPRESENTATIVE'S MOTION FOR ORDER RECOGNIZING AND**
**ENFORCING THE BAR DATE ORDERS AND CLAIMS ADJUDICATION ORDERS**

Raymond Chabot, Inc., in its capacity as the court-appointed monitor ( the "Monitor") and authorized foreign representative (in such capacity, the "Foreign Representative") of Asbestos Corporation Limited ("ACL" or the "Foreign Debtor") filed a motion (the "Motion") on July 8, 2026 seeking relief under sections 105(a), 1501, 1507 and 1521 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order (a) recognizing and enforcing the Superior Court of Quebec (Commercial Division)'s (the "Canadian Court") (i) Order Establishing a Bar Date of Existing Asbestos Claims issued on January 6, 2026 (as rectified on January 7, 2026) (the "Asbestos Claims Bar Date Order"); (ii) Order Establishing a Bar Date for Existing Non-Asbestos Claims issued on December 12, 2025 (the "Non-Asbestos Claims Bar Date Order" and together with the Asbestos Claims Bar Date Order, the "Bar Date Orders"); (iii) Asbestos Claims Review and Adjudication Order issued on June 19, 2026 (the "Asbestos Claims Adjudication Order") and (iv) Non-Asbestos Claims Review and Adjudication Order issued on May 12, 2026 (the "Non-Asbestos Claims Adjudication Order" and together with the Asbestos Claims Adjudication Order, the "Claims Adjudication Orders") and (b) granting related relief [ECF No. 195]. In support of

[1] The Debtor in this chapter 15 case, along with its unique identifier, is Asbestos Corporation Limited (Canadian Federal Business Number: 104903273RC0001). The Debtor has a registered and business address in Canada of 840 Boul. Ouellet, Thetford Mines, QC G6G 7A5, Canada.

the Motion, the Foreign Representative submitted the (i) Declaration of Ayman Chaaban in Support of the Foreign Representative's Motion for Order Recognizing and Enforcing the Bar Date Orders and Claims Adjudication Orders [ECF No. 197] (the "Chaaban Declaration) and (ii) Declaration of Alain N. Tardif in Support of Foreign Representative's Motion for Order Recognizing and Enforcing the Bar Date Orders and Claims Adjudication Orders [ECF No. 196] (the "Tardif Declaration").

The Court held a status conference on the Motion on July 16, 2026, where it was determined that the Motion would go forward solely with respect to the Foreign Representative's request for recognition and enforcement of the bar date orders [ECF No. 203-1]. Accordingly, the Asbestos Parties[2] filed an objection to the Motion [ECF No. 204] (the "Objection") and a Declaration of Jeremiah Ledwidge [ECF No. 205] (the "Ledwidge Declaration") in support of the Objection. The Foreign Representative filed a reply memorandum of law [ECF No. 207] (the "Reply") and a Declaration of Evan Hollander [ECF No. 208] ("Hollander Declaration") in support of the Reply. A Joinder and Reply Memorandum in support of the Motion was filed by Certain London Market Insurers [ECF No. 209] (the "Joinder").

An evidentiary hearing was held by the Court on the bar date portion of the Motion, the recognition and enforcement of the Bar Date Orders on August 24, 2026. The Chaaban Declaration, the Tardif Declaration, the Ledwidge Declaration, the Hollander Declaration (collectively the "Declarations") and the exhibits attached to the Declarations were admitted into evidence, along with certain additional documents. The parties had the opportunity to cross-

[2] The "Asbestos Parties" are Jami Nimeroff, solely in her capacity as the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of National Services Industries, Inc. ("NSI") in connection with NSI's Chapter 7 bankruptcy case pending in the United States Court for the District of Delaware under case no. 12-12057 (MFW), along with certain individuals with personal injury claims pending against the above-captioned debtor, Asbestos Corporation Limited ("ACL"), based on disease caused by asbestos-contaminated products for which ACL is responsible (the "Asbestos Claimants"). Jami Nimeroff recently succeeded Charles M. Forman as Trustee for the bankruptcy estate of NSI on July 10, 2026.

examine the declarants. Thereafter, the Court heard oral argument on the Motion and took the matter under advisement.

The Court grants the Foreign Representative's request for recognition and enforcement of the Bar Date Orders. The Court has a number of concerns about the information provided to asbestos claimants and potential asbestos claimants located in the United States and certain procedures with respect to the claims process that it will specifically address herein so that the Canadian Court and the parties in the pending proceeding before the Canadian Court under Canada's Companies Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "CCAA Proceeding") will be made aware of this Court's concerns.

The Court is aware that the CCAA Proceeding appears to be the first CCAA proceeding that involves asbestos claimants. Canada has had several CCAA proceedings that have dealt with mass torts. It appears that in many of those proceedings, bar dates were utilized as part of the claims determination process. See ECF No. 195-1, Asbestos Claims Bar Date Order, fn 4.

In the United States, the process differs in several ways from the process outlined in the Bar Date Orders and the Claims Adjudication Orders. The Bankruptcy Code has section 524(g) which applies to asbestos cases. Many asbestos Chapter 11 cases do not have claims bar dates. That is because the claims will be dealt with by trusts which are constituted as part of a confirmed plan of reorganization where asbestos claimants vote on the proposed plan of reorganization. Many other types of mass tort Chapter 11 cases have bar dates but, the claims allowance process in those cases often takes place post-confirmation through a trust or trusts pursuant to a confirmed plan of reorganization. The Bankruptcy Code and the Bankruptcy Rules contain numerous provisions regarding bar dates and the claims allowance process in Chapter 11 cases. See §§ 501,

502, 503, 505, 506, and 507 of the Bankruptcy Code and Bankruptcy Rules 3001, 3002, 3003, 3004, 3005, 3006, 3007, 3008, 3012, 3013, and 3014.

In Canada, whether to have a claims bar date is determined on a case-by-case basis. Here, the Monitor sought approval of the Claims Bar Date Orders, including proposed proof of claim forms, from the Canadian Court. The proposed Claims Bar Date Orders and proposed proof of claim forms were provided to counsel of the Asbestos Parties a few weeks in advance of the hearing on the applications before the Canadian Court which took place on December 11, 2025. The Asbestos Parties provided comments to the Monitor concerning the Asbestos Claims Bar Date Order and the proposed proof of claim and some of their comments were incorporated in a revised Asbestos Claims Bar Date Order and revised proof of claim.

On December 11, 2025, a hearing was held before the Canadian Court on the approval of the Claims Bar Date Orders, including the proposed proof of claim forms. At the hearing, Canadian counsel for the Asbestos Parties appeared and raised the Asbestos Parties' objections with the Canadian Court. The Canadian Court considered the Asbestos Parties' objections to the Asbestos Claims Bar Date Order and took the matter under advisement. On January 6, 2026 (Rectified on January 7, 2026), the Canadian Court issued its Asbestos Claims Bar Date Order which includes explanations as to why the Canadian Court considered and denied the various objections by the Asbestos Parties to the Asbestos Claims Bar Date Order. See ECF No. 195-1, Asbestos Claims Bar Date Order at ¶¶ 10-18. The Asbestos Parties did not seek leave to appeal the Asbestos Claims Bar Date Order.

As this Court has previously noted "U.S. and Canada share the same common law traditions and fundamental principles of law. Canadian [C]ourts afford creditors a full and fair opportunity to be heard in a manner consistent with standards of U.S. due process." *In re Metcalfe*

*& Mansfield Alternative Investments*, 421 B.R. 685, 698 (Bankr. S.D.N.Y. 2010). The Court has reviewed the transcript of the December 11, 2025 hearing. Exhibit A to the Hollander Declaration. Justice Émond held a hearing at which he heard testimony from the Monitor, considered the objections of the Asbestos Parties, including their objections to the Asbestos Claims Bar Date and the proposed proof of claim, and then took the matter under advisement for a few weeks. Justice Émond then approved the Asbestos Claims Bar Date Order which includes his determinations regarding the objections made by the Asbestos Parties.

The Monitor's testimony at the December 11, 2025 hearing before the Canadian Court discussed the Monitor's process for formulating the asbestos bar date, the proof of claim form, and the publication, media and social media campaign to provide notice to asbestos claimants who had not filed litigation against ACL. The Monitor's process included the retention of Dr. Stephanie Plancich of National Economic Research Associates, Inc. who assisted with the preparation of the proof of claim form and Kroll Restructuring Administration LLC who assisted with the development of the claims filing process and the notice program designed to reach unknown existing asbestos claimants. Motion at ¶ 34.[3]

In the Objection, the Asbestos Parties object to recognition and enforcement by this Court of the Asbestos Claims Bar Date Order on several grounds.[4] The Asbestos Parties argue that the Court has a duty under section 1522(a) of the Bankruptcy Code not to grant any relief under section 1519 or section 1521 of the Bankruptcy Code unless the interests of creditors and other interested entities, including the debtor, are sufficiently protected. That is true. The Court has described sufficient protection as embodying "three basic principles: 'the just treatment of all holders of

[3] The Court notes that the Asbestos Claims Bar Date Order applies to persons who have been diagnosed with symptoms or an injury that qualifies as an Existing Asbestos Claim as of the date of the Monitor's Claims Bar Date Certificate. Future Asbestos Claims are not subject to the bar date.
[4] The Asbestos Parties do not object to recognition and enforcement of the Non-Asbestos Claims Bar Date Order.

claims against the bankruptcy estate, the protection of U.S. claimants against prejudice and inconvenience in the processing of claims in the [foreign] proceeding, and the distribution of proceeds of the [foreign] estate substantially in accordance with the order prescribed by U.S law.'" *In re Odebrecht Engenharia e Construção S.A.-Em Recuperação Jud.*, 669 B.R. 457, 474 (Bankr. S.D.N.Y. 2025).

The Asbestos Parties argue that bar dates are disfavored in asbestos Chapter 11 cases. While it is true that that bar dates are not the norm in asbestos Chapter 11 cases in the United States, in part because of section 524(g) of the Bankruptcy Code, bar dates are not unheard of in asbestos Chapter 11 cases and are not uncommon in other mass tort Chapter 11 cases. Reply at 4-5. Moreover, bar dates are frequently used in Canadian CCAA cases. While it is true that there might not have been a bar date had the Foreign Debtor filed for Chapter 11 in the United States, the Court does not believe that this matters. The Canadian Court provided an opportunity for the Asbestos Parties to be heard and carefully considered their objections to the Asbestos Claims Bar Date Order, including the proof of claim, before entering the Asbestos Claims Bar Date Order. Courts, including this Court, have recognized and enforced bar date orders and other claims process orders from insolvency proceedings pending in Canada. Motion at ¶ 64.

The Asbestos Parties argue that the proof of claim process and the bar date do not adequately protect U.S. claimants. While the Asbestos Claims Bar Date Order does not make some things clear, the Court believes that it adequately protects U.S. claimants. The Court is not making any findings with respect to the Claims Adjudication Orders and whether they adequately protect U.S. claimants.

Pursuant to the process approved in the Asbestos Claims Bar Date Order, U.S. claimants have access to the proof of claim form online. U.S. claimants may complete and submit the proof

of claim online, by email or mail. So, there is limited inconvenience since those are methods used to submit a proof of claim form in mass tort Chapter 11 cases in the United States. There is a publication, media and social media program designed to reach U.S. claimants in addition to the notice given by mail to known U.S. claimants. There is a hotline for claimants or their counsel to call with any questions about the proof of claim form. Asbestos claimants have approximately six months to complete and to submit proof of claim forms. While a longer period might be preferable, the six-month period does not seem unduly short such that it is prejudicial to the U.S. claimants.

There are aspects of the claims process that the Court does not believe have been clearly communicated to asbestos claimants and potential asbestos claimants which were mentioned at the hearing on the Motion. First, the Monitor has determined that the claims filed by asbestos claimants will be adjudicated under the laws of the Province of Quebec and Canada. It is not clear to the Court that this has been communicated to asbestos claimants and potential asbestos claimants. Also, the Monitor disclosed at the hearing that, after a proof of claim is reviewed by the Monitor and found to be deficient in any way, the Monitor will send out a deficiency notice to the claimant and provide them with a thirty-day period to cure any identified deficiencies. It would be better to have a sixty-day period to cure any identified deficiencies since notice sent through the mail from Canada can take more than a week to reach the United States. This process was not disclosed in the Asbestos Claims Bar Date Order. At the very least, it should be posted on all websites for the Monitor and for filing proofs of claim so that asbestos claimants filing proofs of claim are informed of that. Additionally, there is no information in the Asbestos Claims Bar Date Order as to who the claims officers that will be handling appeals are and how they will be determined, even though the Monitor at the hearing explained that they would be former Canadian judges approved by the Canadian Court. At the very least, this information should be posted on

all websites for the Monitor and for filing proofs of claim so that asbestos claimants filing proofs of claim are informed of that. Moreover, until the valuation matrix and claims protocol are finalized and approved by the Canadian Court and thereafter, this Court has the opportunity to determine if it will recognize and enforce the Claims Adjudication Orders, it might be prudent for the Monitor not to make determinations on asbestos claims filed by United States citizens beyond identifying deficiencies and providing notice to those asbestos claimants with the opportunity cure such deficiencies. Furthermore, it might be prudent for the Monitor, the Foreign Debtor, and the insurers to meet with the Asbestos Parties to discuss these issues and other issues that the Asbestos Parties have raised regarding the CCAA plan process[5] to see if any progress can be made between the parties in resolving matters.

The Asbestos Parties also argue that Asbestos Claims Bar Date Order is manifestly against public policy and thus, the Court should not recognize it under section 1506 of the Bankruptcy Code. The Court disagrees. The standard for granting relief under section 1506 is narrow. The Court finds that, despite the concerns raised above by the Court with respect to the claims filing and bar date process for U.S. asbestos claimants, the Asbestos Claims Bar Date Order is not manifestly against public policy of the United States. There are a few asbestos Chapter 11 cases with bar date orders and there are a number of mass tort Chapter 11 cases with bar date orders. Moreover, if Congress wanted to expressly preclude having a bar date for asbestos claimants in asbestos Chapter 11 cases, it could have done so and it did not. Canada does not have a law like section 524(g) governing asbestos claims and does not require that a trust structure be used in

[5] The Court understands the importance of U.S. asbestos claimants having a vote on their treatment, as does the Canadian Court. However, the Court does not believe that the possibility that no CCAA plan will be confirmed in the CCAA Proceeding and that payment will be made pursuant to some other mechanism is a sufficient reason for this Court to deny recognition and enforcement of the Asbestos Claims Bar Date Order. The issue of voting rights (or lack thereof) for the U.S. asbestos claimants in the CCAA Proceeding should be considered in connection with future recognition and enforcement requests made of this Court regarding orders issued by the Canadian Court which impact the treatment and recovery of the U.S. asbestos claimants in the restructuring of the Foreign Debtor.

asbestos CCAA proceedings. However, differences in the laws of the United States and Canada with respect to the treatment of asbestos claimants in restructuring proceedings does not equate to the claims filing and bar date process set forth in the Asbestos Claims Bar Date Order being manifestly against public policy of the United States.

The Court has concerns about the claims adjudication process in Canada which seems unfinished with several major issues currently unresolved. The Court considered the Asbestos Parties' request to deny recognition and enforcement of the Asbestos Claims Bar Date Order until all of the elements of the claims adjudication process are determined by the Canadian Court. The Court considered the uncertainty that delaying a decision on the recognition and enforcement of the Asbestos Claims Bar Date Order by this Court, given the September 10 bar date, might cause, including the Canadian Court's view that the CCAA Proceeding needs to progress. The Court also considered the objections of the Asbestos Parties as to the insufficiency of time, the insufficiency of information provided by the Monitor on the website and in the data room[6], the incomplete status of the claims adjudication process and interplay of the claims filing and bar date process with the claims adjudication process. However, the Court determined that, on balance, it is appropriate to rule now on the request for recognition and enforcement of the Asbestos Claims Bar Date Order.

Having determined that the interests of the creditors and other interested parties, including the debtor, are sufficiently protected in connection with the Asbestos Claims Bar Date Order, the Court finds that, under section 1521(a)(7) of the Bankruptcy Code, it is appropriate to recognize

[6] As discussed at the hearing on the Motion, the Court considered the timing of the provision of the information by the Monitor which was delayed for several months due to litigation involving the Monitor and the Asbestos Parties but, based on the Monitor's testimony, determined that neither side was blameless for the delay in the Asbestos Parties' access to the information in the data room. The Asbestos Parties also argued that the information provided by the Monitor in the data room is insufficient to prepare proofs of claim by the bar date. The Canadian Court has an application pending before it for an extension of the asbestos bar date and to require additional discovery requested by the Asbestos Parties. Since these issues are currently the subject of an application pending before the Canadian Court, this Court will not address them in this decision.

and enforce the Asbestos Claims Bar Date Order. Approval of a bar date and claims filing procedures is relief available to a trustee under the Bankruptcy Code and the Bankruptcy Rules, even in asbestos cases. For the reasons set forth above, the Court also finds that recognition and enforcement of the Asbestos Claims Bar Date Order is consistent with the principles of comity and section 1507(b) of the Bankruptcy Code.

For all of the foregoing reasons, the Court **GRANTS** the relief requested in the Motion as to the recognition and enforcement of the Claims Bar Date Orders, pursuant sections 105(a), 1501, 1507, 1521, and 1522 of the Bankruptcy Code. The Court makes no determination at this time with respect to the remaining relief requested in the Motion with respect to the Claims Adjudication Orders. The Foreign Representative shall submit an order to the Court for entry with respect to the portion of the Motion addressed in this decision.

Dated: New York, New York
September 3, 2026

***/s/ Lisa G. Beckerman***
**The Honorable Lisa G. Beckerman**
**United States Bankruptcy Judge**